D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Movant,
LEGAL SERVICE BUREAU, INC.
dba GLOBAL FUGITIVE RECOVERY

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>ORANGE COUNTY BAIL BONDS, INC.,<br><br>        Debtor and Debtor-In-Possession. | Case No. 8:19-bk-12411-ES<br><br>Chapter 11<br><br>MOTION TO (1) DISMISS DEBTOR'S CHAPTER 11 BANKRUPTCY OR, IN THE ALTERNATIVE, TO CONVERT CASE TO CHAPTER 7; AND (2) OBJECTION TO AMENDED PETITION ELECTING SUBCHAPTER V; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF DAN ESCAMILLA AND D. EDWARD HAYS IN SUPPORT<br><br>Date: May 7, 2020<br>Time: 10:30 a.m.<br>Ctrm:  5A<br>Address: 411 W. Fourth St.<br>Santa Ana, CA 92701 |

/ / /

/ / /

# TABLE OF CONTENTS

1. **Summary of Argument** ...................................................................................................2

2. **Statement of Facts** .......................................................................................................3

    **A.**    Contract Between Global and Debtor Which Resulted in a Judgment Against Debtor. ........................................................................................................3

    **B.**    State Court Breach of Contract Lawsuit Initiated by Global Against Debtor ..............4

    **C.**    State Court Appeal filed by Debtor. .........................................................................5

    **D.**    Creditor's Suit Initiated by Global Against the Principals of Debtor.........................5

    **E.**    Debtor's Commencement of its Chapter 11 Bankruptcy Case ....................................6

    **F.**    Debtor's Continuing Operation as a California Bail Bond Agency Given the Impending Bail Reform in This State ......................................................................7

3. **Legal Argument** ..........................................................................................................8

    **A.**    A Debtor's Chapter 11 Case May Be Dismissed For Cause ......................................8

        **i.**    Filed In Bad Faith, Debtor's Chapter 11 Case is A Concerted Delay Tactic to Forestall Collection Efforts By Global And Not For Any Legitimate Reorganization Purpose .................................................10

    **B.**    There is a "…Continuing Loss to or Diminution of the Estate and the Absence Of A Reasonable Likelihood Of Rehabilitation," Establishing Cause for Dismissal under § 1112(b)(4)(A) ........................................................................15

        **i.**    Substantial and Continuing Loss to or Diminution of the Estate is Established by the Extraordinary Drop in Debtor's Gross Revenue From 2017 to 2019.......................................................................15

        **ii.**    Given the Impending Bail Reform in California Through SB-10, Which Became Law in August of 2019 and Which Will Likely Be Implemented After the November 2020 Election, Debtor Cannot Prove A Reasonable Likelihood of Rehabilitation....................................................18

    **C.**    Debtor's Election to Proceed Under Subchapter V is Evidence of Bad Faith............19

    **D.**    The Proof is the Plan – Which on its Face was Unfeasible ........................................21

    **E.**    Court Must Determine Between Dismissal, Conversion, or the Appointment of a Trustee ........................................................................................................23

4. **Conclusion** ...............................................................................................................23

Declaration of D. Edward Hays ..............................................................................................25

MOTION TO DISMISS CHAPTER 11 CASE

4816-5632-4535, v. 1

1  Declaration of Dan Escamilla ............................................................................28

## TABLE OF AUTHORITIES

**Cases**

*3685 San Fernando Lenders, LLC v. Cross Equities, LLC (In re USA Commercial Mortg.,* Co.),

452 Fed. Appx. 715, 724 (9th Cir. 2011) ..................................................... 16

*Bank of America Nat' l Tr. & Sav. Ass' n v. 203 N. LaSalle St. P' ship,*

526 U.S. 434, 435 (1999) ....................................................................... 10

*Chinichian v. Campalongo (In re Chinichian),*

784 F.2d 1440, 1445 (9th Cir. 1986) ......................................................... 11

*Grant v. Superior Court,*

225 Cal.App.3d 929, 934, (1990) ............................................................. 12

*Hassen Imports P'ship v. City of W. Covina (In re Hassen Imports P'ship),*

2013 Bankr. LEXIS 3870, at *13 (9th Cir. BAP 2013) ......................... 16, 18

*In re Arnold,*

806 F.2d 937, 939 (9th Cir. 1986) ............................................................. 9

*In re Boynton,*

184 B.R. 580, 583 (Bankr. S.D. Cal. 1995)......................................... 10, 17

*In re Can-Alta Properties, Ltd.,*

87 B.R. 89, 91 (B.A.P. 9th Cir. 1988) ...................................................... 10

*In re Creekside Senior Apartments,*

489 B.R. at 61 ......................................................................................... 18

*In re Great American Pyramid Joint Venture,*

144 B.R. at 791 ....................................................................................... 19

*In re Marsch,* 36 F.3d 825 (9th Cir. 1994).................................................... 11

*In re Powers,*

135 B.R. 980, 997 (Bankr. C.D. Cal. 1991) .............................................. 9

*In re Silberkraus,*

253 BR 890, 905-906 (Bankr. C.D. Cal. 2000) .......................................... 11

MOTION TO DISMISS CHAPTER 11 CASE

*In re St. Paul Self Storage Ltd. Partn.*,

    185 B.R. 580, 583 (9th Cir. BAP 1995) ................................................................. 12

*In re Walter*,

    108 B.R. 244, 247 (Bankr. C.D. Cal. 1989) ......................................................... 9, 11

*Leavitt v. Soto (In re Leavitt)*,

    209 B.R. 935, 940 (B.A.P. 9th Cir. 1997) ........................................................... 9, 11

*Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In re Little Creek Dev. Co.)*,

    779 F.2d 1068, 1073 (5th Cir. 1986) ...................................................................... 10

*Marsch v. Marsch (In re Marsch)*,

    36 F.3d 825 (9th Cir. 1994) ................................................................................. 9, 10

*Matter of Little Creek Development Co.*,

    779 F.2d 1068, 1073 (5th Cir. 1986) ...................................................................... 10

*Shulkin Hutton*,

    552 F.3d at 960-61 ................................................................................................. 23

*Silberkraus*,

    253 B.R. 890 (Bankr. C.D. Cal. 2000) .................................................................. 11

*Stage I Land Co. v. U.S. Dept. of H.U.D.*,

    71 B.R. 225, 231 (D. Minn. 1986) ........................................................................ 19

*Sullivan v. Harnisch (In re Sullivan)*,

    522 B.R. 604, 614 (9th Cir. BAP 2014) .................................................................. 9

*Superior Siding & Window*,

    14 F.3d at 242 ........................................................................................................ 23

**Statutes**

11 U.S.C. § 101 ............................................................................................................. 5

11 U.S.C. § 301(b) ...................................................................................................... 20

11 U.S.C. §361 ............................................................................................................ 10

11 U.S.C. §362(d) ......................................................................................................... 9

11 U.S.C. §362(d)(1) ................................................................................................... 10

MOTION TO DISMISS CHAPTER 11 CASE

11 U.S.C. §363(e) ................................................................................................................. 10

11 U.S.C. §364(d)(1) ............................................................................................................ 10

11 U.S.C. § 1112(b) ................................................................................................ 8, 9, 10, 14

11 U.S.C. § 1112(b)(4) ................................................................................................... 9, 15

11 U.S.C. § 1112(b)(4)(A) ........................................................................... 9, 15, 18, 20

11 U.S.C. § 1112(b)(4)(J) .................................................................................................. 21

11 U.S.C. §§ 1181-1195 ..................................................................................................... 20

11 U.S.C. § 1188(a), (c) ...................................................................................................... 21

CA Pen. Code 1192.7(c) ..................................................................................................... 18

CA Pen. Code 667.5(c) ........................................................................................................ 18

Cal. Code Civ. Proc. § 917.1 ............................................................................................. 12

California Senate Bill 10 - Sen. Bill No. 10, approved by Governor, Aug. 28, 2018 (2018 Reg. Sess.)
ch. 244, § 3. ............................................................................................... 7, 8, 22, 31

**Other Authorities**

7 Collier on Bankruptcy ¶ 1112.04 [6] [a] [i] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.
2012) ............................................................................................................................. 16

7 Collier on Bankruptcy P 1112.04 (16th 2020) .............................................................. 15

H. Rep. 595, 95th Cong., 1st Sess. 406 (1977) ................................................................. 9

Pub. L. No. 116-54, § 5, 133 Stat. 1079 (2019) ................................................................ 20

Small Business Reorganization Act of 2019 ("SBRA"). Pub. L. No. 116-54, 133 Stat. 1079 (2019) 20

**Rules**

FRBP 1020 ........................................................................................................................... 20

MOTION TO DISMISS CHAPTER 11 CASE

4816-5632-4535, v. 1

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY COURT**

**JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED**

**PARTIES:**

Legal Service Bureau, Inc., dba Global Fugitive Recovery ("Global"), a judgment creditor of Orange County Bail Bonds ("Debtor"), the debtor in possession in the above-captioned, Chapter 11 bankruptcy case, hereby files this motion for the entry of an order dismissing the Debtor's bankruptcy case. In support, Global respectfully represents as follows:

## 1.    Summary of Argument

Bankruptcy cases filed in an attempt to gain an advantage in a two-party dispute are subject to dismissal for having been filed in bad faith. Moreover, a case may be dismissed because of substantial or continuing loss or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. Here, Debtor operates a bail bonds business with a single judgment creditor, Global, making up over 95% of the creditor body. Debtor scheduled a combined $10,371.84 in unsecured claims owed to non-insider creditors which are undisputed or unrelated to claims of Global. By the bar date, such claims totaled only approximately $20,000.

In the more than nine months that this case has been pending, Debtor has operated at a significant loss. Specifically, ***Debtor currently only has $40,000 of cash but has incurred unpaid administrative claims exceeding $360,000***. Such administrative claims, if allowed, will consume the value of Debtor's assets that should be getting used to fund distributions to creditors. Such gross diminution in value of the Estate mandates dismissal or conversion. Debtor cannot continue to spend the value of the Estate's assets for the primary benefit of its principals.

Debtor's case involves a classic two-party dispute between the Debtor, on the one hand, and it contract service provider, Global, on the other hand, and is a case that simply does not belong in Chapter 11 bankruptcy. This court must decide whether to allow the Debtor's principals— Mr. and Mrs. Miller—to continue leveraging their positions as Debtor's insiders for their own personal gain and at the expense of Global or, alternatively, to end the gamesmanship by either dismissing this chapter 11 case or converting it to chapter 7.

/ / /

4816-5632-4535, v. 1

## 2.    Statement of Facts

### A.    Contract Between Global and Debtor Which Resulted in a Judgment Against Debtor.

Debtor is a bail bond company. Debtor's 95% creditor is Legal Service Bureau Inc. dba Global Fugitive Recovery ("Global"). Global is a bail fugitive recovery business that contracts with licensed bail bond companies to effectuate the capture and arrest of fugitives who forfeit bail and flee. *See*, Declaration of Dan Escamilla ("Escamilla Dec."), ¶4.

On August 26, 2014, Global and Debtor, acting under signature of Bail Agent Leslie Anne Miler DOI License #1841035, entered into an Agreement for Services ("Agreement") to return a bail fugitive, out on a $1 million bail bond, into custody so that Debtor and its bail surety would not have to pay the forfeited bond to the California Superior Court. *Id.*, ¶5.

At the time of the contract execution, Debtor's manager, Robert Miller, represented to Global's president, Dan Escamilla, that Debtor held adequate collateral through a trust deed recorded on the home of Parwin Saddozai and through several other Orange County properties, to pay Global's fee under the Agreement, which was potentially as high as 50% of the bail bond, or $500,000.00. In issuing the $1 million bail bond, Debtor was acting as a bail agent for its surety, American Contractors Indemnity Company ("American") *Id.*, ¶6.

Global, through the personal efforts of its principal Dan Escamilla, located the bail fugitive in the Philippines and, in collaboration with the U.S. Marshal Service, successfully returned the fugitive to the United States, resulting in successful performance of the Agreement, *Id.*, ¶7.  The Agreement was successfully completed on January 28, 2015, when the fugitive was returned to the United States and delivered to the custody of the San Bernardino County Sheriff's Department. *Id.*, ¶7.

On February 1, 2015, Global invoiced Debtor $300,000 pursuant to the terms of the Contract. Despite successfully orchestrating the capture of the fugitive pursuant to the Agreement, Debtor failed to pay Global for its services. *Id., ¶8.

When the indemnitor of the bail bond, Parwin Saddozai, ("Ms. Saddozai") the mother of the fugitive, learned of her son's capture, she immediately ceased all payments under a bail contract to

Debtor. In turn, Debtor breached its separate contract with Global to pay for its fugitive recovery services. *Id*., ¶9.

### B.     State Court Breach of Contract Lawsuit Initiated by Global Against Debtor

On April 12, 2017, after over two years of unsuccessful collection efforts which never even resulted in Debtor making nominal payments, Global filed suit against Debtor in the Superior Court for the State of California, County of Orange. *Id*., ¶10.

A short time later, this action was consolidated with another lawsuit brought against Debtor by the fugitive's mother and bail bond indemnitor, Ms. Saddozai, who had sued Debtor in an attempt to extinguish the lien on her home and escape liability to Debtor for monies owed under the bail bond agreement, including Global's bill for fugitive recovery services under the Agreement. *Id*., ¶11.

Although the two cases were consolidated, separate verdicts were ultimately issued because the contract for services between Global and Debtor were separate and independent from the bail bond agreement between Debtor and Ms. Saddozai. *Id*., ¶12.

On October 31, 2018, a judgment issued in favor of Global and against Debtor in the amount of $327,750.00 with costs and interest to be determined by motion ("Judgment"). A true and correct copy of the Judgment is attached to the Escamilla Dec. as Exhibit "1."

On July 18, 2018, prejudgment interest was awarded by Minute Order in the amount of $118,163.64 ("2018 Minute Order"). A true and correct copy of the 2018 Minute Order is attached to the Escamilla Dec. as Exhibit "2."

On March 19, 2019, attorney's fees and costs were added to the prior prejudgment interest and awarded in favor of Global and against Debtor in the amount of $185,381.08. ("2019 Minute Order"). A true and correct copy of the 2019 Minute Order is attached to the Escamilla Dec. as Exhibit "3." The total judgment against Debtor, held by Global, as of the Petition Date is $545,879.25. A true and correct copy of the claims register in Bankruptcy Case No.9:19-bk-12411-ES, wherein Global's claim is noted as Claim No. 6, is attached to the Hays Dec. as Exhibit "14."

/ / /

MOTION TO DISMISS CHAPTER 11 CASE

4816-5632-4535, v. 1

## C.    State Court Appeal filed by Debtor.

On December 24, 2018, Debtor filed an appeal of Global's judgment. Debtor failed to post any bond to obtain a stay of execution pending its appeal ("State Court Appeal"). *Id.*, ¶17.

On December 28, 2018, Ms. Saddozai, in the case styled as *Saddozai v. Orange County Bail Bonds*, filed a cross-appeal of the judgment against Ms. Saddozai. Subsequently, on April 2, 2019, the cross appeal was dismissed, and a partial remittitur issued as to Ms. Saddozai's appeal. A true and correct copies of the Dismissal of Parwin Saddozai and Partial Remittitur as to Parwin Saddozai are attached to the Escamilla Dec. as Exhibits "4" and "5."

On April 17, 2019, Ms. Saddozai filed a voluntary petition for relief under Chapter 13 of 11 U.S.C. § 101 *et seq.* Hays Declaration, ¶10 . Notwithstanding the dismissal of Ms. Saddozai from the State Court appeal five (5) days later on April 22, 2019, Debtor's counsel sought and obtained a stay of Debtor's appeal proceedings based on Ms. Saddozai's bankruptcy and has continued to keep this stay in place by filing status reports with the State Court as to Ms. Saddozai's bankruptcy case, with the most recent status report having been filed on March 20, 2020. True and correct copies of the appellate docket for case no. G047149 and the 4/22/2020 notice of stay of proceedings filed by Debtor's counsel are attached to the Escamilla Dec. as Exhibit "6" and "7."

Apparently unaware that Ms. Saddozai is no longer a party to the action, the Court of Appeal granted the stay request and based on subsequent status reports by Debtor's counsel as to Ms. Saddozai's bankruptcy has allowed the stay to remain in place. *See*, Escamilla Dec. Ex. 6; *see also* True and correct copies of the notices of status of bankruptcy filed on November 26, 2019 and March 20, 2020, are attached to the Escamilla Dec. as Exhibit "8" and "9."

## D.    Creditor's Suit Initiated by Global Against the Principals of Debtor

On April 23, 2019, Global filed a Complaint for Creditor's Suit/Creditor's Bill in Equity in Aid of Enforcement of Judgment [Declaratory Relief Re: Imposition of Alter Ego Liability] against Debtor's principals, Leslie Anne Miller and Robert L. Miller, seeking to establish alter ego liability for the judgment against Debtor's principals ("Creditor Suit"). A true and correct copy of the docket for the Creditor Suit is attached to the Escamilla Dec. as Exhibit "10."

MOTION TO DISMISS CHAPTER 11 CASE

On May 28, 2019, an Answer to Complaint was filed by Robert L. Miller and Leslie Anne Miller in this Creditor Suit. *Id.*, ¶22.

On September 18, 2019, a Notice of Removal to the bankruptcy court was filed by Debtor in the Creditor's Suit. *Id.*, ¶11; *see also* Adversary Case No. 8:19-ap-01187 ("Adversary"), a true and correct copy of the Adversary docket is attached to the Hays Dec. as Exhibit "11."

On November 27, 2019 this Court granted Global's Motion for Order Remanding Adversary Proceeding Back to State Court. Hays Dec., Ex. 11, Dk. No 26.

## E.    Debtor's Commencement of its Chapter 11 Bankruptcy Case

On June 21, 2019, Debtor filed a voluntary petition for relief under Chapter 11 of 11 U.S.C. § 101 *et seq.* Debtor's stated goal for the chapter 11 case was "[f]oreclos[ing] upon the Saddozai Residence so it may continue with the operation of its business without the fees and costs attendant to litigation" A true and correct copy of the Bankruptcy Case Docket is attached to the Hays Dec. as Exhibit "12"; *See*, Dk. No. 40, Chapter 11 Status Report, ¶ B2. By filing the Chapter 11 case, Debtor implies, it is solvent, but Debtor claims "[it] does not have the funds to pay [Global] the $511,381.08 total judgment without foreclosing on the Saddozai Residence." *Id.*, at ¶ 3:10.

On December 20, 2019, as Dk. No. 82, Debtor filed its disclosure statement describing its chapter 11 plan of reorganization ("Disclosure Statement" or "DS").

On December 20, 2019, as Dk. No. 83, Debtor filed its Chapter 11 Plan of Reorganization ("Plan").

The Plan was unconfirmable on its face because it improperly attempted to Gerrymander Global into a separate class. Additionally, the Disclosure Statement failed to provide any information regarding changes to California law that ends the bail industry in California and likely will put Debtor out of business unless a referendum in November 2020, successfully repeals the law ending bail that has already been passed but has been stayed pending the results of the referendum.

On February 19, 2020, Subchapter V to the Bankruptcy Code by the Small Business Reorganization Act of 2019 ("SBRA") became effective. Pub. L. No. 116-54, 133 Stat. 1079 (2019).

Knowing that it could not confirm a plan over Global's objections and after Global had stated its intention to file a competing plan, Debtor filed an Amended Petition ("Amended Petition") on

4816-5632-4535, v. 1

March 3, 2020. *See*, Hays Dec. Ex. 12, Dk. No. 99. Through the Amended Petition, the Debtor states that it is a "small business debtor" and elects to proceed under "Subchapter V" of Chapter 11. This amended petition was filed nearly nine (9) months after this case has been languishing.

Debtor's Statement of Financial Affairs[1] shows that its "gross revenue from business" has been on a very steep decline:

Calendar year of 2017        $660,649.88

Calendar year of 2018        $188,116.17

1/1/19 through 7/19/19       $34,500.00

At the time of the filing of the SOFA, in July 2019, Debtor was on track to realize annual gross revenues from its business in 2019 of less than $55,200.00.

A review of the pleadings in this case, reveals in fact that Debtor realized net revenue in 2019 of approximately $27,000. *See*, Hays Dec. Ex. 12, Dk. No. 86 operating report for the period ending on December 31, 2019. Moreover, the most recently filed monthly operating report, shows that from 1/1/2020 to 1/31/2020 the net revenue from the business was approximately $13,000. *See*, Hays Dec. Ex. 12, Dk. No. 93 operating report for the period ending on January 31, 2020 ("Operating Report").

According to this recent Operating Report, Debtor has made only approximately $40,000 during the pendency of this case and it only has this much money because it hasn't paid all of its expenses. In other words, Debtor's case is operationally insolvent and the value of its assets are being diminished with no proper purpose for the existence of this bankruptcy.

## F.    Debtor's Continuing Operation as a California Bail Bond Agency Given the Impending Bail Reform in This State

As admitted by Debtor's principal during his 341a testimony, the bail bond industry is undergoing massive changes and may become obsolete due changes to California law that have already occurred. *See*, Escamilla Dec., ¶24. Specifically, California Senate Bill 10 ("SB10")[2] has been signed into law, changing California's pretrial release system from a money-based system to a risk-based release and detention system. *Id*. In short, SB10 will assume that a person can be released

---

[1] *See*, Dk. No. 29, pp. 4 ("SOFA").
[2] Sen. Bill No. 10, approved by Governor, Aug. 28, 2018 (2018 Reg. Sess.) ch. 244, § 3.

MOTION TO DISMISS CHAPTER 11 CASE

4816-5632-4535, v. 1

1  on his or her own recognizance or supervised own recognizance with the least restrictive

2  nonmonetary condition or combination of conditions that will reasonably assure public safety and

3  the defendant's return to court. Although SB10 has been signed into law by the Governor, the law

4  has been stayed, pending a referendum that is to be put to vote in November 2020, which may repeal

5  SB10.[3] Nonetheless, the current state of the law is that SB10 has passed. A true and correct copy of

6  an SB10 summary posted by the California Court system is attached as Exhibit "13," to the

7  Escamilla Dec.

8        In other words, if SB10 is not repealed by the referendum, people charged with crimes will

9  not need to post bail unless their release poses a specific risk to the public. Escamilla Dec., ¶24.

10  Simply stated, unless this bill is overturned by the voters through a referendum set for a vote in the

11  November 2020 election, *SB-10[4] eliminates the money bail system in California and will force*

12  *Debtor out of business after the November 2020 election.* Given the support of bail reform

13  advocates such as California Supreme Court Chief Justice Tani Cantil-Sakauye,[5] it is unlikely that

14  the November 2020 referendum will succeed in nullifying the law that ends bail.

15  **3.**    **Legal Argument**

16      **A.**    **A Debtor's Chapter 11 Case May Be Dismissed For Cause**

17      Section 1112(b) of the Bankruptcy Code provides:

18      "on request of a party in interest, and after notice and a hearing, the ***court shall***

19      ***convert*** a case under this chapter to a case under chapter 7 [11 USCS §§ 701 et seq.]

20      ***or dismiss*** a case under this chapter [11 USCS §§ 1101 et seq.], ***whichever is in the***

21      ***best interests of creditors and the estate***, *for cause* ….

22  11 U.S.C.S. § 1112.

23  / / /

24

25

26  [3] See https://www.sos.ca.gov/elections/ballot-measures/qualified-ballot-measures/ as of February 06, 2020.

27  [4] https://leginfo.legislature.ca.gov/faces/billTextClient.xhtml?bill_id=201720180SB10

[5] California Supreme Court Chief Justice Tani Cantil-Sakauye has been a public advocate of bail

28  reform and was a major behind-the-scenes figure in SB10's last-minute revision giving judges more authority to decide who goes free and who stays in jail while awaiting trial.
https://calmatters.org/commentary/war-over-bail-bonds-has-only-just-begun/

MOTION TO DISMISS CHAPTER 11 CASE

4816-5632-4535, v. 1

1    A movant seeking relief under 11 U.S.C.S. § 1112(b) bears the initial burden of proving by a

2  preponderance of the evidence that "cause" exists. *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R.

3  604, 614 (9th Cir. BAP 2014). Thereafter, a "[d]ebtor bears the burden of proving that the petition

4  was filed in good faith." *Leavitt v. Soto (In re Leavitt)*, 209 B.R. 935, 940 (B.A.P. 9th Cir. 1997)

5  (citing *In re Powers*, 135 B.R. 980, 997 (Bankr. C.D. Cal. 1991)).

6    Section 1112(b)(4) contains a non-exhaustive list what could constitute "cause," including

7  "substantial or continuing loss to or diminution of the estate and the absence of a reasonable

8  likelihood of rehabilitation." 11 U.S.C. §1112(b)(4)(A). Although lack of good faith is not expressly

9  mentioned in Section 1112(b) of the Bankruptcy Code as "cause" for dismissal, it has been

10  incorporated into the Bankruptcy Code by judicial interpretation. *See, Marsch v. Marsch (In re*

11  *Marsch)*, 36 F.3d 825 (9th Cir. 1994). In fact, Section 1112(b) affords courts broad discretion in

12  deciding whether cause exists and does not define what constitutes "cause" warranting dismissal.

13    As set forth in the legislative history of Section 1112, "[t]he court will be able to consider

14  other factors as they arise, and to use its equitable powers to reach an appropriate result in individual

15  cases." H. Rep. 595, 95th Cong., 1st Sess. 406 (1977). "The test is whether a debtor is attempting to

16  unreasonably deter and harass creditors or attempting to effect a speedy, efficient reorganization on a

17  feasible basis." *In re Arnold*, 806 F.2d 937, 939 (9th Cir. 1986). Thus, Ninth Circuit law establishes

18  that "lack of 'good faith,' or existence of 'bad faith,' in commencing or prosecuting a bankruptcy

19  case, constitutes 'cause' for dismissing the bankruptcy case pursuant to). *In re Walter*, 108 B.R. 244,

20  247 (Bankr. C.D. Cal. 1989).

21    The Fifth Circuit has identified several factors which would assist a court in determining

22  whether a case has been commenced in "good faith," including, without limitation: (1) the debtor has

23  one asset; (2) there are generally no employees except for the principals; (3) there is little or no cash

24  flow; (4) there are no available sources of income to sustain a plan of reorganization; (5) there are

25  few, if any, unsecured creditors whose claims are relatively small; (6) **t**he debtor and one creditor

26  have proceeded to a stand-still in state court litigation, and the debtor has lost or has been required to

27  post a bond which it cannot afford; and (7) there are allegations of wrongdoing by the debtor. *Little*

28  *Creek Dev. Co. v. Commonwealth Mortgage Corp. (In re Little Creek Dev. Co.)*, 779 F.2d 1068,

4816-5632-4535, v. 1

1073 (5th Cir. 1986). The Ninth Circuit Court of Appeals has adopted the *Little Creek* factors. *Marsch v. Marsch (In re Marsch)*, 36 F.3d 825, 828 (9th Cir. 1994). As one bankruptcy court in the Ninth Circuit has stated, "the established rule is that the **determination of good faith depends upon the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives, and local financial realities**." *In re Boynton*, 184 B.R. 580, 583 (Bankr. S.D. Cal. 1995) (granting dismissal motion where debtor was not a "viable company that provides jobs as an operating business.").

> **i.    Filed In Bad Faith, Debtor's Chapter 11 Case is A Concerted Delay Tactic to Forestall Collection Efforts By Global And Not For Any Legitimate Reorganization Purpose**

As the Supreme Court has observed, chapter 11 embraces the "two recognized policies [of] preserving going concerns and maximizing property available to satisfy creditors." *Bank of America Nat' l Tr. & Sav. Ass' n v. 203 N. LaSalle St. P' ship*, 526 U.S. 434, 435 (1999). On the other hand, many troubled businesses are simply not viable and the costs of the reorganization process may outweigh the benefits. A motion seeking relief under Section 1112(b) permits the court to evaluate whether the process is worth the effort, or, conversely, whether the process continues simply because the parties are forced to participate. In providing examples of when courts find bad faith, the Bankruptcy Appellate Panel for the Ninth Circuit stated:

> [t]he debtor has one asset, such as a tract of undeveloped or developed real property. The secured creditors' liens encumber this tract. ***There are generally no employees except for the principals, little or no cash flow, and no available sources of income to sustain a plan of reorganization*** or to make adequate protection payments pursuant to 11 U.S.C. sections 361, 362(d)(1), 363(e), or 364(d)(1). ***Typically, there are only a few, if any, unsecured creditors whose claims are relatively small***… ***Alternatively, the debtor and one creditor may have proceeded to a standstill in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford. Bankruptcy offers the only possibility of forestalling loss of the property***….

*In re Can-Alta Properties, Ltd.*, 87 B.R. 89, 91 (9th Cir. BAP 1988) (citing *Matter of Little Creek Development Co.*, 779 F.2d 1068, 1073 (5th Cir. 1986).

So, in determining bad faith, courts may **look to the legitimate interests of the Debtors' equity holders**. In determining bad faith, courts often focus on the relationship of the participants

1    and regularly find **bad faith where the filing of a chapter 11 petition is used as an attempt to**

2    **gain a litigation advantage**. *See e.g., In re Walter*, 108 B.R. 244, 248-501 (Bankr. C.D. Cal.

3    1989); *In re Silberkraus*, 253 BR 890, 905-906 (Bankr. C.D. Cal. 2000) *aff'd* 336 F.3d 864 (9th

4    Cir. 2003). In the Ninth Circuit, a petition may be dismissed as filed in bad faith where the

5    debtor filed a chapter 11 petition for the purposes of invoking the automatic stay as a

6    replacement for a supersedeas bond for an appeal of a judgment. *See*, *In re Marsch*, 36 F.3d 825

7    (9th Cir. 1994).

8        In *Marsch*, the Ninth Circuit held that a petition was correctly dismissed for bad faith

9    where it "was filed solely to delay collection of the judgment and avoid posting an appeal bond,

10   even though debtor had the ability to satisfy the judgment with nonbusiness assets." *Id*. at 831;

11   *see also, In re Leavitt*, 171 F.3d at 1225 (finding that the timing of debtor's bankruptcy petition,

12   filed within two weeks of judgment, demonstrated that the debtor's primary motive was

13   avoidance of the judgment). In this type of as situation, absence of other unsecured creditors may

14   also support a finding of bad faith. *See, e.g., Chinichian v. Campalongo (In re Chinichian)*, 784

15   F.2d 1440, 1445 (9th Cir. 1986); *Silberkraus*, 253 B.R. 890 (Bankr. C.D. Cal. 2000). Here, the

16   Debtor's case fits comfortably within the traditional paradigm of bad faith filings.

17       First, it is no coincidence that, within eleven (11) days after answering Global's Complaint

18   for Creditor Suit against Debtor's principals, Leslie Anne Miller and Robert L. Miller, Debtor

19   commenced its Chapter 11 bankruptcy case, staying the proceedings five (5) days later and

20   subsequently removing this Creditor Suit to the bankruptcy court. *See*, Escamilla Dec., ¶23. While

21   this Court remanded this adversary proceeding back to the Orange County Superior Court on

22   November 27, 2019, the obstructive purpose of the Chapter 11 proceedings was obvious and served

23   its purpose of delaying the Creditor's Suit for nearly six (6) months. *See*, Hays Dec. Ex. 11, Dk. No.

24   26.

25       Debtor and Global have proceeded to a stand-still in state court litigation. Specifically,

26   Debtor (a) lost the State Court Action brought for breach of contract by Global and (b) had a non-

27   stayed Judgment entered against it. When Global attempted to enforce the Judgment, Debtor filed an

28

MOTION TO DISMISS CHAPTER 11 CASE

1  appeal. In a tactic intended to avoid posting the required bond to appeal the Judgment,[6] Debtor filed

2  this chapter 11 case. The bottom line is that this case is an archetypal two-party dispute: it arises as a

3  result of the pre-petition litigation between Global and Debtor. See *In re St. Paul Self Storage Ltd.*

4  *Partn.*, 185 B.R. 580, 583 (9th Cir. BAP 1995) (a two-party dispute "strongly suggests Debtor's

5  intent to use the bankruptcy code as a means to escape to a forum which it perceive[s] to be more

6  friendly").

7  　　　　Moreover, with the actions Debtor has taken in this court, have made it evident that its

8  principals' purpose in filing this bankruptcy, was to use the bankruptcy court to gain a litigation

9  advantage and to use property of the estate to fund such gamesmanship. For example, Debtor

10  removed to the state court litigation Global commenced against its principals, Robert and Leslie

11  Miller – non-debtors- and sought to enforce a stay against those parties. *See*, Hays Dec. Ex. 11, Dk.

12  Nos. 1, 5, 13, 14, 22. It was only due to opposition by Global that the stay was not enacted against

13  the Millers.

14  　　　　Second, Debtor has only one asset (i.e., cash generated by its account receivables). But

15  Debtor's only available source of income, state bail bonds, will end in November 2020 and after that

16  there will be no available sources of income to sustain a plan of reorganization. Plainly, in

17  November 2020, Debtor will no longer have an "ongoing business" to support a plan of

18  reorganization.

19  　　　　Third, Debtor has no real employees, other than perhaps Robert Miller and his family

20  members. In fact, Debtor acknowledges while this bankruptcy case proceeds (and an appeal of the

21  Judgment is pending), its principal, Robert Miller, is continuing to draw a lavish annual salary of

22  $180,000.00, as well as paying his own personal health insurance with an annual premium of

23

24

25

26  [6] In California, a party seeking to appeal from a judgment entered in state court must post a bond to forestall enforcement and collection of the judgment pending the appeal. *See* Cal. Code Civ. Proc. §

27  917.1. The purpose of the statute is "to protect the judgment won in the trial court from becoming uncollectible while the judgment is subjected to appellate review" and to preserve for the "successful litigant . . . an assured source of funds to meet the amount of the money judgment, costs and

28  prejudgment interest after postponing enjoyment of a trial court victory." *Grant v. Superior Court*, 225 Cal.App.3d 929, 934, (1990).

MOTION TO DISMISS CHAPTER 11 CASE

1  $13,585.08,[7] son's personal health insurance with an annual premium of $5,248.44,[8] and his wife's

2  personal health insurance with an annual premium of $9,668.04, [9] making the total annual depletion

3  of Debtor's estate caused by its principals to be $208,501.56.

4        Moreover, Debtor continues to accrue and pay (some but not all) annual rent of $60,000.00 to

5  a building owned by Debtor's principal, Robert Lee Miller and continues to use estate funds to fund

6  litigation against Global. No motion to assume Debtor's lease was ever filed effectively leaving Mr.

7  Miller as the landlord with all the leverage regarding Debtor's ability to remain in its present

8  location. Such gross mismanagement is a breach of fiduciary duty.

9        In the two years preceding the filing of bankruptcy, and rather than make nominal payments

10 to Global to avoid the filing of a breach of contract action and the incurring of legal fees by Global

11 on its $327,750.00 invoice, Debtor has also made political and charitable contributions totaling

12 $4,450.00.[10]

13        On top of that administrative professional fees for Debtor's counsel have ballooned to almost

14 $200,000. To add insult to injury, Debtor filed a motion for employ and pay out of estate funds

15 appellate counsel. *See*, Hays Dec. Ex. 12, Dk. No. 110.[11] Such fees, however, do not offer any

16 benefit to Debtor's other creditors whose claims total only $20,000. Instead, Debtor seeks to

17 improperly use assets -- that should go to pay creditors -- to fund its efforts to avoid making

18 payments to creditors. The hearing on Global's objection to Debtor's employment of appellate

19 counsel is set for hearing on May 21, 2020. Debtor has consistently treated its creditors unfairly and

20 inequitably by favoring insiders and funding administrative professional fees at the cost of paying its

21 creditors.

22        Fifth, Global's claim makes up more than 95% of the liquidated non-insider creditor body.

23 All of the others, with the exception of the misleading claim of the bail surety which supplies Debtor

24

25

26 [7] Notice of Setting/Increasing Insider Compensation of Robert Miller (ECF 14).
   [8] Notice of Setting/Increasing Insider Compensation of James William Miller. *See*, ECF 37.

27 [9] Notice of Setting/Increasing Insider Compensation of Leslie Anne Miller. *See*, ECF 15.

28 [10] See Summary of Amended Schedules, Master Mailing List, and/or Statements. *See*, ECF, 29, ¶9.1.
   [11] Global has filed a request for hearing and objection to the Application. The hearing on the
   Application is set for May 21, 2020, at 10:30 am. *See*, Hays Dec. Ex. 12, Dk. No. 116.

MOTION TO DISMISS CHAPTER 11 CASE

1  with its bail bonds,[12] are relatively small and total only approximately $20,000.[13] The dubious filing

2  of a proof of claim by Debtor for the bail surety when the surety didn't file a claim and while freely

3  admitting the Debtor doesn't owe anything to the surety is further evidence of bad-faith. At a recent

4  341(a) meeting of creditors on March 26, 2020, Debtor's principal, Robert Miller admitted that

5  Debtor has no liability to the surety. Hays Dec., ¶15.

6       Accordingly, a canvas of the circumstances in Debtor's case support a finding that Debtor

7  filed its bankruptcy petition in bad faith. Since Debtor is winding down its business in anticipation of

8  the end of the bail industry in November 2020, and no creditors other than Global to protect, the

9  commencement of the bankruptcy case by Debtor was undoubtedly motivated by the Debtor's desire

10  to prevent or, at a minimum, delay the enforcement of the Judgment, not by any genuine desire or

11  intent to reorganize Debtor's financial affairs.

12       Debtor's utilization of the bankruptcy process to avoid the enforcement of the Judgment and

13  to circumvent the requirement to post an appeal bond to stay the enforcement of the Judgment

14  pending appeal was in bad faith, and constitutes "cause" under 11 U.S.C. § 1112(b) to dismiss

15  Debtor's bankruptcy case. Global respectfully requests that the Court not acquiesce to Debtor's

16  scheme, but that the Court recognize Debtor's bad faith and enter an order dismissing Debtor's

17  bankruptcy case.

18  / / /

19

20

21

22

23
_____

24  [12] While Debtor's Chapter 11 has disclosed contingent unliquidated claim of $7,831,800.00 to
    American Contractors Indemnity Company (a bail bond surety), this claim simply represents bail

25  bonds which have been written and each has, or should have its own collateral (posted by the
    indemnitor) for the surety to seize in the event that the bonded criminal defendant fails to appear for

26  his or her hearing. Bail agents limit their liability by requiring collateral to write bonds and Debtor is
    no different. Even if the bonds do become due, they will not be the liability of Debtor, Inc., but

27  rather of the licensed bail agent (Leslie Anne Miller) and the surety and only if the Millers are not
    successful in their fugitive recovery efforts to return the bonded defendant(s) to Court within 180

28  days, or 360 days if a motion for extension is brought. Declaration of Dan Escamilla, ¶27.
    [13] Hays Dec., Ex. "14."

4816-5632-4535, v. 1

**B.**     **There is a "…Continuing Loss to or Diminution of the Estate and the**
          **Absence Of A Reasonable Likelihood Of Rehabilitation,"**
          **Establishing Cause for Dismissal under § 1112(b)(4)(A)**

Under § 1112(b)(4)(A), a movant must establish both (1) a substantial and continuing loss to or diminution of the estate and (2) absence of a reasonable likelihood of rehabilitation. Here both criteria exist.

**i.**     **Substantial and Continuing Loss to or Diminution of the Estate**
           **is Established by the Extraordinary Drop in Debtor's Gross**
           **Revenue From 2017 to 2019.**

Under, Section 1112(b)(4), a case may be dismissed because of substantial or continuing loss or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. The general principle is a debtor should not be able to dissipate assets and incur administrative expenses for no good purpose. Per the leading authority on bankruptcy, subsection (b)(4) contains within it 2 requirements:

> "**First**, it tests whether, after the commencement of the case, the debtor has suffered or continued to experience a negative cash flow, or, alternatively, declining asset values. **Second**, it tests whether there is any reasonable likelihood that the debtor, or some other party, will be able to stem the debtor's losses and place the debtor's business enterprise back on solid financial footing within a reasonable amount of time. Both tests must be satisfied in order for cause to exist under this subparagraph to dismiss or convert the case under section 1112(b)(4)(A).

> This standard asks two questions. First, does the debtor have a negative cash flow or declining asset values? This includes looking at the financial history of the debtor and determining if a pattern of decline exists. Second, will the debtor or another party be able to "stop the bleeding" and return the debtor to solid financial footing within a reasonable amount of time? The first question must be answered in the affirmative and the second in the negative for cause to exist."

7 Collier on Bankruptcy P 1112.04 (16th 2020). Emphasis added.

To satisfy the first prong, a movant may demonstrate "that the ***debtor continues to incur losses or maintains a negative cash-flow position after the entry of the order for relief***" or that the debtor's assets have declined in value since the case was commenced. *3685 San Fernando Lenders, LLC v. Cross Equities, LLC (In re USA Commercial Mortg.,* Co.), 452 Fed. Appx. 715, 724 (9th Cir.

1  2011) Emphasis added. The "continuing loss" element of may be satisfied by showing a loss that

2  will (a) "materially negatively impact the bankruptcy estate and the interest of creditor" or (b)

3  "dwindling liquidity, or illiquidity resulting in unpaid postpetition debts which usually constitute

4  ***administrative expenses that will take priority over prepetition claims***."[14]

5       Debtor's "gross revenue from business" reflected in the Statement of Financial Affairs

6  provides irrefutable proof that the Debtor's estate is subject to continuing diminution:

7       Calendar year of 2017        $660,649.88

8       Calendar year of 2018        $188,116.17

9       1/1/19 through 7/19/19       $34,500.00

10      At the time of the filing of this form in July 2019, Debtor was on track to realize gross

11  revenues from its business of less than $55,200.00, down from $660,649.88 just two (2) years

12  before. The diminution of Debtor's estate is accelerated by Debtor continuing to pay $5,000 in

13  monthly rent to an office building held by its principal, through an LLC, and the Debtor's continuing

14  efforts to pay whatever revenue is left for the salary of its principal, which was approved at a lavish

15  $15,000 per month. During the approximate nine months since this case was filed, the Debtor has

16  been operating at a loss. Although its most recent MOR for the month ending on January 31, 2020,

17  reflects cash of approximately $40,000, Debtor's principal admitted at the March 26, 2020, meeting

18  of creditors that there are substantial unpaid administrative expenses including.

19      • (a) Lease –estimated at $60k; (b) insider compensation – estimated at $120k;

20         (c) Debtor's counsel's fees - $140k thru December 2019 and currently projected to be

21         another $35k; (d) Appellate counsel- nothing yet but to be incurred once application

22         is approved; (e) bookkeeper- $2,600; and (f) CPA - $2,800. TOTAL- **$360,400**

23      • The monthly rent for the approximate ***900 square foot office*** that Debtor operates out

24         of is purportedly **$5,000.** Yet, the other building tenants pay the following: (a) 575

25         square foot office with private bathroom for *$1,200* a month; (b) 600 square foot

---

[14] *Hassen Imports P'ship v. City of W. Covina (In re Hassen Imports P'ship)*, 2013 Bankr. LEXIS 3870, at *13 (9th Cir. BAP 2013) (quoting 7 Collier on Bankruptcy ¶ 1112.04 [6] [a] [i] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2012)).

4816-5632-4535, v. 1

1               office with signage on side of building for *$1,500* a month; and (c) second floor 4000

2               square feet with master lease being $12,500 in the name of Jacob Brower who sublets

3               to other tenants. Debtor's rent is thus 4-5 times more than other tenants and Debtor

4               has not paid all rent that has become due post-petition.

5 Hays Dec., ¶16.

6       Assets of the estate are being diminished by the Debtor through the combined expenditures

7 for this Chapter 11 proceeding, the prosecution of the State Court Appeal, and the expenses of

8 maintaining the Debtor's principals and non-monetary assets.

9       The facts of the *In re Boynton*, 184 B.R. 580, 583 (Bankr. S.D. Cal. 1995) ("*Boynton*") are

10 comparable to the facts in this case. In *Boynton*, the vast majority of the debtors' assets were liquid

11 in an investment account, which assets were being utilized by the debtors to continue to pay their

12 own living expenses and to pay the expenses of prosecuting their appeal of an adverse judgment in

13 favor of the IRS (without posting a bond). The court in *Boynton* noted that, if the debtors lost their

14 appeal in substantial measure, they would be unable to pay the judgment in full, from present assets.

15 Hence, there was no downside to the debtors' pursuit of the appeal, which, in effect, was being

16 prosecuted using the funds that the IRS otherwise already would have seized. The court found that,

17 in practical effect, the IRS was funding the appeal against itself while it was prevented from seizing

18 those funds and while the debtors avoided the requirement of an appeal bond.

19       The Debtors have a substantial income stream of financed bail bonds which would have been

20 available to satisfy Global's Judgment, but have been used by the Debtor to be used to pay its

21 principal's living expenses, the health insurance of the principal and family members, and the costs

22 of pursuing an appeal of the Judgment. As a result, ***Global is essentially funding the appeal against***

23 ***itself while it is prevented from seizing the Debtors' assets and while the Debtors avoid the***

24 ***requirement of an appeal bond***. Given the similarity of facts to the *Boynton* case, Global submits

25 that the Court in this case should reach the same conclusion reached by the court in the *Boynton* case

26 –Debtor's bankruptcy case was filed in bad faith, therefore warranting the dismissal of the case.

27 / / /

28 / / /

MOTION TO DISMISS CHAPTER 11 CASE

### ii.    Given the Impending Bail Reform in California Through SB-10, Which Became Law in August of 2019 and Which Will Likely Be Implemented After the November 2020 Election, Debtor Cannot Prove A Reasonable Likelihood of Rehabilitation

For the second prong of § 1112(b)(4)(A), rehabilitation is a different and higher standard than reorganization, which is usually measured by the ability to confirm a plan. *Hassen*, 2013 Bankr. LEXIS 3870, at *14 (citing *In re Creekside Senior Apartments*, 489 B.R. at 61) The key inquiry is whether the debtor's business prospects justify continuance of the reorganization effort. *Id.*

Debtor, like all bail bond agencies, is largely funded by its accounts receivable since nearly all bail bonds are subject to in-house financing. Debtor has no other assets. Thus, the "estate" of Debtor is comprised almost entirely of its accounts receivable. But the accounts receivables are continuing to dwindle down as bail reform continues to emerge in California.

On April 13, 2020, as a result of the COVID-19 pandemic, the Judicial Council amended the Rules of Court and pursuant to authority provided by California Governor Gavin Newsom, implemented an Emergency Bail Schedule. A true and correct copy of the Amendment to the California Rules of Court, which contains the Emergency Bail Schedule, is attached to the Escamilla Dec. as Ex. "15." This Emergency Bail Schedule reduces bail on all misdemeanor and felony offense to $0, with just thirteen (13) exceptions.[15] This order is expected to significantly curtail the operation of all bail agencies operating in California. *Id.,* ¶26.

Part of this Court's analysis should recognize that the bail industry has been severely impacted by the Emergency Bail Schedule and may soon be extinct in California. While the referendum process has temporarily stayed its extinction, the success of this referendum is extremely slim. Thus, Debtor cannot reasonably rely on this potential source of capital to fund any plan of

---

[15] Ex. 15, pgs. 191-193. The thirteen (13) enumerated exceptions include serious felonies (CA Pen. Code 1192.7(c)) and violent felonies (CA Pen. Code 667.5(c)), Resisting an executive officer (a misdemeanor), violating a protective order, witness intimidation (if a felony), spousal rape, battery of a cohabitant, criminal threats (if a felony), stalking, failure to register as a sex offender, DUI, DUI causing injury, looting and felon in possession of a firearm.

4816-5632-4535, v. 1

reorganization.

History shows that there is a slim chance that the referendum will pass. From 9/9/08 through 9/9/18, the date that the bail referendum qualified for the November, 2020 ballot, out of twenty-four (24) referendums that were filed, only two (2) passed into law. In addition, the opposition to this referendum by bail reform advocates such as California Supreme Court's Chief Justice Tani Cantil-Sakauye, virtually guarantees that whatever the result of the referendum, the bail reform movement will continue and the bail bond industry in California will soon end as it recently has in New Jersey, New Mexico and New York. The Court should presume that because SB-10 (Bail Reform) has been signed into the law, effectively ending Debtor's service industry of bail bonds, there is no reasonable likelihood of Debtor's rehabilitation.

Where a court finds that no reasonable possibility of reorganization exists, it should not be compelled to wait a certain period of time, to the detriment of creditors, before ordering conversion or dismissal of a case. *Stage I Land Co. v. U.S. Dept. of H.U.D.*, 71 B.R. 225, 231 (D. Minn. 1986) (debtor's chapter 11 case should be dismissed at the outset for cause where no reasonable possibility of a reorganization exists). In addressing the reasonable likelihood of the rehabilitation causal element, the court in *In re Great American Pyramid Joint Venture* stated that, in ascertaining whether the grounds for conversion or dismissal set forth are satisfied, a court "must determine whether the causes of the debtors' continuing losses can be corrected," and emphasized that "the purpose of the laws of Congress relating to bankruptcy are to encourage financial restructuring and to encourage payments to creditors." *In re Great American Pyramid Joint Venture*, 144 B.R. at 791.

Here, the losses cannot be corrected since the business of bail bonds is winding down in the State of California and Debtor's business will be forced to close in November 2020, after the stay imposed by the ballot referendum expires (given the substantial likelihood that the referendum does not pass).

## C. Debtor's Election to Proceed Under Subchapter V is Evidence of Bad Faith

On March 3, 2020, Debtor filed an Amended Petition ("Amended Petition") in this case. *See*, Hays Dec. Ex. 12, Dk. No. 99. Through the Amended Petition, the Debtor states that it is a "small

MOTION TO DISMISS CHAPTER 11 CASE

4816-5632-4535, v. 1

1    business debtor" and elects to proceed under "Subchapter V" of Chapter 11. For the reasons stated

2    herein, the Court should strike the Amended Petition.

3        On June 21, 2019, Debtor filed a voluxntary petition under Chapter 11 ("Original Petition")

4    this case and an order for relief was entered. The Debtor did not designate itself as a "small business

5    debtor" in its Original Petition. Some 256 days after the Debtor filed its Original Petition, the Debtor

6    filed its Amended Petition electing Subchapter V treatment as a small business debtor.

7        Subchapter V was added to the Bankruptcy Code by the Small Business Reorganization Act

8    of 2019 ("SBRA"). Pub. L. No. 116-54, 133 Stat. 1079 (2019). In general, the SBRA added a new

9    "Subchapter V" to Chapter 11 of the Bankruptcy Code, codified in 11 U.S.C. §§ 1181-1195. The

10   SBRA became effective on February 19, 2020, 243 days after the Debtor filed this bankruptcy case.

11   Nothing in the SBRA enabling statute indicates that the SBRA was intended to have retroactive

12   effect—i.e., that the SBRA should apply to pending bankruptcy cases. *See*, Pub. L. No. 116-54, § 5,

13   133 Stat. 1079 (2019). Moreover, Rule 1020 of the Federal Rules of Bankruptcy Procedure

14   ("FRBP") provides an objection to the amendment can be made:

15        "(b) Objecting to Designation. Except as provided in subdivision (c), the United
          States trustee or a party in interest may file an objection to the debtor's statement
16        under subdivision (a) *no later than 30 days after the conclusion of the meeting of*
          *creditors held under §341(a) of the Code*, *or within 30 days after any amendment to*
17        *the statement*, *whichever is later*."

18   FRBP 1020.

19        On March 27, 2020, the first 341(a) meeting of creditors since the Amended petition was

20   held. As a further basis for dismissal of the case, Global objects to the Amended Petition. The

21   objection on this ground is timely as it is being filed within the later of 30 days of the initial 341(a)

22   meeting of creditors since the Amended Petition was filed. Hays Declaration, ¶17.

23        To permit the Debtor to now elect "Subchapter V" status at this stage of the bankruptcy case

24   would create a procedural quagmire and likely create "cause" to dismiss or convert the Debtor's

25   case. For example, the debtor in a Subchapter V case must file a plan of reorganization within 90

26   days after the order for relief. 11 U.S.C. § 1189(b). Here, an order for relief under Chapter 11 was

27   entered in the Debtor's case on June 21, 2019, when the Debtor filed its Original Petition. 11 U.S.C.

28   § 301(b). The 90-day period for the Debtor to file a plan (if the Debtor's case were permitted to

4816-5632-4535, v. 1

1 proceed under Subchapter V) expired on September 19, 2020. The Debtor did not file a plan by

2 September 19, 2020. As a result, the Debtor's bankruptcy case would be subject to dismissal or

3 conversion to Chapter 7 for "cause" if the Debtor were now permitted to proceed as a

4 Subchapter V case. See 11 U.S.C. § 1112(b)(4)(J) (defining "cause" as including failure to file a plan

5 within the time fixed by the Bankruptcy Code).

6   As another example, the Court must hold a mandatory status conference in a Subchapter V

7 case within 60 days after an order for relief, and a debtor must file a status report no later than 14

8 days prior to the status conference. 11 U.S.C. § 1188(a), (c). The 60-day period for holding a

9 mandatory status conference (if the Debtor's case were permitted to proceed under Subchapter V)

10 expired on August 20, 2019. The Court did not hold a status conference by August 20, 2019, and the

11 Debtor (understandably) did not file a status report within 14 days before August 6, 2019. It is too

12 late now to hold the mandatory status conference if the Debtor's case proceeds under Subchapter V.

13   While courts across the country have reached varying conclusions regarding whether a case

14 pending on the effective date of the SBRA can amend its petition, Global suggests that the proper

15 result was reached in *In re Double H Transportation LLC*. A true and correct copy of the *In re*

16 *Double H Transportation LLC* order is attached to the Hays Dec. as Exhibit "17." In *In re Double H*

17 *Transportation LLC*, the Court permitted the election and then dismissed the case because the

18 aforementioned deadlines had already expired. *Id*. For these reasons, the Court should either strike

19 the Amended Petition or dismiss the case.

20   **D. The Proof is the Plan – Which on its Face was Unfeasible**

21   If Debtor is running at a loss, any plan it proposes will be unconfirmable. Debtor's most

22 recent operating report that has been filed was for the period ending on January 31, 2020

23 ("Operating Report"). A true and correct copy of the Operating Report is attached as Exhibit "16,"

24 to the Hays Dec. The case was filed on June 21, 2019. Hays Decl., ¶18. In the more than six months

25 covered by the operating report, the Debtor has only netted $41,000 from operations. This sum, per

26 Mr. Miller's testimony at the most recent 341(a) meeting of creditors, does not account for payment

27 of administrative expense for Debtor's bankruptcy counsel totaling approximately $175,000, and

28 appellate counsel, insider compensation of $120,000, lease arrearages of $60,000 to be paid to Mr.

1  Miller's LLC, or other alleged priority and administrative expense claims estimated that will have

2  to be paid on the Effective Date. Hays Dec., ¶18. By Mr. Miller's own testimony, this will exceed

3  **$360,000**. *Id*., at ¶18.

4       Under the terms of its last filed Plan, the Debtor was proposing to pay all of the various

5  classes of unsecured creditors in full through quarterly payments for an indefinite period of time.

6  Yet, there was no indication regarding how long Debtor estimated it will take to pay such claims in

7  full. After considering all of the projected administrative and priority payments of $360,000, the

8  Debtor has yet to make any profit. And, this does not account for the impact of the Emergency Bail

9  Schedule or SB10's on the bail bond industry. As such, unsecured creditors will never receive any

10  distributions. The longer this case remains in Chapter 11, the more creditors are being prejudiced by

11  Debtor's principal spending money that should otherwise be getting used to pay creditors.

12       Further, as set forth in the previous Plan, Debtor's equity was to retain their shares and

13  ownership while it continues to try to get Global's claim reversed on appeal. The last filed plan,

14  however, did not provide for any contribution of new value. Instead, a footnote said that Mr. Miller

15  reserved the right to amend the Plan to provide for a contribution of new value. In other words, Mr.

16  Miller did not want to have to pay anything to retain his shares and control of the Debtor. Now, after

17  successfully delaying progress in this case until SBRA became effective, Mr. Miller continues in his

18  efforts to retain ownership without having to face the Absolute Priority Rule.

19       In short, there is slim to nil chance that Debtor will in fact fund 100% payments to all

20  creditors. There is also no indication of what Debtor will do when the Emergency Bail Schedule, or

21  if SB10 or any other law, negatively impacts revenues, how Debtor can afford to continue paying

22  insider compensation at the rate of $15,000 per month when it leaves a monthly net profit of only

23  approximately $4,000 which is grossly insufficient to pay all other administrative claims which

24  continue to balloon.

25       Lastly, per the last filed Plan, Global's Claim was impermissibly separately classified from

26  other unsecured general claims without any legitimate business justification. There is absolutely no

27  justification provided for such Gerrymandering. Because there are no legitimate reasons in fact or

28

4816-5632-4535, v. 1

1  law, the separate classification is for an improper purpose – i.e. creating a consenting impaired class

2  that does not consist of insiders.

3       In sum, Debtor may have built up $40,000 in cash but the reality is the post-petition

4  administrative expenses far exceed these increase revenues. Debtor has been drained of its money

5  with the Millers at its helm. Had this case been liquidated early on maybe creditors would have

6  received something. But under a Chapter 11, creditors have not and will get anything. This Chapter

7  11 case serves only one purpose – to take the money that can and should be paid to creditors and

8  instead allows the Debtor spend such money doing everything it can to stay Global's judgment,

9  delay its obligation for payment to Global and hope for a reversal on appeal.

10       **E.    Court Must Determine Between Dismissal, Conversion, or the**

11            **Appointment of a Trustee**

12       If this court finds that cause exists, it must then decide whether dismissal or conversion better

13  serves the interests of creditors and the estate. *Shulkin Hutton*, 552 F.3d at 960-61; *Superior Siding*

14  *& Window*, 14 F.3d at 242. As mentioned above, Debtor remains in possession and its principal

15  continues to take a lucrative salary and pay for the personal health insurance of himself along with

16  his wife and son, all from the dwindling bail premiums that are continuing to serve as revenue for

17  the business. Debtor and its principals have "thumbed their nose" at Global and no efforts have been

18  made to begin payments to Global for services provided in 2014, and which were the subject of a

19  2015 invoice which evolved into a judgment on October 31, 2018 that as of the petition date totals

20  $545,879.25. *See*, Hays Dec., Ex. 14, Claim No. 6. Global contends this case should be dismissed

21  outright. Alternatively, Global requests the case be converted to chapter 7, to allow chapter 7 trustee

22  to administer Debtor's foreclosure rights against the Saddozai residence and pursue insiders for

23  avoidance actions.

24  **4.    Conclusion**

25       This entire proceeding was orchestrated to evade payment to Global on account of its

26  Judgment and because Global represents 95% of total funds owed to all the creditors. From paying

27  insiders post-petition where they were not being paid prepetition, to paying monthly rent that is 3

28  times more than any other rent being paid for a similar space in the same building owned by

1  Debtor's principal, to incurring administrative expenses that far exceed the income of the Debtor, to

2  proposing an unconfirmable plan knowing that the bail bonds industry, which is the source of

3  Debtor's income, is coming to a screeching close, to seeking a stay for non-debtor parties.

4  Everything has been contorted to afford Debtor and its principals the luxury of time at the expense of

5  creditors. Based on the continuing diminution of Debtor's estate, the manner in which its principal is

6  continuing to drain revenue from the business, and the likely prospect for the cessation of continuing

7  new business after November, 2020, leaving only any remaining accounts receivables to collect,

8  Global contends that a finding of a bad faith filing of Chapter 11 by Debtor and dismissal of

9  Debtor's Chapter 11 action is compelled by the facts and in the best interests of the creditors and the

10 remaining estate.

11

12 Dated:  April 16, 2020                    MARSHACK HAYS LLP

13

14                                          By:  /s/ D. Edward Hays
                                                 D. EDWARD HAYS
15                                               LAILA MASUD
                                                 Attorneys for Creditor,
16                                               LEGAL SERVICE BUREAU, INC.
                                                 dba GLOBAL FUGITIVE RECOVERY

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS CHAPTER 11 CASE
4816-5632-4535, v. 1

# Declaration of D. Edward Hays

I, D. EDWARD HAYS, say and declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

2.      The facts set forth below are true of my personal knowledge.

3.      I am an attorney at law duly admitted to practice before this Court and all courts of the State of California.

4.      I am a partner in the law firm of Marshack Hays LLP, attorneys of record for the Legal Service Bureau, Inc. dba Global Fugitive Recovery ("Global," "LSB", or "Creditor").

5.      I reviewed the underlying bankruptcy case dockets prior to execution of this Declaration to refresh my memory as to the dates on which particular documents were filed.

6.      I make this Declaration in support of the Motion to Dismiss the Chapter 11 Bankruptcy Case of Orange County Bail Bonds, Inc. ("OCBB" or "Debtor").

7.      On June 21, 2019, Debtor filed a voluntary petition for relief under Chapter 11 of 11 U.S.C. § 101 *et seq.* A true and correct copy of the Bankruptcy Case Docket is attached here as Exhibit "12". Debtor's Statement of Financial Affairs showed that its "gross revenue from business" has been on a very steep decline:

Calendar year of 2017        $660,649.88

Calendar year of 2018        $188,116.17

1/1/19 through 7/19/19        $34,500.00

8.      At the time of the filing of the SOFA, in July 2019, Debtor was on track to realize annual gross revenues from its business in 2019 of less than $55,200.00.

9.      A true and correct copy of the claims register in Bankruptcy Case No.9:19-bk-12411-ES, wherein Global's claim is noted as Claim No. 6, is attached here as Exhibit "14."

10.     On April 17, 2019, Ms. Parwin Saddozai filed a voluntary petition for relief under Chapter 13 of 11 U.S.C. § 101 *et seq.*

/ / /

4816-5632-4535, v. 1

1    11.    On September 18, 2019, a Notice of Removal to the bankruptcy court was filed by

2   Debtor in the Creditor's Suit commencing Adversary Case No. 8:19-ap-01187 ("Adversary").

3   On November 27, 2019 this Court granted Global's Motion for Order Remanding Adversary

4   back to State Court. A true and correct copy of the docket for Adversary Case No. 8:19-ap-01187

5   ("Adversary"), evidencing the aforementioned filings is attached here as Exhibit "11."

6    12.    On February 19, 2020, Subchapter V to the Bankruptcy Code by the Small

7   Business Reorganization Act of 2019 ("SBRA") became effective. Pub. L. No. 116-54, 133 Stat.

8   1079 (2019).

9    13.    A review of the pleadings in the Bankruptcy Case, reveals that Debtor realized net

10   revenue in 2019 of approximately $27,000.

11    14.    I have been present at numerous 341(a) meetings of creditors ("341(a)") including

12   those held on July 23, 2019, March 27, 2020, and April 6, 2020, at which time, I asked Debtor's

13   principal Robert Miller, a series of questions related to Debtor's financial circumstances and

14   business. My office requested the audio from the 341(a) meeting of creditors which we will in turn

15   have transcribed and provide to the Court -if needed- vis-à-vis, a supplemental declaration in

16   support of any reply brief to any opposition to this Motion.

17    15.    At one of those 341(a) meeting of creditors, Debtor's principal, Robert Miller

18   testified that Debtor has no liability to the surety.

19    16.    At the most recent 341(a) meeting of creditors since the case was amended to be a

20   case under Subchapter V, Mr. Miller testified to the following:

21    •   Incurred unpaid expenses consist of the following: (a) Lease –estimated at $60k;

22       (b) insider compensation – estimated at $120k; (c) Debtor's counsel's fees - $140k

23       thru December 2019 and currently projected to be another $35k; (d) Appellate

24       counsel- nothing yet but to be incurred once application is approved; (e) bookkeeper-

25       $2,600; and (f) CPA - $2,800. TOTAL- **$360,400**

26    •   The monthly rent for the approximate ***900 square foot office*** that Debtor operates out

27       of is purportedly **$5,000.** Yet, the other building tenants pay the following: (a) 575

28       square foot office with private bathroom for *$1,200* a month; (b) 600 square foot

office with signage on side of building for *$1,500* a month; and (c) second floor 4000

square feet with master lease being $12,500 in the name of Jacob Brower who sublets

to other tenants. Debtor's rent is thus 4-5 times more than other tenants and Debtor

has not paid all rent that has become due post-petition.

17.    The first 341(a) meeting of creditors since the Amended Petition was filed was held on March 27, 2020. As a further basis for dismissal of the case, Global objects to the Amended Petition. The objection on this ground is timely as it is being filed within the later of 30 days of the initial 341(a) meeting of creditors since the Amended Petition was filed.

18.    Debtor's most recent operating report that has been filed was for the period ending on January 31, 2020 ("Operating Report"). A true and correct copy of the Operating Report is attached here as Exhibit "16." In the more than six months covered by the operating report, the Debtor has only netted $41,000 from operations. This sum, per Mr. Miller's testimony at the most recent 341(a) meeting of creditors, does not account for payment of administrative expense for Debtor's bankruptcy counsel totaling approximately $175,000, and appellate counsel, insider compensation of $120,000, lease arrearages of $60,000 to be paid to Mr. Miller's LLC, or other alleged priority and administrative expense claims estimated that will have to be paid on the Effective Date. By Mr. Miller's own testimony, this will exceed **$360,000**.

19.    While courts across the country have reached varying conclusions regarding whether a case pending on the effective date of the SBRA can amend its petition, Global suggests that the proper result was reached in *In re Double H Transportation LLC*. A true and correct copy of the *In re Double H Transportation LLC* order is attached here as Exhibit "17."

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 16, 2020.

*/s/ D. Edward Hays*
D. EDWARD HAYS

DECLARATION OF D. EDWARD HAYS

4816-5632-4535, v. 1

# Declaration of Dan Escamilla

I, DAN ESCAMILLA, say and declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

2.      The facts set forth below are true of my personal knowledge.

3.      I am the principal and majority shareholder of Legal Service Bureau, Inc. dba Global Fugitive Recovery ("LSB" or "Global" or "Creditor"). Global is a bail fugitive recovery business that contracts with licensed bail bond companies such as Orange County Bail Bonds ("OCBB" or "Debtor") to effect the capture and arrest of fugitives who forfeit bail and flee. I have held a law degree since 2000. I have been a bail fugitive recovery agent since 2007 and a licensed bail agent since 2010. I have been the chair of the Fugitive Recovery Section of the California Bail Agents Association ("CBAA") since 2015. As a result, I am familiar with the ever-evolving California law relating to the bail bonds industry as they directly affect the bail bond industry. As a result, I am familiar with the changes in California law relating to the bail bonds industry as they directly affect my business.

4.      Debtor is a bail bond company. Debtor's 95% creditor is Legal Service Bureau Inc. dba Global Fugitive Recovery ("Global"). Global is a bail fugitive recovery business that contracts with licensed bail bond companies to effectuate the capture and arrest of fugitives who forfeit bail and flee.

5.      On August 26, 2014, Global and Debtor, acting under signature of Bail Agent Leslie Anne Miler DOI License #1841035, entered into an Agreement for Services ("Agreement") to return a bail fugitive, out on a $1 million bail bond, into custody so that Debtor and its bail surety would not have to pay the forfeited bond to the California Superior Court.

6.      At the time of the contract execution, Debtor's manager, Robert Miller, represented to Global's president, Dan Escamilla, that Debtor held adequate collateral through a trust deed recorded on the home of Parwin Saddozai and through several other Orange County properties, to pay Global's fee under the Agreement, which was potentially as high as 50% of the bail bond, or

28

4816-5632-4535, v. 1

1   $500,000.00. In issuing the $1 million bail bond, Debtor was acting as a bail agent for its surety,

2   American Contractors Indemnity Company ("American")

3        7.    Global, through my personal efforts, located the bail fugitive in the Philippines and,

4   in collaboration with the U.S. Marshal Service, successfully returned the fugitive to the United

5   States, resulting in successful performance of the Agreement. The Agreement was successfully

6   completed on January 28, 2015, when the fugitive was returned to the United States and delivered

7   to the custody of the San Bernardino County Sheriff's Department.

8        8.    On February 1, 2015, Global invoiced Debtor $300,000 pursuant to the terms of the

9   Contract. Despite successfully orchestrating the capture of the fugitive pursuant to the Agreement,

10  Debtor failed to pay Global for its services.

11       9.    When the indemnitor of the bail bond, Parwin Saddozai, ("Ms. Saddozai") the

12  mother of the fugitive, learned of her son's capture, she immediately ceased all payments under a

13  bail contract to Debtor. In turn, Debtor breached its separate contract with Global to pay for its

14  fugitive recovery services.

15       10.    On April 12, 2017, after over two years of unsuccessful collection efforts which

16  never even resulted in Debtor making nominal payments, Global filed suit against Debtor in the

17  Superior Court for the State of California, County of Orange.

18       11.    A short time later, this action was consolidated with another lawsuit brought against

19  Debtor by the fugitive's mother and bail bond indemnitor, Ms. Saddozai, who had sued Debtor in

20  an attempt to extinguish the lien on her home and escape liability to Debtor for monies owed under

21  the bail bond agreement, including Global's bill for fugitive recovery services under the

22  Agreement.

23       12.    Although the two cases were consolidated, separate verdicts were ultimately issued

24  because the contract for services between Global and Debtor were separate and independent from

25  the bail bond agreement between Debtor and Ms. Saddozai.

26       13.    On October 31, 2018, a judgment issued in favor of Global and against Debtor in the

27  amount of $327,750.00 with costs and interest to be determined by motion ("Judgment"). A true

28  and correct copy of the Judgment is attached here as Exhibit "1."

DECLARATION OF DAN ESCAMILLA

4816-5632-4535, v. 1

14.     On July 18, 2018, prejudgment interest was awarded by Minute Order in the amount of $118,163.64 ("2018 Minute Order"). A true and correct copy of the 2018 Minute Order is attached as Exhibit "2."

15.     On March 19, 2019, attorney's fees and costs were added to the prior prejudgment interest and awarded in favor of Global and against Debtor in the amount of $185,381.08. ("2019 Minute Order"). A true and correct copy of the 2019 Minute Order is attached here as Exhibit "3."

16.     The total judgment against Debtor, held by Global, as of the Petition Date is $545,879.25.

17.     On December 24, 2018, Debtor filed an appeal of Global's judgment. Debtor failed to post any bond to obtain a stay of execution pending its appeal ("State Court Appeal").

18.     On December 28, 2018, Ms. Saddozai, in the case styled as *Saddozai v. Orange County Bail Bonds*, filed a cross-appeal of the judgment against Ms. Saddozai. Subsequently, on April 2, 2019, the cross appeal was dismissed, and a partial remittitur issued as to Ms. Saddozai's appeal. True and correct copies of the Dismissal of Parwin Saddozai and Partial Remittitur as to Parwin Saddozai is attached here as Exhibits "4" and "5."

19.     Notwithstanding the dismissal of Ms. Saddozai from the State Court appeal five (5) days later on April 22, 2019, Debtor's counsel sought and obtained a stay of Debtor's appeal proceedings based on Ms. Saddozai's bankruptcy and has continued to keep this stay in place by filing status reports with the State Court as to Ms. Saddozai's bankruptcy case, with the most recent status report having been filed on March 20, 2020.  True and correct copies of the appellate docket for case no. G047149 and the 4/22/2020 notice of stay of proceedings filed by Debtor's counsel are attached here as Exhibit "6" and "7."

20.     Apparently unaware that Ms. Saddozai is no longer a party to the action, the Court of Appeal granted the stay request and based on subsequent status reports by Debtor's counsel as to Ms. Saddozai's bankruptcy has allowed the stay to remain in place. True and correct copies of the notices of status of bankruptcy filed on November 26, 2019 and March 20, 2020 in the court of Appeal are attached here as Exhibit "8" and "9."

/ / /

DECLARATION OF DAN ESCAMILLA

21.     On April 23, 2019, Global filed a Complaint for Creditor's Suit/Creditor's Bill in Equity in Aid of Enforcement of Judgment [Declaratory Relief Re: Imposition of Alter Ego Liability] against Debtor's principals, Leslie Anne Miller and Robert L. Miller, seeking to establish alter ego liability for the judgment against Debtor's principals ("Creditor Suit"). A true and correct copy of the docket for the Creditor Suit is attached here as Exhibit "10."

22.     On May 28, 2019, an Answer to Complaint was filed by Robert L. Miller and Leslie Anne Miller in this Creditor Suit.

23.     It is no coincidence that, within eleven (11) days after answering Global's Complaint for Creditor Suit against Debtor's principals, Leslie Anne Miller and Robert L. Miller, Debtor commenced its Chapter 11 bankruptcy case, staying the proceedings five (5) days later and subsequently removing the Creditor Suit to the bankruptcy court.

24.     The bail bond industry is undergoing massive changes and may become obsolete due changes to California law that have already occurred. Specifically, California Senate Bill 10 ("SB10")[16] has been signed into law, changing California's pretrial release system from a money-based system to a risk-based release and detention system. *Id*. In short, SB10 will assume that a person can be released on his or her own recognizance or supervised own recognizance with the least restrictive nonmonetary condition or combination of conditions that will reasonably assure public safety and the defendant's return to court. Although SB10 has been signed into law by the Governor, the law has been stayed, pending a referendum that is to be put to vote in November 2020, which may repeal SB10.[17] Nonetheless, the current state of the law is that SB10 has passed. A true and correct copy of an SB10 summary posted by the California Court system is attached here as Exhibit "13."

25.     In other words, if SB10 is not repealed by the referendum, people charged with crimes will not need to post bail unless their release poses a specific risk to the public. Simply stated, unless this bill is overturned by the voters through a referendum set for a vote in the

---

[16] Sen. Bill No. 10, approved by Governor, Aug. 28, 2018 (2018 Reg. Sess.) ch. 244, § 3.
[17] See https://www.sos.ca.gov/elections/ballot-measures/qualified-ballot-measures/ as of February 06, 2020.

DECLARATION OF DAN ESCAMILLA

4816-5632-4535, v. 1

1    November 2020 election, **_SB-10[18] eliminates the money bail system in California and will force_**

2    **_Debtor out of business after the November 2020 election._** Given the support of bail reform

3    advocates such as California Supreme Court Chief Justice Tani Cantil-Sakauye,[19] it is unlikely that

4    the November 2020 referendum will succeed in nullifying the law that ends bail.

5         26.    On April 13, 2020, as a result of the COVID-19 pandemic, the Judicial Council

6    amended the Rules of Court and pursuant to authority provided by California Governor Gavin

7    Newsom, implemented an Emergency Bail Schedule. A true and correct copy of the Emergency

8    Bail Schedule is attached here as Exhibit "15." This Emergency Bail Schedule reduces bail on all

9    misdemeanor and felony offense to $0, with just thirteen (13) exceptions.[20] This order is expected

10   to significantly curtail the operation of all bail agencies operating in California.

11   / / /

12   / / /

---

[18] https://leginfo.legislature.ca.gov/faces/billTextClient.xhtml?bill_id=201720180SB10
[19] California Supreme Court Chief Justice Tani Cantil-Sakauye has been a public advocate of bail reform and was a major behind-the-scenes figure in SB10's last-minute revision giving judges more authority to decide who goes free and who stays in jail while awaiting trial.
https://calmatters.org/commentary/war-over-bail-bonds-has-only-just-begun/
[20] The thirteen (13) enumerated exceptions include serious felonies (CA Pen. Code 1192.7(c)) and violent felonies (CA Pen. Code 667.5(c)), Resisting an executive officer (a misdemeanor), violating a protective order, witness intimidation (if a felony), spousal rape, battery of a cohabitant, criminal threats (if a felony), stalking, failure to register as a sex offender, DUI, DUI causing injury, looting and felon in possession of a firearm.

DECLARATION OF DAN ESCAMILLA

4816-5632-4535, v. 1

27.    While Debtor's Chapter 11 has disclosed contingent unliquidated claim of $7,831,800.00 to American Contractors Indemnity Company (a bail bond surety), this claim simply represents bail bonds which have been written and each has, or should have its own collateral (posted by the indemnitor) for the surety to seize in the event that the bonded criminal defendant fails to appear for his or her hearing. Bail agents limit their liability by requiring collateral to write bonds and Debtor is no different. Even if the bonds do become due, they will not be the liability of Debtor, Inc., but rather of the licensed bail agent (Leslie Anne Miller) and the surety and only if the Millers are not successful in their fugitive recovery efforts to return the bonded defendant(s) to Court within 180 days, or 360 days if a motion for extension is brought.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 16, 2020.

_____
DAN ESCAMILLA

DECLARATION OF DAN ESCAMILLA

4816-5632-4535, v. 1

**EXHIBIT 1**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

OCT 3 1 2018

DAVID H. YAMASAKI, Clerk of the Court

BY:_____,DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| PARWIN SADDOZAI, an individual, | Case No.: 2015-00816859 [lead case]<br>Case No.: 2015-00941490 |
| Plaintiff, | JUDGMENT |
| vs. | |
| AMERICAN CONTRACTORS INDEMNITY | Assigned to Judge Sheila Fell<br>Department C25 |
| COMPANY, a California Corporation, et al, | Filing date: April 12, 2017<br>Trial date:   April 9, 2018 |
| Defendant | |
| LEGALSERVICE BUREAU, INC. dba<br>GLOBAL FUGITIVE RECOVERY, | |
| Cross-Complainant | |
| vs. | |
| ORANGE COUNTY BAIL BONDS, INC. | |
| Cross-Defendants | |

Trial in this matter came on regularly before this Court on April 9, 2018, the Court having

reviewed pleadings filed in this case, having heard testimony from the parties, having weighed

Judgment – 1

EXHIBIT 1, PAGE 20

EXHIBIT 1, PAGE 34

the credibility of the testimony, having reviewed documentary evidence, and having heard closing arguments of counsel for all parties, took the case under submission on April 12, 2018, and thereafter the Court issued it Under Submission Ruling on April 30, 2018.

**IT IS NOW ORDERED, DECREED AND ADJUDGED:**

**In Case Number 30-2015-00816859**

1.  The Court grants judgment for Defendant American Contractors Indemnity Company, a California corporation and for Defendant Orange County Bail Bonds, Inc., a California corporation and against Plaintiff Parwin Saddozai.  Plaintiff Parwin Saddozai shall recover nothing by way of her Complaint, and her request for a permanent injunction is denied.  Costs to be determined by motion.

**In Case Number 30-2015-00941490**

1.  The Court grants judgment for Plaintiff Legal Service Bureau, Inc., dba Global Fugitive Recovery and against Defendant Orange County Bail Bonds, Inc. in the sum of $285,000.00.  In addition, Plaintiff Legal Service Bureau, Inc., dba Global Fugitive Recovery is awarded against Defendant Orange County Bail Bonds, Inc. the sum of $42,750 as a penalty.  The total judgment in favor of Legal Service Bureau, Inc., dba Global Fugitive Recovery and against Defendant Orange County Bail Bonds, Inc. is $327,750.  Costs and/or interest to be determined by motion.

Judgment - 2

EXHIBIT 1, PAGE 21

2. Judgment on the Cross-Complaint is awarded in favor of Orange County Bail Bonds, Inc.

and against Cross-Defendants, Parwin Saddozai and Imron Saddozai, jointly and

severally, in the amount of $300,000 (the cost of recovery charged to Orange County Bail

Bonds, Inc by Legal Service Bureau, Inc) plus an additional amount of $26,000 for a total

of $326,000.

Dated:  OCT 3 1 2018                    JUDGE SHEILA FELL

                                        SHEILA FELL
                                        Judge of the Superior Court

Judgment – 3

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center Drive
Santa Ana, CA 92702

**SHORT TITLE:** Saddozai vs. American Contractors Indemnity Company

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER: 30-2015-00816859-CU-MC-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of Judgment was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at Santa Ana, California, on 10/31/2018.

Clerk of the Court, by: _Richard B_____ , Deputy

RUTAN & TUCKER, LLP
611 ANTON BOULEVARD # 1400
COSTA MESA, CA 92626 US

MAGARIAN & DIMERCURIO APLC
1265 N MANASSERO STREET, STE. #304
ANAHEIM, CA 92807 US

BRUCE G SCHWEITZER
PO BOX PO BOX 5306
NEWPORT BEACH, CA 92662 US

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 1

V3 1013a (June 2004)

Code of Civil Procedure, § CCP1013(a)

EXHIBIT 1, PAGE 23

EXHIBIT 1, PAGE 37

**EXHIBIT 2**

### SUPERIOR COURT OF CALIFORNIA,
### COUNTY OF ORANGE
### CENTRAL JUSTICE CENTER

### MINUTE ORDER

DATE: 07/18/2018          TIME: 10:00:00 AM          DEPT: C25

JUDICIAL OFFICER PRESIDING: Sheila Fell
CLERK:  Myra Nakata
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:  Corinne Mika

CASE NO: **30-2015-00816859-CU-MC-CJC** CASE INIT.DATE: 10/26/2015
CASE TITLE: **Saddozai vs. American Contractors Indemnity Company**
CASE CATEGORY: Civil - Unlimited          CASE TYPE: Misc Complaints - Other

EVENT ID/DOCUMENT ID: 72825804
**EVENT TYPE**: Motion - Other
MOVING PARTY: LEGAL SERVICE BUREAU, INC.
CAUSAL DOCUMENT/DATE FILED: Motion - Other to Determine Prejudgment Interest, 06/06/2018

**APPEARANCES**
Robert O. Owen, from Rutan & Tucker, LLP, present for Plaintiff(s).
Joseph A. Walker, from The Walker Law Firm, A Professional Corporation, present for Cross - Defendant,Plaintiff(s).
Krista L. DiMercurio, from Magarian & Dimercurio, APC, present for Defendant,Cross - Complainant(s).

Hearing held.

The Court hears oral argument and confirms the tentative ruling as posted on the Internet. Court's tentative ruling as posted on the Internet remains and now becomes the final order of the Court as follows:

**Determine Prejudgment Interest**

Legal Services Bureau, Inc. dba Global Fugitive Recovery has shown it is entitled to prejudgment interest; The parties do not oppose the amount of daily prejudgment interest or the commencement date to calculate the prejudgment interest; Grant daily prejudgment interest in the amount of $89.79 commencing 3/25/2015.

Parties waive notice.

_____

Note: Ex Parte communication in the form of a letter was received in the courtroom on 7/17/2018 from plaintiff/cross defendant Parwin Saddozai. The Court did not review the document and the document was returned to counsel of record for Parwin Saddozai this date.

EXHIBIT 2, PAGE 24
EXHIBIT 2, PAGE 38

**EXHIBIT 3**

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 03/06/2019               TIME: 10:00:00 AM          DEPT:  C25

JUDICIAL OFFICER PRESIDING: Sheila Fell
CLERK:  Rick Burns
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:  Corinne Mika, None

CASE NO: **30-2015-00816859-CU-MC-CJC** CASE INIT.DATE: 10/26/2015
CASE TITLE: **Saddozai vs. American Contractors Indemnity Company**
CASE CATEGORY: Civil - Unlimited          CASE TYPE: Misc Complaints - Other

---

EVENT ID/DOCUMENT ID: 72983457
**EVENT TYPE**: Motion for Attorney Fees
MOVING PARTY: LEGAL SERVICE BUREAU, INC.
CAUSAL DOCUMENT/DATE FILED: Motion for Attorney Fees, 12/20/2018

---

**APPEARANCES**
Robert O. Owen, from Rutan & Tucker, LLP, present for Plaintiff(s).
William J. Campbell, from Fitzgerald & Campbell, APLC, present for Appellant,Cross -
Defendant,Plaintiff(s).
Krista L. DiMercurio, from Magarian & DiMercurio APLC, present for Appellant,Cross -
Complainant,Defendant(s).

Court having read and considered the Moving Papers and having heard oral argument rules as follows:

**MOTION FOR ATTORNEY FEES**:

Some fees seemed excessive; Grant attorney fees in the amount of $67,217.44 plus prejudgment
interest in the amount of $118,163.64.

Defendant will submit a proposed amended judgment.

Entered: 6/MAR/2019/9

---

EXHIBIT 3, PAGE 25
EXHIBIT 3, PAGE 39

**EXHIBIT 4**

Court of Appeal, Fourth Appellate District, Division Three

Kevin J. Lane, Clerk/Executive Officer

Electronically FILED on 1/28/2019 by Denise Jackson, Deputy Clerk

## COURT OF APPEAL - STATE OF CALIFORNIA
## FOURTH APPELLATE DISTRICT
## DIVISION THREE

PARWIN SADDOZAI et al.,
Plaintiffs and Appellants,
v.
AMERICAN CONTRACTORS INDEMNITY COMPANY et al.,
Defendants and Appellants.

**G057149**
**Orange County Super. Ct. No. 30-2015-00816859**

---

Pursuant to California Rules of Court, rule 8.140(b)(1), the appeal filed December 28, 2018, is DISMISSED for cross-appellant Parwin Saddozai's failure to designate the record on appeal in a timely manner.

Cross-appellant is advised that this dismissal will become final as to this court 30 days after the date of this order, at which time this court will lose the power to vacate, reconsider or modify it.   (See Cal. Rules of Court, rule 8.264(b)(1).)   A motion to vacate dismissal requires a showing of good cause.   To allow the court sufficient time to review and evaluate the showing of good cause, a motion to vacate dismissal should be filed well before the 30-day jurisdictional deadline.

In all other respects, the appeal shall proceed accordingly as to appellants American Contractors Indemnity Company et al.

**O'LEARY, P.J.**
---
Presiding Justice

**EXHIBIT 5**

COURT OF APPEAL - STATE OF CALIFORNIA
FOURTH APPELLATE DISTRICT
DIVISION THREE

Office of the County Clerk
Orange County Superior Court  -  Main
P. O. Box 22024
700 Civic Center Drive West
Santa Ana, CA 92702

PARWIN SADDOZAI et al.,
Plaintiffs and Respondents,
v.
AMERICAN CONTRACTORS INDEMNITY COMPANY et al.,
Defendants and Appellants.

**G057149**
**Orange County Super. Ct. No. 30-2015-00816859**

_____

### * *PARTIAL REMITTITUR * *
### AS TO PARWIN SADDOZAI

I, Kevin J. Lane, Clerk/Administrator of the Court of Appeal of the State of
California, for the Fourth Appellate District, Division III, do hereby certify that the
attached is a true and correct copy of the original opinion or decision entered in the
above-entitled cause on January 28, 2019 and that this opinion has now become final.

☑ Appellant ___Respondent to recover costs
___Each party to bear own costs
___Costs are not awarded in this proceeding
___See decision for costs determination

Witness my hand and the Seal of the Court affixed at my office this April 2, 2019.

Kevin J. Lane
Clerk/Executive Officer

By: Michelle Castaneda, Deputy Clerk

cc: All Parties (Copy of remittitur only. Cal. Rules of Court, rule 8.272(d).)

**EXHIBIT 6**

# Docket (Register of Actions)

**Saddozai et al. v. American Contractors Indemnity Company et al.**
**Case Number G057149**

| Date | Description | Notes |
|------|-------------|-------|
| 12/24/2018 | Notice of appeal lodged/received. | Aplt Orange County Bail Bonds, Inc. et al. |
| 01/07/2019 | Returned document for non-conformance. | CCIS was rejected. Respondent's address needs to be corrected. |
| 01/07/2019 | Civil case information statement filed. | |
| 01/14/2019 | Filing fee. | Paid by appellant. |
| 01/02/2019 | Notice of appeal lodged/received. | Cross-appeal aplt Parwin Saddozai Notice of appeal filed on 12/28/2018; judgment filed 10/31/2018. |
| 01/18/2019 | Received copy of: | Notice of Inability to provide reporter's transcript for hearings only on 4/9/2018 and 4/11/2018. |
| 01/18/2019 | Appellant 's notice designating record on appeal filed in trial court on: | Filed on 1-18-2019 (Proceeding under rule 8.122 with RT) |
| 01/22/2019 | Default notice sent; no case information statement filed, or statement incomplete. | For cross appellant. Emailed all parties. |

EXHIBIT 6, PAGE 42

| 01/23/2019 | Briefing sequence order filed. | The parties have not filed a proposed briefing schedule as required by California Rules of Court, rule 8.216(a)(1). IT IS ORDERED that the parties shall file a joint proposed briefing schedule within 10 days from the date of this order, including both the briefing sequence and the briefing period, using the times as specified in Rule 8.212(a). The proposed joint briefing schedule shall identify by name, rather than status, the party or parties who will file each individual or combined brief, as well as the trigger point from which the period to file the brief shall commence to run. If the parties are unable to agree upon a joint proposed briefing schedule, the parties may file separate proposed briefing schedules. If the parties do not file joint or separate proposed briefing schedules within the 10-day period, the court will issue its own briefing schedule. A party shall promptly notify the court if the party does not intend to file a brief.
Emailed order to all parties. |
| 01/24/2019 | Received copy of: | Notice of failure to comply with notice of default from superior court. |
| 01/28/2019 | Appeal dismissed per rule 8.140(b). | Pursuant to California Rules of Court, rule 8.140(b)(1), the appeal filed December 28, 2018, is DISMISSED for cross-appellant Parwin Saddozai's failure to designate the record on appeal in a timely manner. Cross-appellant is advised that this dismissal will become final as to this court 30 days after the date of this order, at which time this court will lose the power to vacate, reconsider or modify it. (See Cal. Rules of Court, rule 8.264(b)(1).) A motion to vacate dismissal requires a showing of good cause. To allow the court sufficient time to review and evaluate the showing of good cause, a motion to vacate dismissal should be filed well before the 30-day jurisdictional deadline. In all other respects, the appeal shall proceed accordingly as to appellants American Contractors Indemnity Company et al. |
| 01/28/2019 | Filing fee. | Cross-appeal Parwin Saddozai Paid. |
| 01/30/2019 | Appellant's notice designating record on appeal filed in trial court on: | Filed on 1/2/2019 (Proceeding under rule 8.122 with RT) |
| 01/30/2019 | Notice to reporter to | M. Lozano |

prepare transcript.

| | | |
|---|---|---|
| 03/01/2019 | Record on appeal filed. | 2 CT, pages 1-538 1 RT, pages 1-292 |
| 03/01/2019 | Letter sent advising record on appeal has been filed. | |
| 04/02/2019 | Remittitur issued. | Partial remittitur as to appellant Parwin Saddozai. |
| 04/12/2019 | Appellant notified re failure to timely file opening brief. | |
| 04/22/2019 | Bankruptcy proceedings filed - matter stayed. | Filed by appellants- Notice of stay of proceedings. Filed 4/17/19 |
| 06/25/2019 | Order filed. | This court has been advised that on April 17, 2019, all proceedings related to this matter were stayed upon the filing of a petition for bankruptcy. (11 U.S.C., section 362(a).) The parties are ORDERED to inform this court within 10 days of the date of this order as to the status of the bankruptcy case. The parties are FURTHER ORDERED to inform this court whenever the bankruptcy court grants relief from the automatic stay, or that stay lapses. Failure to advise the court of the status of the bankruptcy case or when the stay is lifted may be grounds for the imposition of sanctions. |
| 07/03/2019 | Bankruptcy update due or dismiss as aba. | By appellant. Bankruptcy is still pending. |
| 09/11/2019 | Order filed. | This court has been advised that on April 17, 2019, all proceedings related to this matter were stayed upon the filing of a petition for bankruptcy. (11 U.S.C., section 362(a).) The parties are ORDERED to inform this court within 10 days of the date of this order as to the status |

of the bankruptcy case. The parties are FURTHER ORDERED to inform this court whenever the bankruptcy court grants relief from the automatic stay, or that stay lapses. Failure to advise the court of the status of the bankruptcy case or when the stay is lifted may be grounds for the imposition of sanctions.

| | | |
|---|---|---|
| 09/20/2019 | Bankruptcy update due or dismiss as aba. | Filed by appellant. Matter is still pending. |
| 11/20/2019 | Order filed. | This court has been advised that on April 17, 2019, all proceedings related to this matter were stayed upon the filing of a petition for bankruptcy. (11 U.S.C., section 362(a).) The parties are ORDERED to inform this court within 10 days of the date of this order as to the status of the bankruptcy case. The parties are FURTHER ORDERED to inform this court whenever the bankruptcy court grants relief from the automatic stay, or that stay lapses. Failure to advise the court of the status of the bankruptcy case or when the stay is lifted may be grounds for the imposition of sanctions. |
| 11/26/2019 | Change of address filed for: | Krista Lynn DiMercurio old address 1: 1265 N Manassero St Ste 304 new address 1: 315 N. Puente Street, Unit A old city: Anaheim new city: Brea old zip: 92807 new zip: 92821 |
| 11/26/2019 | Bankruptcy update due or dismiss as aba. | Filed by appellant. Matter is still pending. |
| 01/13/2020 | Order filed. | This court has been advised that on April 17, 2019, all proceedings related to this matter were stayed upon the filing of a petition for bankruptcy. (11 U.S.C., section 362(a).) The parties are ORDERED to inform this court within 10 days of the date of this order as to the status of the bankruptcy case. The parties are FURTHER ORDERED to inform this court whenever the bankruptcy court grants relief from the automatic stay, or that stay lapses. Failure to advise the court of the status of the bankruptcy case or when the stay is lifted may be grounds for the imposition of sanctions. |

| 01/23/2020 | Bankruptcy update due or dismiss as aba. | By appellant. Matter is still pending. |
| 03/10/2020 | Order filed. | This court has been advised that on April 17, 2019, all proceedings related to this matter were stayed upon the filing of a petition for bankruptcy. (11 U.S.C., section 362(a).) The parties are ORDERED to inform this court within 10 days of the date of this order as to the status of the bankruptcy case. The parties are FURTHER ORDERED to inform this court whenever the bankruptcy court grants relief from the automatic stay, or that stay lapses. Failure to advise the court of the status of the bankruptcy case or when the stay is lifted may be grounds for the imposition of sanctions. |
| 03/20/2020 | Bankruptcy update due or dismiss as aba. | by aplt.s BK still pending. |

**EXHIBIT 7**

Court of Appeal, Fourth Appellate District, Division Three
Kevin J. Lane, Clerk/Executive Officer
Electronically RECEIVED on 4/22/2019 at 8:34:36 PM

Court of Appeal, Fourth Appellate District, Division Three
Kevin J. Lane, Clerk/Executive Officer
Electronically FILED on 4/22/2019 by M. Castaneda, Deputy Clerk

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT, DIVISION THREE

ORANGE COUNTY BAIL BONDS, et al, )

          Appellants,

    vs.

PARWIN SADDOZAI, et al,

          Respondents.

Appellate No.:  G057149

Superior Court No.: 30-2015-00816859

---

On Appeal from the Orange County Superior Court,
The Honorable Sheila Fell

---

**NOTICE OF STAY OF PROCEEDINGS**

---

MARK D. MAGARIAN - #164755
KRISTA L. DIMERCURIO - #255774
MAGARIAN & DIMERCURIO
A Professional Law Corporation
Anaheim Hills Corporate Park
1265 N. Manassero Street, Suite 304
Anaheim, California 92807
Tel:  714-415-3412
Fax:  714-276-9944
Mark@Magarianlaw.com
Krista@Magarianlaw.com

Attorneys for Appellants,
ORANGE COUNTY BAIL BONDS,
INC. and AMERICAN
CONTRACTORS INDEMNITY
COMPANY

1

EXHIBIT 7, PAGE 47

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**HEREIN:**

**PLEASE TAKE NOTICE THAT:** On April 17, 2019, Respondent

PARWIN SADDOZAI ("Debtor"), filed a Voluntary Petition under

Chapter 13 of the United States Bankruptcy Code ("Bankruptcy Petition"),

in the United States Bankruptcy Court, Central District of California, Santa

Ana Division, thereby staying all judicial proceedings regarding the

division of Debtor's assets, including but not limited to community

property assets, pursuant to 11 U.S.C. Section 362(a).


A copy of the Initial Bankruptcy Petition is attached hereto as

Exhibit "1" and incorporated herein by this reference.


Dated:  April 22, 2019                    MAGARIAN & DIMERCURIO
                                          A PROFESSIONAL LAW
                                          CORPORATION


                                          _____
                                          KRISTA L. DIMERCURIO
                                          Attorney for Appellants,
                                          ORANGE COUNTY BAIL
                                          BONDS, INC. and AMERICAN
                                          CONTRACTORS INDEMNITY
                                          COMPANY

2

EXHIBIT 7, PAGE 48

## PROOF OF SERVICE
### (Pursuant to CCP § 1013 et. seq.)

I, Krista L. DiMercurio, am over the age of 18 years and a resident of the United States, employed in the County of Orange, State of California, and not a party to this action. My business address is 1265 N. Manassero St., Ste. 304, Anaheim, California 92807.

On April 22, 2019, I served:

## NOTICE OF STAY OF PROCEEDINGS

by PRIORITY MAIL by placing a true and correct copy in a sealed envelope with postage thereon fully prepaid in Anaheim, California and addressed as follows:

Parwin Saddozai
42 Pendant
Irvine, CA 92620

Robert Owen
Rutan & Tucker
611 Anton Blvd Ste 1400
Costa Mesa, CA 92626-1998

I declare that I am readily familiar with the business practice of collection and processing of correspondence for mailing with the United States Post Service at Anaheim, California, and know that the correspondence was deposited and placed for collection and mailing on that date following ordinary business practices.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 22nd day of April, 2019, at Anaheim, California.


KRISTA L. DIMERCURIO

3

EXHIBIT 7, PAGE 49

# EXHIBIT 1

4

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

CENTRAL DISTRICT OF CALIFORNIA

Case number (If known) _____

Chapter you are filing under:

☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
☒ Chapter 13

☐ Check if this an amended filing

## Official Form 101
# Voluntary Petition for Individuals Filing for Bankruptcy

12/17

The bankruptcy forms use you and Debtor 1 to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use you to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

| | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- | --- |
| 1. | Your full name | | |
| | Write the name that is on your government-issued picture identification (for example, your driver's license or passport). | Mohammad<br>First name | Parwin<br>First name |
| | | I.<br>Middle name | <br>Middle name |
| | Bring your picture identification to your meeting with the trustee. | Niazi<br>Last name and Suffix (Sr., Jr., II, III) | Saddozai<br>Last name and Suffix (Sr., Jr., II, III) |
| 2. | All other names you have used in the last 8 years<br>Include your married or maiden names. | | |
| 3. | Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN) | xxx-xx-0884 | xxx-xx-8105 |

EXHIBIT 7, PAGE 51

Debtor 1    **Mohammad I. Niazi**
Debtor 2    **Parwin Saddozai**

Case number (if known) _____

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4.** **Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years** Include trade names and *doing business as* names | ■ I have not used any business name or EINs. Business name(s) _____ EINs _____ | ■ I have not used any business name or EINs. Business name(s) _____ EINs _____ |

**5.** **Where you live**

**42 Pendant
Irvine, CA 92620**
Number, Street, City, State & ZIP Code

**Orange**
County

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

_____
Number, P.O. Box, Street, City, State & ZIP Code

If Debtor 2 lives at a different address:

_____
Number, Street, City, State & ZIP Code

_____
County

If Debtor 2's mailing address is different from yours, fill in here. Note that the court will send any notices to this mailing address.

_____
Number, P.O. Box, Street, City, State & ZIP Code

**6.** **Why you are choosing *this district* to file for bankruptcy**

Check one:

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

Check one:

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

Official Form 101    Voluntary Petition for Individuals Filing for Bankruptcy    page 2

EXHIBIT 7, PAGE 52

Debtor 1   Mohammad I. Niazi
Debtor 2   Parwin Saddozai                                                    Case number (if known) _____

| Part 2: | Tell the Court About Your Bankruptcy Case |

7.  **The chapter of the Bankruptcy Code you are choosing to file under**    *Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)*). Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

8.  **How you will pay the fee**

■ I will pay the entire fee when I file my petition. Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ I need to pay the fee in installments. If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ I request that my fee be waived (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments. If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

9.  **Have you filed for bankruptcy within the last 8 years?**

■ No.

☐ Yes.

| | | | | | |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

10.  **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

■ No

☐ Yes.

| | | | | | |
|---|---|---|---|---|---|
| Debtor | _____ | | | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |
| Debtor | _____ | | | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |

11.  **Do you rent your residence?**

■ No.   Go to line 12.

☐ Yes.   Has your landlord obtained an eviction judgment against you?

☐ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

Official Form 101                    Voluntary Petition for Individuals Filing for Bankruptcy                    page 3

EXHIBIT 7, PAGE 53

Debtor 1    Mohammad I. Niazi

Debtor 2    Parwin Saddozai

Case number *(if known)* _____

---

**Part 3:**    **Report About Any Businesses You Own as a Sole Proprietor**

**12.**  **Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ **No.**     Go to Part 4.

☐ **Yes.**     Name and location of business

_____

Name of business, if any

_____

Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13.**  **Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).*

☑ **No.**     I am not filing under Chapter 11.

☐ **No.**     I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ **Yes.**     I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

**Part 4:**    **Report If You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

**14.**  **Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ **No.**

☐ **Yes.**     What is the hazard?    _____

If immediate attention is needed, why is it needed?    _____

Where is the property?    _____

Number, Street, City, State and Zip Code

---

EXHIBIT 7, PAGE 54

Debtor 1    **Mohammad I. Niazi**
Debtor 2    **Parwin Saddozai**                                                   Case number *(if known)* _____

| **Part 5:** | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |
| --- | --- |

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
| --- | --- | --- |
| **15.  Tell the court whether you have received a briefing about credit counseling.**<br><br>The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You MUST truthfully check one of the following choices. If you cannot do so, you are not eligible to file.<br><br>If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again. | *You must check one:*<br><br>■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**<br><br>Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.<br><br>☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**<br><br>Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.<br><br>☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**<br><br>To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.<br><br>Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.<br><br>Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.<br><br>☐ **I am not required to receive a briefing about credit counseling because of:**<br><br>☐ **Incapacity.**<br>I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.<br><br>☐ **Disability.**<br>My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.<br><br>☐ **Active duty.**<br>I am currently on active military duty in a military combat zone.<br><br>If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court. | *You must check one:*<br><br>■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**<br><br>Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.<br><br>☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**<br><br>Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.<br><br>☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**<br><br>To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.<br><br>Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.<br><br>If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.<br><br>Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.<br><br>☐ **I am not required to receive a briefing about credit counseling because of:**<br><br>☐ **Incapacity.**<br>I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.<br><br>☐ **Disability.**<br>My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.<br><br>☐ **Active duty.**<br>I am currently on active military duty in a military combat zone.<br><br>If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court. |

EXHIBIT 7, PAGE 55

Debtor 1    Mohammad I. Niazi
Debtor 2    Parwin Saddozai                                    Case number (if known)

**Part 6:    Answer These Questions for Reporting Purposes**

| 16. | What kind of debts do you have? | 16a. | Are your debts primarily consumer debts? *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." |
|---|---|---|---|

☐ No. Go to line 16b.

■ Yes. Go to line 17.

16b.    Are your debts primarily business debts? *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

☐ Yes. Go to line 17.

16c.    State the type of debts you owe that are not consumer debts or business debts

_____

_____

17.    Are you filing under Chapter 7?

■ No.    I am not filing under Chapter 7. Go to line 18.

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

☐ Yes.    I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No
☐ Yes

18.    How many Creditors do you estimate that you owe?

■ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

19.    How much do you estimate your assets to be worth?

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
■ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

20.    How much do you estimate your liabilities to be?

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
■ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**Part 7:    Sign Below**

For you

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

/s/ Mohammad I. Niazi                          /s/ Parwin Saddozai
Mohammad I. Niazi                              Parwin Saddozai
Signature of Debtor 1                          Signature of Debtor 2

Executed on    **April 17, 2019**            Executed on    **April 17, 2019**
              MM / DD / YYYY                                MM / DD / YYYY

EXHIBIT 7, PAGE 56

Debtor 1    Mohammad I. Niazi

Debtor 2    Parwin Saddozai

Case number (if known) _____

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

_/s/ Freddie V. Vega, Esq._    Date    **April 17, 2019**
Signature of Attorney for Debtor    MM / DD / YYYY

**Freddie V. Vega, Esq.**
Printed name

**Legis Law, PC**
Firm name

**2101 East 4th Street**
**Suite A120**
**Santa Ana, CA 92705**
Number, Street, City, State & ZIP Code

Contact phone    **(844) 618-6705**    Email address    **fredvesq@legislaws.com**

**237191 CA**
Bar number & State

EXHIBIT 7, PAGE 57

## STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LBR 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

3.  (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at  **Santa Ana**_____, California.

Date:       **April 17, 2019**

/s/ Mohammad I. Niazi
Mohammad I. Niazi
Signature of Debtor 1

/s/ Parwin Saddozai
Parwin Saddozai
Signature of Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2018*                          *Page 1*          **F 1015-2.1.STMT.RELATED.CASES**

EXHIBIT 7, PAGE 58

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Mohammad I. Niazi** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Parwin Saddozai** | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number (if known) | | | |

☐ Check if this is an amended filing

## Official Form 106Sum
## Summary of Your Assets and Liabilities and Certain Statistical Information       12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

**Part 1:   Summarize Your Assets**

Your assets
Value of what you own

1.  Schedule A/B: Property (Official Form 106A/B)
    1a. Copy line 55, Total real estate, from Schedule A/B................................................................... $    850,000.00

    1b. Copy line 62, Total personal property, from Schedule A/B.......................................................... $    7,155.00

    1c. Copy line 63, Total of all property on Schedule A/B.................................................................... $    857,155.00

**Part 2:   Summarize Your Liabilities**

Your liabilities
Amount you owe

2.  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)
    2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D*... $    360,229.00

3.  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)
    3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*.................. $    0.00

    3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*........... $    430,499.00

Your total liabilities $    790,728.00

**Part 3:   Summarize Your Income and Expenses**

4.  *Schedule I: Your Income* (Official Form 106I)
    Copy your combined monthly income from line 12 of *Schedule I*.................................................... $    6,218.00

5.  *Schedule J: Your Expenses* (Official Form 106J)
    Copy your monthly expenses from line 22c of *Schedule J*.......................................................... $    6,200.00

**Part 4:   Answer These Questions for Administrative and Statistical Records**

6.  Are you filing for bankruptcy under Chapters 7, 11, or 13?
    ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

    ■ Yes

7.  What kind of debt do you have?
    ■ Your debts are primarily consumer debts. *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

    ☐ Your debts are not primarily consumer debts. You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Official Form 106Sum        Summary of Your Assets and Liabilities and Certain Statistical Information        page 1 of 2

EXHIBIT 7, PAGE 59

Debtor 1    **Mohammad I. Niazi**
Debtor 2    **Parwin Saddozai**                                    Case number *(if known)* _____

8.    From the *Statement of Your Current Monthly Income:* Copy your total current monthly income from Official Form          $ _____ 7,389.00
      122A-1 Line 11; OR, Form 122B Line 11; OR, Form 122C-1 Line 14.

9.    Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F:*

      From Part 4 on *Schedule E/F*, copy the following:                        Total claim

      9a. Domestic support obligations (Copy line 6a.)                          $ _____ 0.00

      9b. Taxes and certain other debts you owe the government. (Copy line 6b.) $ _____ 0.00

      9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.)    $ _____ 0.00

      9d. Student loans. (Copy line 6f.)                                        $ _____ 0.00

      9e. Obligations arising out of a separation agreement or divorce that you did not report as   $ _____ 0.00
          priority claims. (Copy line 6g.)

      9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.)   +$ _____ 0.00

      9g. **Total.** Add lines 9a through 9f.                                   $ _____ 0.00

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

EXHIBIT 7, PAGE 60

Fill in this information to identify your case and this filing:

| | |
|---|---|
| Debtor 1 | **Mohammad I. Niazi** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | **Parwin Saddozai** |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | |

☐ Check if this is an amended filing

## Official Form 106A/B
## Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:   Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.

☑ Yes. Where is the property?

**1.1**

**42 Pendantg**
Street address, if available, or other description

**Irvine          CA    92620-0000**
City          State     ZIP Code

**Orange**
County

**What is the property? Check all that apply**

☐ Single-family home
☐ Duplex or multi-unit building
☑ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other

**Who has an interest in the property? Check one**

☐ Debtor 1 only
☐ Debtor 2 only
☑ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $850,000.00 | $850,000.00 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.
**Fee simple**

☑ Check if this is community property (see instructions)

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.................................................=>   | $850,000.00 |

**Part 2:   Describe Your Vehicles**

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Case 8:19-bk-11419-ES    Doc 1    Filed 04/17/19    Entered 04/17/19 18:56:40    Desc
Main Document    Page 12 of 61

Debtor 1    **Mohammad I. Niazi**
Debtor 2    **Parwin Saddozai**                                         Case number *(if known)* _____

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

| | | |
|---|---|---|
| 3.1 | Make: **Lexus** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| | Model: **RX** | ☐ Debtor 1 only | |
| | Year: **2012** | ☐ Debtor 2 only | Current value of the entire property? / Current value of the portion you own? |
| | Approximate mileage: **78,000** | ■ Debtor 1 and Debtor 2 only | |
| | Other information: | ☐ At least one of the debtors and another | |
| | Location: 42 Pendant, Irvine CA 92620 | ■ Check if this is community property (see instructions) | $5,000.00 / $5,000.00 |

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

**5** Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here......................................... ⇒    $5,000.00

**Part 3:  Describe Your Personal and Household Items**

Do you own or have any legal or equitable interest in any of the following items?    Current value of the portion you own? Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes. Describe.....

| | |
|---|---|
| Household Good and Furnishing Location: 42 Pendant, Irvine CA 92620 | $500.00 |

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
☐ No
■ Yes. Describe.....

| | |
|---|---|
| Cell phone and 2 Television Sets Location: 42 Pendant, Irvine CA 92620 | $600.00 |

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
■ No
☐ Yes. Describe.....

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
■ No
☐ Yes. Describe.....

Official Form 106A/B                    Schedule A/B: Property                    page 2

EXHIBIT 7, PAGE 62

Debtor 1  **Mohammad I. Niazi**
Debtor 2  **Parwin Saddozai**                                      Case number *(If known)* _____

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
■ No
☐ Yes.  Describe.....

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
☐ No
■ Yes.  Describe.....

| Clothing and Accessories<br>Location: 42 Pendant, Irvine CA 92620 | $300.00 |
|---|---|

**12. Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
■ No
☐ Yes.  Describe.....

**13. Non-farm animals**
*Examples:* Dogs, cats, birds, horses
■ No
☐ Yes.  Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**
■ No
☐ Yes.  Give specific information.....

**15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ..........................................................    **$1,400.00**

**Part 4:** Describe Your Financial Assets

Do you own or have any legal or equitable interest in any of the following?    Current value of the portion you own?
Do not deduct secured claims or exemptions.

**16. Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
■ No
☐ Yes.................................................................

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
☐ No
■ Yes.....................

| | | Institution name: | |
|---|---|---|---|
| 17.1. | Checking | Wells Fargo Bank<br>Location: Irvine, CA Branch | $355.00 |
| 17.2. | Checking | Bank of America<br>Location: Irvine, CA Branch | $400.00 |

**18. Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
■ No
☐ Yes.................    Institution or issuer name:

Official Form 106A/B                  Schedule A/B: Property                          page 3

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                          Best Case Bankruptcy

Case 8:19-bk-11419-ES    Doc 1    Filed 04/17/19    Entered 04/17/19 18:56:40    Desc
Main Document        Page 14 of 61

Debtor 1    **Mohammad I. Niazi**
Debtor 2    **Parwin Saddozai**                                   Case number *(if known)* _____

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
- ■ No
- ☐ Yes. Give specific information about them...................
              Name of entity:                                      % of ownership:

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
- ■ No
- ☐ Yes. Give specific information about them
              Issuer name:

**21. Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
- ■ No
- ☐ Yes. List each account separately.
              Type of account:                   Institution name:

**22. Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
- ■ No
- ☐ Yes. ....................                    Institution name or individual:

**23. Annuities (A contract for a periodic payment of money to you, either for life or for a number of years)**
- ■ No
- ☐ Yes............    Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
- ■ No
- ☐ Yes............        Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
- ■ No
- ☐ Yes. Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
- ■ No
- ☐ Yes. Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
- ■ No
- ☐ Yes. Give specific information about them...

**Money or property owed to you?**                            **Current value of the portion you own?**
                                                              Do not deduct secured claims or exemptions.

**28. Tax refunds owed to you**
- ■ No
- ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

**29. Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
- ■ No
- ☐ Yes. Give specific information......

Official Form 106A/B                         Schedule A/B: Property                              page 4

EXHIBIT 7, PAGE 64

| Debtor 1 | Mohammad I. Niazi | |
|---|---|---|
| Debtor 2 | Parwin Saddozai | |
| | | Case number (if known) _____ |

**30. Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

■ No
☐ Yes. Give specific information..

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

■ No
☐ Yes. Name the insurance company of each policy and list its value.

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

■ No
☐ Yes. Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

■ No
☐ Yes. Describe each claim.........

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

■ No
☐ Yes. Describe each claim.........

**35. Any financial assets you did not already list**

■ No
☐ Yes. Give specific information..

**36.** Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here.................................................................... **$755.00**

**Part 5:    Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

**37. Do you own or have any legal or equitable interest in any business-related property?**
■ No. Go to Part 6.
☐ Yes. Go to line 38.

**Part 6:    Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**
If you own or have an interest in farmland, list it in Part 1.

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
■ No. Go to Part 7.
☐ Yes. Go to line 47.

**Part 7:    Describe All Property You Own or Have an Interest In That You Did Not List Above**

**53. Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership
■ No
☐ Yes. Give specific information.........

**54.** Add the dollar value of all of your entries from Part 7. Write that number here ..................................... **$0.00**

EXHIBIT 7, PAGE 65

| Debtor 1 | Mohammad I. Niazi |
|----------|-------------------|
| Debtor 2 | **Parwin Saddozai** |

Case number *(if known)* _____

**Part 8:**    List the Totals of Each Part of this Form

| | | |
|---|---|---|
| 55. | **Part 1: Total real estate, line 2** .................................................................................... | $850,000.00 |
| 56. | **Part 2: Total vehicles, line 5** | $5,000.00 |
| 57. | **Part 3: Total personal and household items, line 15** | $1,400.00 |
| 58. | **Part 4: Total financial assets, line 36** | $755.00 |
| 59. | **Part 5: Total business-related property, line 45** | $0.00 |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | $0.00 |
| 61. | **Part 7: Total other property not listed, line 54** + | $0.00 |
| 62. | **Total personal property. Add lines 56 through 61...**    $7,155.00    Copy personal property total | $7,155.00 |
| 63. | **Total of all property on Schedule A/B. Add line 55 + line 62** | $857,155.00 |

EXHIBIT 7, PAGE 66

Case 8:19-bk-11419-ES    Doc 1    Filed 04/17/19    Entered 04/17/19 18:56:40    Desc
Main Document    Page 17 of 61

Fill in this information to identify your case:

| Debtor 1 | **Mohammad I. Niazi** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Parwin Saddozai** | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number
(if known) _____

☐ Check if this is an
amended filing

## Official Form 106C
## Schedule C: The Property You Claim as Exempt                          4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

**Part 1:    Identify the Property You Claim as Exempt**

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **42 Pendantg Irvine, CA 92620**<br>**Orange County**<br>Line from *Schedule A/B*: 1.1 | $850,000.00 | ■ $100,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.730 |
| **2012 Lexus RX 78,000 miles**<br>**Location: 42 Pendant, Irvine CA 92620**<br>Line from *Schedule A/B*: 3.1 | $5,000.00 | ■ $3,325.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.010 |
| **Household Good and Furnishing**<br>**Location: 42 Pendant, Irvine CA 92620**<br>Line from *Schedule A/B*: 6.1 | $500.00 | ■ $500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **Cell phone and 2 Television Sets**<br>**Location: 42 Pendant, Irvine CA 92620**<br>Line from *Schedule A/B*: 7.1 | $600.00 | ■ $600.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **Clothing and Accessories**<br>**Location: 42 Pendant, Irvine CA 92620**<br>Line from *Schedule A/B*: 11.1 | $300.00 | ■ $300.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |

Official Form 106C                    Schedule C: The Property You Claim as Exempt                    page 1 of 2

EXHIBIT 7, PAGE 67

Debtor 1    **Mohammad I. Niazi**
Debtor 2    **Parwin Saddozai**

Case number (if known) _____

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Checking: Wells Fargo Bank**<br>**Location: Irvine, CA Branch**<br>Line from *Schedule A/B*: **17.1** | $355.00 | ■                 $355.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.070** |
| **Checking: Bank of America**<br>**Location: Irvine, CA Branck**<br>Line from *Schedule A/B*: **17.2** | $400.00 | ■                 $400.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.070** |

3. **Are you claiming a homestead exemption of more than $170,350?**
   (Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.)

   ■ No

   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

       ☐ No

       ☐ Yes

EXHIBIT 7, PAGE 68

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Mohammad I. Niazi** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Parwin Saddozai** | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number (if known) | | | |

☐ Check if this is an amended filing

**Official Form 106D**

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1: List All Secured Claims**

2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A<br>Amount of claim<br>Do not deduct the<br>value of collateral. | Column B<br>Value of collateral<br>that supports this<br>claim | Column C<br>Unsecured<br>portion<br>if any |
|---|---|---|---|---|
| **2.1** **Wells Fargo Home Mortgage**<br>Creditor's Name<br><br>**Attn: Bankruptcy Dept**<br>**P.O. Box 10335**<br>**Des Moines, IA 50306**<br>Number, Street, City, State & Zip Code | Describe the property that secures the claim:<br><br>**Real Estate Mortgage - Condo located at 42 Pendant, Irvine, CA 92620**<br>As of the date you file, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $360,229.00 | $850,000.00 | $0.00 |

Who owes the debt? Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ Check if this claim relates to a community debt

Nature of lien. Check all that apply.
■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **Deed of Trust**

Date debt was incurred    **Opened 06/12  Last Active 4/01/19**    Last 4 digits of account number    **7716**

Add the dollar value of your entries in Column A on this page. Write that number here:    $360,229.00

If this is the last page of your form, add the dollar value totals from all pages. Write that number here:    $360,229.00

**Part 2: List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Mohammad I. Niazi** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | **Parwin Saddozai** |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List All of Your PRIORITY Unsecured Claims

1.  Do any creditors have priority unsecured claims against you?

■ No. Go to Part 2.

☐ Yes.

### Part 2:    List All of Your NONPRIORITY Unsecured Claims

3.  Do any creditors have nonpriority unsecured claims against you?

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

■ Yes.

4.  List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim. If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3. If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

|  | | | Total claim |
|---|---|---|---|
| **4.1** | **American Contractors Indemnity** | Last 4 digits of account number    6859 | $326,000.00 |
| | Nonpriority Creditor's Name | | |
| | **c/o Magaria & DiMecurio** | When was the debt incurred?    11/14/2018 | |
| | **Anaheim, CA 92807** | | |
| | Number Street City State Zip Code | As of the date you file, the claim is: Check all that apply | |

Who incurred the debt? Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

■ Check if this claim is for a community debt

Is the claim subject to offset?

■ No

☐ Yes

☐ Contingent

☐ Unliquidated

☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    42 Pendant. Irvine, CA 92620

EXHIBIT 7, PAGE 70

Debtor 1   **Mohammad I. Niazi**
Debtor 2   **Parwin Saddozai**                                                      Case number (if known)

| 4.2 | **American Honda Finance** | Last 4 digits of account number  **5044** | | **$0.00** |
|---|---|---|---|---|

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 168088**                    **When was the debt incurred?**    **Opened 05/14  Last Active**
**Irving, TX 75016**                                                   **8/03/18**
Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

☐ Debtor 1 only                        ☐ Contingent
■ Debtor 2 only                        ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only           ☐ Disputed
☐ At least one of the debtors and another   Type of NONPRIORITY unsecured claim:
☐ Check if this claim is for a  community   ☐ Student loans
debt                                    ☐ Obligations arising out of a separation agreement or divorce that you did not
Is the claim subject to offset?         report as priority claims
■ No                                    ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                   ■ Other. Specify   **Automobile**

| 4.3 | **Amex** | Last 4 digits of account number  **2683** | | **$1,964.00** |
|---|---|---|---|---|

Nonpriority Creditor's Name
**Correspondence/Bankruptcy**
**Po Box 981540**                      **When was the debt incurred?**    **Opened 09/18  Last Active**
**El Paso, TX 79998**                                                    **4/05/19**
Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

☐ Debtor 1 only                        ☐ Contingent
■ Debtor 2 only                        ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only           ☐ Disputed
☐ At least one of the debtors and another   Type of NONPRIORITY unsecured claim:
☐ Check if this claim is for a  community   ☐ Student loans
debt                                    ☐ Obligations arising out of a separation agreement or divorce that you did not
Is the claim subject to offset?         report as priority claims
■ No                                    ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                   ■ Other. Specify   **Credit Card**

| 4.4 | **Amex** | Last 4 digits of account number  **5573** | | **$64.00** |
|---|---|---|---|---|

Nonpriority Creditor's Name
**Correspondence/Bankruptcy**
**Po Box 981540**                      **When was the debt incurred?**    **Opened 12/03  Last Active**
**El Paso, TX 79998**                                                    **4/08/19**
Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

☐ Debtor 1 only                        ☐ Contingent
■ Debtor 2 only                        ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only           ☐ Disputed
☐ At least one of the debtors and another   Type of NONPRIORITY unsecured claim:
☐ Check if this claim is for a  community   ☐ Student loans
debt                                    ☐ Obligations arising out of a separation agreement or divorce that you did not
Is the claim subject to offset?         report as priority claims
■ No                                    ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                   ■ Other. Specify   **Credit Card**

EXHIBIT 7, PAGE 71

Case 8:19-bk-11419-ES    Doc 1    Filed 04/17/19    Entered 04/17/19 18:56:40    Desc
Main Document    Page 22 of 61

Debtor 1    **Mohammad I. Niazi**
Debtor 2    **Parwin Saddozai**                                Case number (if known)

| 4.5 | **Amex/Bankruptcy** | Last 4 digits of account number | **6971** | | $0.00 |

Nonpriority Creditor's Name
**Correspondence**
**Po Box 981540**        When was the debt incurred?    **Opened 07/94  Last Active**
**El Paso, TX 79998**                                   **2/02/19**
Number Street City State Zip Code

Who incurred the debt? Check one.                As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only                                  ☐ Contingent
☑ Debtor 2 only                                  ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only                     ☐ Disputed
☐ At least one of the debtors and another        Type of NONPRIORITY unsecured claim:
☐ Check if this claim is for a community         ☐ Student loans
debt                                             ☐ Obligations arising out of a separation agreement or divorce that you did not
Is the claim subject to offset?                  report as priority claims
☑ No                                             ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                            ☑ Other. Specify    **Credit Card**

| 4.6 | **Capital One/Neiman Marcus** | Last 4 digits of account number | **7151** | | $0.00 |

Nonpriority Creditor's Name
**Attn: Bankruptcy Dept**
**Po Box 30285**         When was the debt incurred?    **Opened 12/06  Last Active**
**Salt Lake City, UT 84130**                            **03/19**
Number Street City State Zip Code

Who incurred the debt? Check one.                As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only                                  ☐ Contingent
☑ Debtor 2 only                                  ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only                     ☐ Disputed
☐ At least one of the debtors and another        Type of NONPRIORITY unsecured claim:
☐ Check if this claim is for a community         ☐ Student loans
debt                                             ☐ Obligations arising out of a separation agreement or divorce that you did not
Is the claim subject to offset?                  report as priority claims
☑ No                                             ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                            ☑ Other. Specify    **Charge Account**

| 4.7 | **Comenity bank/J Crew** | Last 4 digits of account number | **0402** | | $0.00 |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 182125**        When was the debt incurred?    **Opened 05/10  Last Active**
**Columbus, OH 43218**                                  **11/18**
Number Street City State Zip Code

Who incurred the debt? Check one.                As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only                                  ☐ Contingent
☑ Debtor 2 only                                  ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only                     ☐ Disputed
☐ At least one of the debtors and another        Type of NONPRIORITY unsecured claim:
☐ Check if this claim is for a community         ☐ Student loans
debt                                             ☐ Obligations arising out of a separation agreement or divorce that you did not
Is the claim subject to offset?                  report as priority claims
☑ No                                             ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                            ☑ Other. Specify    **Charge Account**

EXHIBIT 7, PAGE 72

Debtor 1  **Mohammad I. Niazi**
Debtor 2  **Parwin Saddozai**                                                      Case number (if known)

---

| 4.8 | **Dsnb Bloomingdales** | Last 4 digits of account number | **0231** | | | **$0.00** |

Nonpriority Creditor's Name
**Attn: Recovery "Bk"**
**Po Box 9111**            When was the debt incurred?    **Opened 04/04  Last Active**
**Mason, OH 45040**                                        **3/15/19**
Number Street City State Zip Code

Who incurred the debt? Check one.                As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only                                 ☐ Contingent
■ Debtor 2 only                                 ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only                    ☐ Disputed
☐ At least one of the debtors and another       Type of NONPRIORITY unsecured claim:
☐ Check if this claim is for a  community       ☐ Student loans
  debt                                          ☐ Obligations arising out of a separation agreement or divorce that you did not
Is the claim subject to offset?                 report as priority claims
■ No                                            ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                           ■ Other. Specify  **Charge Account**

---

| 4.9 | **Iq Data International** | Last 4 digits of account number | **7881** | | | **$4,830.00** |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 39**             When was the debt incurred?    **Opened 01/15**
**Bothell, WA 98041**
Number Street City State Zip Code

Who incurred the debt? Check one.                As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only                                 ☐ Contingent
■ Debtor 2 only                                 ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only                    ☐ Disputed
☐ At least one of the debtors and another       Type of NONPRIORITY unsecured claim:
☐ Check if this claim is for a  community       ☐ Student loans
  debt                                          ☐ Obligations arising out of a separation agreement or divorce that you did not
Is the claim subject to offset?                 report as priority claims
■ No                                            ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                           ■ Other. Specify  **Collection Attorney Chatham Parkway Apts**
                                                                   **Ga**

---

| 4.10 | **Jefferson Capital Systems, LLC** | Last 4 digits of account number | **5003** | | | **$162.00** |

Nonpriority Creditor's Name
**Po Box 1999**            When was the debt incurred?    **Opened 10/17**
**Saint Cloud, MN 56302**
Number Street City State Zip Code

Who incurred the debt? Check one.                As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only                                 ☐ Contingent
■ Debtor 2 only                                 ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only                    ☐ Disputed
☐ At least one of the debtors and another       Type of NONPRIORITY unsecured claim:
☐ Check if this claim is for a  community       ☐ Student loans
  debt                                          ☐ Obligations arising out of a separation agreement or divorce that you did not
Is the claim subject to offset?                 report as priority claims
■ No                                            ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                           ■ Other. Specify  **Factoring Company Account Nordstrom**
                                                                   **Bank Debit Card**

---

EXHIBIT 7, PAGE 73

Case 8:19-bk-11419-ES   Doc 1   Filed 04/17/19   Entered 04/17/19 18:56:40   Desc
Main Document      Page 24 of 61

Debtor 1   **Mohammad I. Niazi**
Debtor 2   **Parwin Saddozai**                                      Case number (if known) _____

| 4.1 | | | | |
|---|---|---|---|---|
| 1 | **Nordstrom FSB** | Last 4 digits of account number | **5820** | $0.00 |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 6555**
**Englewood, CO 80155**

When was the debt incurred?   **Opened 06/98 Last Active 10/23/18**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only
■ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a  community debt

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Credit Card**

Is the claim subject to offset?

■ No
☐ Yes

---

| 4.1 | | | | |
|---|---|---|---|---|
| 2 | **Nordstrom Signature Visa** | Last 4 digits of account number | **6877** | $15,003.00 |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 6555**
**Englewood, CO 80155**

When was the debt incurred?   **Opened 09/02 Last Active 3/31/19**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only
■ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a  community debt

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Credit Card**

Is the claim subject to offset?

■ No
☐ Yes

---

| 4.1 | | | | |
|---|---|---|---|---|
| 3 | **Phillips Law** | Last 4 digits of account number | **unknown** | $5,725.00 |

Nonpriority Creditor's Name
**801 Pendant Drive**
**Suite 105**
**Santa Ana, CA 92705**

When was the debt incurred?   **various**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ Check if this claim is for a  community debt

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Attorney services**

Is the claim subject to offset?

■ No
☐ Yes

---

EXHIBIT 7, PAGE 74

Case 8:19-bk-11419-ES    Doc 1    Filed 04/17/19    Entered 04/17/19 18:56:40    Desc
Main Document    Page 25 of 61

Debtor 1  **Mohammad I. Niazi**
Debtor 2  **Parwin Saddozal**

Case number (if known)

---

| 4.1 | | | |
|---|---|---|---|
| 4 | **Synchrony Bank/Gap** | Last 4 digits of account number   **3350** | **$0.00** |

Nonpriority Creditor's Name

**Attn: Bankruptcy Dept
Po Box 965060
Orlando, FL 32896**

When was the debt incurred?    **Opened  2/17/17  Last Active 3/31/17**

Number Street City State Zip Code

Who incurred the debt? Check one.

☐ Debtor 1 only
■ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?
■ No
☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Credit Card**

---

| 4.1 | | | |
|---|---|---|---|
| 5 | **The Walker Firm** | Last 4 digits of account number   **unknown** | **$75,000.00** |

Nonpriority Creditor's Name

**3991 MacArthur Blvd
Suite 350
Newport Beach, CA 92660**

When was the debt incurred?    **various**

Number Street City State Zip Code

Who incurred the debt? Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ Check if this claim is for a community debt

Is the claim subject to offset?
■ No
☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Attorney Services**

---

| 4.1 | | | |
|---|---|---|---|
| 6 | **Wells Fargo Bank NA** | Last 4 digits of account number   **4760** | **$1,751.00** |

Nonpriority Creditor's Name

**Attn: Bankruptcy
1 Home Campus Mac X2303-01a
Des Moines, IA 50328**

When was the debt incurred?    **Opened 03/19  Last Active 4/07/19**

Number Street City State Zip Code

Who incurred the debt? Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ Check if this claim is for a community debt

Is the claim subject to offset?
■ No
☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Credit Card**

---

**Part 3:**  **List Others to Be Notified About a Debt That You Already Listed**

---

EXHIBIT 7, PAGE 75

| Debtor 1 | **Mohammad I. Niazi** | | |
|---|---|---|---|
| Debtor 2 | **Parwin Saddozai** | | |
| | | Case number (if known) | |

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

**Part 4:    Add the Amounts for Each Type of Unsecured Claim**

6. **Total the amounts of certain types of unsecured claims.** This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

|  | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | Domestic support obligations | 6a. $ | 0.00 |
| | 6b. | Taxes and certain other debts you owe the government | 6b. $ | 0.00 |
| | 6c. | Claims for death or personal injury while you were intoxicated | 6c. $ | 0.00 |
| | 6d. | Other. Add all other priority unsecured claims. Write that amount here. | 6d. $ | 0.00 |
| | 6e. | Total Priority. Add lines 6a through 6d. | 6e. $ | 0.00 |
| | | | | Total Claim |
| | 6f. | Student loans | 6f. $ | 0.00 |
| **Total claims from Part 2** | 6g. | Obligations arising out of a separation agreement or divorce that you did not report as priority claims | 6g. $ | 0.00 |
| | 6h. | Debts to pension or profit-sharing plans, and other similar debts | 6h. $ | 0.00 |
| | 6i. | Other. Add all other nonpriority unsecured claims. Write that amount here. | 6i. $ | 430,499.00 |
| | 6j. | Total Nonpriority. Add lines 6f through 6i. | 6j. $ | 430,499.00 |

EXHIBIT 7, PAGE 76

Fill in this information to identify your case:

| Debtor 1 | **Mohammad I. Niazi** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Parwin Saddozai** | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number
(if known)

☐ Check if this is an
amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1.  **Do you have any executory contracts or unexpired leases?**
    ■ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.
    ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2.  List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone). See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| **2.1** | |
| Name | |
| Number    Street | |
| City                State            ZIP Code | |
| **2.2** | |
| Name | |
| Number    Street | |
| City                State            ZIP Code | |
| **2.3** | |
| Name | |
| Number    Street | |
| City                State            ZIP Code | |
| **2.4** | |
| Name | |
| Number    Street | |
| City                State            ZIP Code | |
| **2.5** | |
| Name | |
| Number    Street | |
| City                State            ZIP Code | |

EXHIBIT 7, PAGE 77

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Mohammad I. Niazi** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Parwin Saddozai** | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | | | |
| (if known) | | | |

☐ Check if this is an
amended filing

## Official Form 106H
## Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

■ No
☐ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories include* Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☐ No. Go to line 3.
■ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

   ☐ No
   ■ Yes.

In which community state or territory did you live?    **-NONE-**   . Fill in the name and current address of that person.

_____
Name of your spouse, former spouse, or legal equivalent
Number, Street, City, State & Zip Code

**3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| Column 1: Your codebtor<br>Name, Number, Street, City, State and ZIP Code | Column 2: The creditor to whom you owe the debt<br>Check all schedules that apply: |
|---|---|
| 3.1 _____<br>Name<br><br>Number    Street<br>City            State            ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |
| 3.2 _____<br>Name<br><br>Number    Street<br>City            State            ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |

EXHIBIT 7, PAGE 78

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | Mohammad I. Niazi |
| Debtor 2 (Spouse, if filing) | Parwin Saddozai |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | |

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:

MM / DD / YYYY

## Official Form 106I
## Schedule I: Your Income                                        12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Employment

1. Fill in your employment information.

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| Employment status | | ☑ Employed<br>☐ Not employed | ☐ Employed<br>☑ Not employed |
| Occupation | | Linguist | |
| Employer's name | | Acclaim Technical Services, Inc. | |
| Employer's address | | 11091 Sunset Hills, Suite 150<br>Reston, VA 20190 | |
| How long employed there? | | 10 Years | |

### Part 2:   Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 8,356.00 | $ 0.00 |
| 3. | Estimate and list monthly overtime pay. | 3. | +$ 0.00 | +$ 0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | $ 8,356.00 | $ 0.00 |

EXHIBIT 7, PAGE 79

Debtor 1    **Mohammad I. Niazi**
Debtor 2    **Parwin Saddozai**

Case number (if known) _____

| | | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|---|
| | Copy line 4 here | | 4. | $ 8,356.00 | $ 0.00 |
| **5.** | **List all payroll deductions:** | | | | |
| | 5a. Tax, Medicare, and Social Security deductions | 5a. | | $ 975.00 | $ 0.00 |
| | 5b. Mandatory contributions for retirement plans | 5b. | | $ 0.00 | $ 0.00 |
| | 5c. Voluntary contributions for retirement plans | 5c. | | $ 0.00 | $ 0.00 |
| | 5d. Required repayments of retirement fund loans | 5d. | | $ 1,000.00 | $ 0.00 |
| | 5e. Insurance | 5e. | | $ 163.00 | $ 0.00 |
| | 5f. Domestic support obligations | 5f. | | $ 0.00 | $ 0.00 |
| | 5g. Union dues | 5g. | | $ 0.00 | $ 0.00 |
| | 5h. Other deductions. Specify: _____ | 5h.+ | | $ 0.00 + | $ 0.00 |
| **6.** | Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | | $ 2,138.00 | $ 0.00 |
| **7.** | Calculate total monthly take-home pay. Subtract line 6 from line 4. | 7. | | $ 6,218.00 | $ 0.00 |
| **8.** | **List all other income regularly received:** | | | | |
| | 8a. Net income from rental property and from operating a business, profession, or farm Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | | $ 0.00 | $ 0.00 |
| | 8b. Interest and dividends | 8b. | | $ 0.00 | $ 0.00 |
| | 8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | | $ 0.00 | $ 0.00 |
| | 8d. Unemployment compensation | 8d. | | $ 0.00 | $ 0.00 |
| | 8e. Social Security | 8e. | | $ 0.00 | $ 0.00 |
| | 8f. Other government assistance that you regularly receive Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | | $ 0.00 | $ 0.00 |
| | 8g. Pension or retirement income | 8g. | | $ 0.00 | $ 0.00 |
| | 8h. Other monthly income. Specify: _____ | 8h.+ | | $ 0.00 + | $ 0.00 |
| **9.** | Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | | $ 0.00 | $ 0.00 |
| **10.** | Calculate monthly income. Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | | $ 6,218.00 + $ 0.00 = | $ 6,218.00 |
| **11.** | State all other regular contributions to the expenses that you list in *Schedule J.* Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives. Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.* Specify: _____ | | | 11. +$ | 0.00 |
| **12.** | Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related Data, if it applies | | | 12. $ | 6,218.00 Combined monthly income |

**13.** Do you expect an increase or decrease within the year after you file this form?

■ No.

☐ Yes. Explain: _____

EXHIBIT 7, PAGE 80

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Mohammad I. Niazi** |
| Debtor 2 (Spouse, if filing) | **Parwin Saddozai** |
| United States Bankruptcy Court for the: | **CENTRAL DISTRICT OF CALIFORNIA** |
| Case number (if known) | |

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

Official Form 106J

# Schedule J: Your Expenses                                                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Your Household

**1.  Is this a joint case?**

☐ No. Go to line 2.
■ Yes. Does Debtor 2 live in a separate household?

   ■ No
   ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

**2.  Do you have dependents?**    ☐ No

Do not list Debtor 1 and Debtor 2.    ■ Yes. Fill out this information for each dependent..............

Do not state the dependents names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Son | 27 | ☐ No  ■ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |

**3.  Do your expenses include expenses of people other than yourself and your dependents?**    ■ No    ☐ Yes

## Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | Your expenses |
|---|---|---|
| 4.  The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $ | 2,804.00 |
| If not included in line 4: | | |
| 4a.    Real estate taxes | 4a. $ | 0.00 |
| 4b.    Property, homeowner's, or renter's insurance | 4b. $ | 0.00 |
| 4c.    Home maintenance, repair, and upkeep expenses | 4c. $ | 200.00 |
| 4d.    Homeowner's association or condominium dues | 4d. $ | 110.00 |
| 5.  Additional mortgage payments for your residence, such as home equity loans | 5. $ | 0.00 |

EXHIBIT 7, PAGE 81

Debtor 1    **Mohammad I. Niazi**
Debtor 2    **Parwin Saddozai**                                      Case number (If known)

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a.   Electricity, heat, natural gas | 6a. | $ | 250.00 |
| | 6b.   Water, sewer, garbage collection | 6b. | $ | 103.00 |
| | 6c.   Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | 286.00 |
| | 6d.   Other. Specify: | 6d. | $ | 0.00 |
| 7. | **Food and housekeeping supplies** | 7. | $ | 700.00 |
| 8. | **Childcare and children's education costs** | 8. | $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ | 200.00 |
| 10. | **Personal care products and services** | 10. | $ | 100.00 |
| 11. | **Medical and dental expenses** | 11. | $ | 300.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ | 300.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ | 100.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $ | 80.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a.   Life insurance | 15a. | $ | 0.00 |
| | 15b.   Health insurance | 15b. | $ | 0.00 |
| | 15c.   Vehicle insurance | 15c. | $ | 67.00 |
| | 15d.   Other insurance. Specify: | 15d. | $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. | $ | 0.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a.   Car payments for Vehicle 1 | 17a. | $ | 0.00 |
| | 17b.   Car payments for Vehicle 2 | 17b. | $ | 0.00 |
| | 17c.   Other. Specify: | 17c. | $ | 0.00 |
| | 17d.   Other. Specify: | 17d. | $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. | $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. | $ | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
| | 20a.   Mortgages on other property | 20a. | $ | 0.00 |
| | 20b.   Real estate taxes | 20b. | $ | 0.00 |
| | 20c.   Property, homeowner's, or renter's insurance | 20c. | $ | 0.00 |
| | 20d.   Maintenance, repair, and upkeep expenses | 20d. | $ | 0.00 |
| | 20e.   Homeowner's association or condominium dues | 20e. | $ | 0.00 |
| 21. | **Other: Specify:   Car Registration/Maintenance/Repairs** | 21. | +$ | 200.00 |
| | **Miscellaneous** | | +$ | 150.00 |
| | **Contributions to son** | | +$ | 250.00 |
| 22. | **Calculate your monthly expenses** | | | |
| | 22a. Add lines 4 through 21. | | $ | 6,200.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | | $ | 6,200.00 |
| 23. | **Calculate your monthly net income.** | | | |
| | 23a.  Copy line 12 (*your combined monthly income*) from Schedule I. | 23a. | $ | 6,218.00 |
| | 23b.  Copy your monthly expenses from line 22c above. | 23b. | -$ | 6,200.00 |
| | 23c.  Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. | $ | 18.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.
☐ Yes.    Explain here:

EXHIBIT 7, PAGE 82

Fill in this information to identify your case:

| Debtor 1 | **Mohammad I. Niazi** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Parwin Saddozai** | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | | | |
| (if known) | | | |

☐ Check if this is an amended filing

## Official Form 106Dec
# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes.  Name of person _____     *Attach Bankruptcy Petition Preparer's Notice, Declaration, and Signature (Official Form 119)*

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X /s/ Mohammad I. Niazi _____     X /s/ Parwin Saddozai _____
   **Mohammad I. Niazi**                         **Parwin Saddozai**
   Signature of Debtor 1                         Signature of Debtor 2

Date  April 17, 2019 _____             Date  April 17, 2019 _____

Official Form 106Dec            Declaration About an Individual Debtor's Schedules

EXHIBIT 7, PAGE 83

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Mohammad I. Niazi** | |
| | First Name          Middle Name          Last Name | |
| Debtor 2 | **Parwin Saddozai** | |
| (Spouse if, filing) | First Name          Middle Name          Last Name | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | |
| Case number | | |
| (if known) | | |

☐ Check if this is an
amended filing

## Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy
4/19

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

### Part 1:  Give Details About Your Marital Status and Where You Lived Before

1.  **What is your current marital status?**

    ■ Married
    ☐ Not married

2.  **During the last 3 years, have you lived anywhere other than where you live now?**

    ■ No
    ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|

3.  **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

    ☐ No
    ■ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2    Explain the Sources of Your Income

4.  **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
    Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
    If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

    ☐ No
    ■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of income Check all that apply. | Gross income (before deductions and exclusions) | Sources of income Check all that apply. | Gross income (before deductions and exclusions) |
| From January 1 of current year until the date you filed for bankruptcy: | ■ Wages, commissions, bonuses, tips | $24,337.00 | ☐ Wages, commissions, bonuses, tips | $0.00 |
| | ☐ Operating a business | | ☐ Operating a business | |

EXHIBIT 7, PAGE 84

Debtor 1    **Mohammad I. Niazi**

Debtor 2    **Parwin Saddozai**

Case number (if known) _____

| | Debtor 1 Sources of income Check all that apply. | Gross income (before deductions and exclusions) | Debtor 2 Sources of income Check all that apply. | Gross income (before deductions and exclusions) |
|---|---|---|---|---|
| **For last calendar year:** (January 1 to December 31, 2018 ) | ■ Wages, commissions, bonuses, tips | $91,132.00 | ■ Wages, commissions, bonuses, tips | $7,430.00 |
| | ☐ Operating a business | | ☐ Operating a business | |
| **For the calendar year before that:** (January 1 to December 31, 2017 ) | ■ Wages, commissions, bonuses, tips | $101,434.00 | ■ Wages, commissions, bonuses, tips | $9,718.00 |
| | ☐ Operating a business | | ☐ Operating a business | |

5. **Did you receive any other income during this year or the two previous calendar years?**
Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

■ No

☐ Yes. Fill in the details.

| | Debtor 1 Sources of income Describe below. | Gross income from each source (before deductions and exclusions) | Debtor 2 Sources of income Describe below. | Gross income (before deductions and exclusions) |
|---|---|---|---|---|

| Part 3: | **List Certain Payments You Made Before You Filed for Bankruptcy** |
|---|---|

6. **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐ **No.** Neither Debtor 1 nor Debtor 2 has primarily consumer debts. *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,825* or more?

☐ **No.**    Go to line 7.

☐ **Yes**    List below each creditor to whom you paid a total of $6,825* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

* Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.

■ **Yes.** Debtor 1 or Debtor 2 or both have primarily consumer debts.

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

■ **No.**    Go to line 7.

☐ **Yes**    List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|

EXHIBIT 7, PAGE 85

| Debtor 1 | Mohammad I. Niazi | |
|---|---|---|
| Debtor 2 | Parwin Saddozai | Case number (if known) |

**7.** **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

■ No
☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

**8.** **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
Include payments on debts guaranteed or cosigned by an insider.

■ No
☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|

**Part 4:    Identify Legal Actions, Repossessions, and Foreclosures**

**9.** **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☐ No
■ Yes. Fill in the details.

| Case title Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| Parwin Saddozai vs. American Contractors Indemnity  Company consolidated with Legal Service Bureau, Inc. vs. Orange County Bail Bonds, Inc 30-2015-00816859 & 30-2017-00914190 | Lawsuit by Bail Bonds Co. against Debors | Superior Court of California 700 W. Civic Center Drive Santa Ana, CA 92701 | ☐ Pending ☐ On appeal ■ Concluded |
| Orange County Bail Bonds, Inc. vs. Parwin Saddozai; Imron Saddozai; and Mohammad I. Niazi 30-2019-01051992-CU-EN-CJC | Civil Collections Lawsuit | Superior Court of California 700 W. Civic Center Drive Santa Ana, CA 92701 | ■ Pending ☐ On appeal ☐ Concluded |

**10.** **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

■ No. Go to line 11.
☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property | Date | Value of the property |
|---|---|---|---|
| | Explain what happened | | |

**11.** **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

■ No
☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

| Debtor 1 | **Mohammad I. Niazi** | |
| Debtor 2 | **Parwin Saddozai** | Case number (if known) _____ |

**12.** Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?

■ No
☐ Yes

### Part 5:    List Certain Gifts and Contributions

**13.** Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?

■ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| Person to Whom You Gave the Gift and Address: | | | |

**14.** Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?

■ No
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|
| Charity's Name | | | |
| Address (Number, Street, City, State and ZIP Code) | | | |

### Part 6:    List Certain Losses

**15.** Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?

■ No
☐ Yes.  Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br><br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property*. | Date of your loss | Value of property lost |
|---|---|---|---|

### Part 7:    List Certain Payments or Transfers

**16.** Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
■ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Legis Law, PC<br>2101 East 4th Street<br>Suite A120<br>Santa Ana, CA 92705 | **Attorney Fees** | 04-15-2015 | $5,000.00 |

**EXHIBIT 7, PAGE 87**

Debtor 1    **Mohammad I. Niazi**

Debtor 2    **Parwin Saddozai**                                      Case number (if known)

**17.** **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who
promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

■ No
☐ Yes. Fill in the details.

| Person Who Was Paid
Address | Description and value of any property
transferred | Date payment
or transfer was
made | Amount of
payment |
|---|---|---|---|

**18.** **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property
transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not
include gifts and transfers that you have already listed on this statement.

☐ No
■ Yes. Fill in the details.

| Person Who Received Transfer
Address

Person's relationship to you | Description and value of
property transferred | Describe any property or
payments received or debts
paid in exchange | Date transfer was
made |
|---|---|---|---|
| Mohammad Niazi
42 Pendant
Irvine, CA 92620 | Condo located at:
42 Pendant
Irvine, CA 92620 | | 07-10-2018 |

**19.** **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a
beneficiary?** (These are often called *asset-protection devices*.)

■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was
made |
|---|---|---|

**Part 8:**    List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units

**20.** **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed,
sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage
houses, pension funds, cooperatives, associations, and other financial institutions.

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution and
Address (Number, Street, City, State and ZIP
Code) | Last 4 digits of
account number | Type of account or
instrument | Date account was
closed, sold,
moved, or
transferred | Last balance
before closing or
transfer |
|---|---|---|---|---|

**21.** **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities,
cash, or other valuables?**

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution
Address (Number, Street, City, State and ZIP Code) | Who else had access to it?
Address (Number, Street, City,
State and ZIP Code) | Describe the contents | Do you still
have it? |
|---|---|---|---|

**22.** **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

■ No
☐ Yes. Fill in the details.

| Name of Storage Facility
Address (Number, Street, City and ZIP Code) | Who else has or had access
to it?
Address (Number, Street, City,
State and ZIP Code) | Describe the contents | Do you still
have it? |
|---|---|---|---|

EXHIBIT 7, PAGE 88

Debtor 1   **Mohammad I. Niazi**
Debtor 2   **Parwin Saddozai**                                  Case number (*if known*)

**Part 9:   Identify Property You Hold or Control for Someone Else**

23.  **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

☑  **No**
☐  **Yes. Fill in the details.**

| Owner's Name<br>Address (Number, Street, City, State and ZIP Code) | Where is the property?<br>(Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|

**Part 10:   Give Details About Environmental Information**

For the purpose of Part 10, the following definitions apply:

- *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.
- *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.
- *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24.  **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

☑  **No**
☐  **Yes. Fill in the details.**

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

25.  **Have you notified any governmental unit of any release of hazardous material?**

☑  **No**
☐  **Yes. Fill in the details.**

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

26.  **Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑  **No**
☐  **Yes. Fill in the details.**

| Case Title<br>Case Number | Court or agency<br>Name<br>Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|

**Part 11:   Give Details About Your Business or Connections to Any Business**

27.  **Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐  A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐  A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐  A partner in a partnership

☐  An officer, director, or managing executive of a corporation

☐  An owner of at least 5% of the voting or equity securities of a corporation

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

EXHIBIT 7, PAGE 89

Debtor 1     **Mohammad I. Niazi**

Debtor 2     **Parwin Saddozai**                                                     Case number (*if known*)

☑ **No. None of the above applies. Go to Part 12.**

☐ **Yes. Check all that apply above and fill in the details below for each business.**

| Business Name | Describe the nature of the business | Employer Identification number |
|---|---|---|
| Address | | Do not include Social Security number or ITIN. |
| (Number, Street, City, State and ZIP Code) | Name of accountant or bookkeeper | |
| | | Dates business existed |

28. **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

☑ **No**

☐ **Yes. Fill in the details below.**

| Name | Date Issued |
|---|---|
| Address | |
| (Number, Street, City, State and ZIP Code) | |

---

**Part 12:    Sign Below**

---

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

| /s/ Mohammad I. Niazi | /s/ Parwin Saddozai |
|---|---|
| **Mohammad I. Niazi** | **Parwin Saddozai** |
| **Signature of Debtor 1** | **Signature of Debtor 2** |

Date   **April 17, 2019**                         Date   **April 17, 2019**

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?
☑ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?
☑ No
☐ Yes. Name of Person _____ . Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

# Notice Required by 11 U.S.C. § 342(b) for
# Individuals Filing for Bankruptcy (Form 2010)

**This notice is for you if:**

**You are an individual filing for bankruptcy, and**

**Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

    Chapter 7 - Liquidation

    Chapter 11 - Reorganization

    Chapter 12 - Voluntary repayment plan
            for family farmers or
            fishermen

    Chapter 13 - Voluntary repayment plan
            for individuals with regular
            income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $75 | administrative fee |
| + $15 | trustee surcharge |
| $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

    most taxes;

    most student loans;

    domestic support and property settlement obligations;

EXHIBIT 7, PAGE 91

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

**Chapter 11: Reorganization**

|  | $1,167 | filing fee |
|---|---|---|
| + | $550 | administrative fee |
|  | $1,717 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

EXHIBIT 7, PAGE 92

## Read These Important Warnings

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

---

### Chapter 12: Repayment plan for family farmers or fishermen

|   |        |                    |
|---|--------|--------------------|
|   | $200   | filing fee         |
| + | $75    | administrative fee |
|   | $275   | total fee          |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

---

### Chapter 13: Repayment plan for individuals with regular income

|   |        |                    |
|---|--------|--------------------|
|   | $235   | filing fee         |
| + | $75    | administrative fee |
|   | $310   | total fee          |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

domestic support obligations,

most student loans,

certain taxes,

debts for fraud or theft,

debts for fraud or defalcation while acting in a fiduciary capacity,

most criminal fines and restitution obligations,

certain debts that are not listed in your bankruptcy papers,

certain debts for acts that caused death or personal injury, and

certain long-term secured debts.

---

### Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

---

**Bankruptcy crimes have serious consequences**

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

**Make sure the court has your mailing address**

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

**Understand which services you could receive from credit counseling agencies**

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html.

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCredit AndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

EXHIBIT 7, PAGE 94

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Central District of California

In re **Mohammad I. Niazi**
**Parwin Saddozai**
_____
                                    Debtor(s)

Case No. _____

Chapter **13** _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.    Pursuant to 11 U.SC. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that
      compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to
      be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

|                                                                       |     |          |
|-----------------------------------------------------------------------|-----|----------|
| For legal services, I have agreed to accept                           | $   | 5,000.00 |
| Prior to the filing of this statement I have received                 | $   | 5,000.00 |
| Balance Due                                                           | $   | 0.00     |

2.    $ **310.00**  of the filing fee has been paid.

3.    The source of the compensation paid to me was:

      ■ Debtor      ☐ Other (specify):

4.    The source of compensation to be paid to me is:

      ■ Debtor      ☐ Other (specify):

5.    ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

      ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A
         copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

      a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
      b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
      c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
      d.  [Other provisions as needed]
          **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of
          reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC
          522(f)(2)(A) for avoidance of liens on household goods.**

7.    By agreement with the debtor(s), the above-disclosed fee does not include the following service:
      **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or
      any other adversary proceeding.**

### CERTIFICATION

      I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in
this bankruptcy proceeding.

**April 17, 2019**                          **/s/ Freddie V. Vega, Esq.**
_Date_                                       **Freddie V. Vega, Esq.**
                                             _Signature of Attorney_
                                             **Legis Law, PC**
                                             **2101 East 4th Street**
                                             **Suite A120**
                                             **Santa Ana, CA 92705**
                                             **(844) 618-6705   Fax: (714) 252-4157**
                                             **fredvesq@legislaws.com**
                                             _Name of law firm_

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

| Fill in this information to identify your case: | Check as directed in lines 17 and 21: |
|---|---|
| **Debtor 1** Mohammad I. Niazi | According to the calculations required by this Statement: |
| **Debtor 2** Parwin Saddozai (Spouse, if filing) | ☐ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3). |
| United States Bankruptcy Court for the: Central District of California | ■ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3). |
| Case number (if known) | ☐ 3. The commitment period is 3 years. |
| | ■ 4. The commitment period is 5 years. |
| | ☐ Check if this is an amended filing |

## Official Form 122C-1
## Chapter 13 Statement of Your Current Monthly Income
## and Calculation of Commitment Period                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

### Part 1:  Calculate Your Average Monthly Income

1. **What is your marital and filing status?** Check one only.
   ☐ Not married. Fill out Column A, lines 2-11.
   ■ Married. Fill out both Columns A and B, lines 2-11.

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

|  | | *Column A*<br>Debtor 1 | *Column B*<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 7,389.00 | $ 0.00 |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ 0.00 |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Do not include payments from a spouse. Do not include payments you listed on line 3. | $ 0.00 | $ 0.00 |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | | |
|---|---|---|---|
| Gross receipts (before all deductions) | $ 0.00 | | |
| Ordinary and necessary operating expenses | -$ 0.00 | | |
| Net monthly income from a business, profession, or farm | $ 0.00 | Copy here -> $ 0.00 | $ 0.00 |

6. **Net income from rental and other real property**

| | Debtor 1 | | |
|---|---|---|---|
| Gross receipts (before all deductions) | $ 0.00 | | |
| Ordinary and necessary operating expenses | -$ 0.00 | | |
| Net monthly income from rental or other real property | $ 0.00 | Copy here -> $ 0.00 | $ 0.00 |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

EXHIBIT 7, PAGE 96

Debtor 1 **Mohammad I. Niazi**
Debtor 2 **Parwin Saddozai**

Case number (*if known*) _____

|  | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 7. | Interest, dividends, and royalties | $ 0.00 | $ 0.00 |
| 8. | Unemployment compensation | $ 0.00 | $ 0.00 |
|  | Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here: | | |
|  | For you | $ 0.00 | |
|  | For your spouse | $ 0.00 | |
| 9. | Pension or retirement income. Do not include any amount received that was a benefit under the Social Security Act. | $ 0.00 | $ 0.00 |
| 10. | Income from all other sources not listed above. Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total below. | | |
|  | _____ | $ 0.00 | $ 0.00 |
|  | _____ | $ 0.00 | $ 0.00 |
|  | Total amounts from separate pages, if any. | + $ 0.00 | $ 0.00 |

11. **Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$ **7,389.00** + $ **0.00** = $ **7,389.00**

Total average monthly income

---

**Part 2:**    Determine How to Measure Your Deductions from Income

12. Copy your total average monthly income from line 11.    $ **7,389.00**

13. Calculate the marital adjustment. Check one:

☐ You are not married. Fill in 0 below.

■ You are married and your spouse is filing with you. Fill in 0 below.

☐ You are married and your spouse is not filing with you.

Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 below.

_____    $ _____
_____    $ _____
_____    + $ _____

Total    $ **0.00**    Copy here⇒    - **0.00**

14. **Your current monthly income.** Subtract line 13 from line 12.    $ **7,389.00**

15. Calculate your current monthly income for the year. Follow these steps:

15a. Copy line 14 here⇒    $ **7,389.00**

Multiply line 15a by 12 (the number of months in a year).    x **12**

15b. The result is your current monthly income for the year for this part of the form. ......................    $ **88,668.00**

EXHIBIT 7, PAGE 97

| Debtor 1 | **Mohammad I. Niazi** | | |
| Debtor 2 | **Parwin Saddozai** | Case number *(if known)* | |

**16. Calculate the median family income that applies to you.** Follow these steps:

16a. Fill in the state in which you live. **CA**

16b. Fill in the number of people in your household. **3**

16c. Fill in the median family income for your state and size of household. $ **84,003.00**

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

**17. How do the lines compare?**

17a. ☐ Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3).* Go to Part 3. Do NOT fill out *Calculation of Your Disposable Income* (~~~ ~| Form 122C-2).

17b. ☑ Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3).* Go to Part 3 and fill out *Calculation of Your Disposable Income* (Official Form 122C-2). On line 39 of that form, copy your current monthly income from line 14 above.

**Part 3:    Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4)**

18. Copy your total average monthly income from line 11 . $ **7,389.00**

19. Deduct the marital adjustment if it applies. If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13.

19a. If the marital adjustment does not apply, fill in 0 on line 19a. −$ **0.00**

19b. Subtract line 19a from line 18. $ **7,389.00**

20. Calculate your current monthly income for the year.  Follow these steps:

20a. Copy line 19b $ **7,389.00**

Multiply by 12 (the number of months in a year). x **12**

20b. The result is your current monthly income for the year for this part of the form. $ **88,668.00**

20c. Copy the median family income for your state and size of household from line 16c. $ **84,003.00**

21. **How do the lines compare?**

☐ Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is 3 years.* Go to Part 4.

☑ Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years.* Go to Part 4.

**Part 4:    Sign Below**

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

X /s/ Mohammad I. Niazi                     X /s/ Parwin Saddozai
**Mohammad I. Niazi**                        **Parwin Saddozai**
Signature of Debtor 1                        Signature of Debtor 2

Date **April 17, 2019**                      Date **April 17, 2019**
    MM / DD / YYYY                               MM / DD / YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

EXHIBIT 7, PAGE 98

**Fill in this information to identify your case:**

Debtor 1        **Mohammad I. Niazi**

Debtor 2        **Parwin Saddozai**
(Spouse, if filing)

United States Bankruptcy Court for the:    Central District of California

Case number
(if known)

☐ Check if this is an amended filing

Official Form 122C-2
# Chapter 13 Calculation of Your Disposable Income                                    04/19

To fill out this form, you will need your completed copy of *Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period* (Official Form 122C-1).

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which additional information applies. On the top any additional pages, write your name and case number (if known).

| Part 1: | Calculate Your Deductions from Your Income |

The Internal Revenue Service (IRS) issues National and Local Standards for certain expense amounts. Use these amounts to answer the the questions in lines 6-15. To find the IRS standards, go online using the link specified in the separate instructions for this form. This information may also be available at the bankruptcy clerk's office.

Deduct the expense amounts set out in lines 6-15 regardless of your actual expense. In later parts of the form, you will use some of your actual expenses if they are higher than the standards. Do not include any operating expenses that you subtracted from income in lines 5 and 6 of Form 122C-1, and do not deduct any amounts that you subtracted from your spouse's income in line 13 of Form 122C-1.

If your expenses differ from month to month, enter the average expense.

Note: Line numbers 1-4 are not used in this form. These numbers apply to information required by a similar form used in chapter 7 cases.

5.  **The number of people used in determining your deductions from income**

    Fill in the number of people who could be claimed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. This number may be different from the number of people in your household.        | 3 |

**National Standards**        You must use the IRS National Standards to answer the questions in lines 6-7.

6.  **Food, clothing, and other items:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for food, clothing, and other items.        $ ____ 1,384.00

7.  **Out-of-pocket health care allowance:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for out-of-pocket health care. The number of people is split into two categories--people who are under 65 and people who are 65 or older--because older people have a higher IRS allowance for health care costs. If your actual expenses are higher than this IRS amount, you may deduct the additional amount on line 22.

EXHIBIT 7, PAGE 99

Debtor 1   **Mohammad I. Niazi**
Debtor 2   **Parwin Saddozai**                                    Case number (*if known*)

**People who are under 65 years of age**

7a.  Out-of-pocket health care allowance per person       $        52

7b.  Number of people who are under 65                    X         3

7c.  Subtotal. Multiply line 7a by line 7b.               $      156.00       Copy here⇒  $      156.00

**People who are 65 years of age or older**

7d.  Out-of-pocket health care allowance per person       $       114

7e.  Number of people who are 65 or older                 X         0

7f.  Subtotal. Multiply line 7d by line 7e.               $        0.00       Copy here⇒  $        0.00

7g.  **Total. Add line 7c and line 7f**                   $      156.00       Copy total here⇒  $    156.00

**Local Standards**   You must use the IRS Local Standards to answer the questions in lines 8-15.

Based on information from the IRS, the U.S. Trustee Program has divided the IRS Local Standard for housing for bankruptcy purposes into two parts:

■ Housing and utilities - Insurance and operating expenses
■ Housing and utilities - Mortgage or rent expenses

To answer the questions in lines 8-9, use the U.S. Trustee Program chart. To find the chart, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.

8.   **Housing and utilities - Insurance and operating expenses:** Using the number of people you entered in line 5, fill in the dollar amount listed for your county for insurance and operating expenses.                    $      605.00

9.   **Housing and utilities - Mortgage or rent expenses:**

9a.  Using the number of people you entered in line 5, fill in the dollar amount listed for your county for mortgage or rent expenses.                    $     2,403.00

9b.  Total average monthly payment for all mortgages and other debts secured by your home.

To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Next divide by 60.

| Name of the creditor | Average monthly payment | | |
|---|---|---|---|
| **Wells Fargo Home Mortgage** | $   2,804.00 | | |
| 9b. Total average monthly payment | $   2,804.00 | Copy here⇒ -$   2,804.00 | Repeat this amount on line 33a. |

9c.  Net mortgage or rent expense.

Subtract line 9b (*total average monthly payment*) from line 9a (*mortgage or rent expense*). If this number is less than $0, enter $0.                    $       0.00       Copy here⇒  $       0.00

10.  If you claim that the U.S. Trustee Program's division of the IRS Local Standard for housing is incorrect and affects the calculation of your monthly expenses, fill in any additional amount you claim.                    $       0.00

Explain why: _____

EXHIBIT 7, PAGE 100

| Debtor 1 | **Mohammad I. Niazi** | |
|---|---|---|
| Debtor 2 | **Parwin Saddozai** | Case number *(if known)* |

---

**11.** Local transportation expenses: Check the number of vehicles for which you claim an ownership or operating expense.

☐ **0.** Go to line 14.

☐ **1.** Go to line 12.

☐ **2 or more.** Go to line 12.

**12.** **Vehicle operation expense:** Using the IRS Local Standards and the number of vehicles for which you claim the operating expenses, fill in the *Operating Costs* that apply for your Census region or metropolitan statistical area. ................ $ _____ 0.00

**13.** **Vehicle ownership or lease expense:** Using the IRS Local Standards, calculate the net ownership or lease expense for each vehicle below. You may not claim the expense if you do not make any loan or lease payments on the vehicle.  In addition, you may not claim the expense for more than two vehicles.

**Vehicle 1      Describe Vehicle 1:** _____

**13a.** Ownership or leasing costs using IRS Local Standard.................................................. $ _____ 0.00

**13b.** Average monthly payment for all debts secured by Vehicle 1.

Do not include costs for leased vehicles.

To calculate the average monthly payment here and on line 13e, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| Name of each creditor for Vehicle 1 | Average monthly payment | | | |
|---|---|---|---|---|
| | $ _____ | | | |
| Total Average Monthly Payment | $ _____ | Copy here ⇨ | -$ _____ 0.00 | Repeat this amount on line 33b. |

**13c.** Net Vehicle 1 ownership or lease expense

Subtract line 13b from line 13a. If this number is less than $0, enter $0. ..................... $ _____ 0.00

Copy net Vehicle 1 expense here ⇨     $ _____ 1.00

**Vehicle 2      Describe Vehicle 2:** _____

**13d.** Ownership or leasing costs using IRS Local Standard.................................................. $ _____ 0.00

**13e.** Average monthly payment for all debts secured by Vehicle 2. Do not include costs for leased vehicles.

| Name of each creditor for Vehicle 2 | Average monthly payment | | | |
|---|---|---|---|---|
| | $ _____ | | | |
| Total average monthly payment | $ _____ | Copy here ⇨ | -$ _____ 0.00 | Repeat this amount on line 33c. |

**13f.** Net Vehicle 2 ownership or lease expense

Subtract line 13e from line 13d. If this number is less than $0, enter $0. ..................... $ _____ 0.00

Copy net Vehicle 2 expense here ⇨     $ _____ 0.00

**14.** **Public transportation expense:** If you claimed 0 vehicles in line 11, using the IRS Local Standards, fill in the *Public Transportation* expense allowance regardless of whether you use public transportation. ................ $ _____ 0.00

**15.** **Additional public transportation expense:** If you claimed 1 or more vehicles in line 11 and if you claim that you may also deduct a public transportation expense, you may fill in what you believe is the appropriate expense, but you may not claim more than the IRS Local Standard for *Public Transportation*. ................ $ _____ 0.00

EXHIBIT 7, PAGE 101

| Debtor 1 | **Mohammad I. Niazi** | | |
|---|---|---|---|
| Debtor 2 | **Parwin Saddozai** | | Case number (if known) |

**Other Necessary Expenses**   In addition to the expense deductions listed above, you are allowed your monthly expenses for the following IRS categories.

16. **Taxes:** The total monthly amount that you will actually pay for federal, state and local taxes, such as income taxes, self-employment taxes, social security taxes, and Medicare taxes. You may include the monthly amount withheld from your pay for these taxes. However, if you expect to receive a tax refund, you must divide the expected refund by 12 and subtract that number from the total monthly amount that is withheld to pay for taxes.
    Do not include real estate, sales, or use taxes.
    $ _____ 0.00

17. **Involuntary deductions:** The total monthly payroll deductions that your job requires, such as retirement contributions, union dues, and uniform costs.
    Do not include amounts that are not required by your job, such as voluntary 401(k) contributions or payroll savings.
    $ _____ 0.00

18. **Life Insurance:** The total monthly premiums that you pay for your own ⸻ life insurance. If two married people are filing together, include payments that you make for your spouse's term l. ⸻ isurance.
    Do not include premiums for life insurance on your dependents, for a non-filing spouse's life insurance, or for any form of life insurance other than term.
    $ _____ 0.00

19. **Court-ordered payments:** The total monthly amount that you pay as required by the order of a court or administrative agency, such as spousal or child support payments.
    Do not include payments on past due obligations for spousal or child support. You will list these obligations in line 35.
    $ _____ 0.00

20. **Education:** The total monthly amount that you pay for education that is either required:
    ■ as a condition for your job, or
    ■ for your physically or mentally challenged dependent child if no public education is available for similar services.
    $ _____ 0.00

21. **Childcare:** The total monthly amount that you pay for childcare, such as babysitting, daycare, nursery, and preschool.
    Do not include payments for any elementary or secondary school education.
    $ _____ 0.00

22. **Additional health care expenses, excluding insurance costs:** The monthly amount that you pay for health care that is required for the health and welfare of you or your dependents and that is not reimbursed by insurance or paid by a health savings account. Include only the amount that is more than the total entered in line 7.
    Payments for health insurance or health savings accounts should be listed only in line 25.
    $ _____ 0.00

23. **Optional telephone and telephone services:** The total monthly amount that you pay for telecommunication services for you and your dependents, such as pagers, call waiting, caller identification, special long distance, or business cell phone service, to the extent necessary for your health and welfare or that of your dependents or for the production of income, if it is not reimbursed by your employer.
    Do not include payments for basic home telephone, internet and cell phone service. Do not include self-employment expenses, such as those reported on line 5 of Official Form 122C-1, or any amount you previously deducted.
    +$ _____ 0.00

24. **Add all of the expenses allowed under the IRS expense allowances.**
    Add lines 6 through 23.
    $ _____ 2,145.00

**Additional Expense Deductions**   These are additional deductions allowed by the Means Test.
    *Note:* Do not include any expense allowances listed in lines 6-24.

25. **Health insurance, disability insurance, and health savings account expenses.** The monthly expenses for health insurance, disability insurance, and health savings accounts that are reasonably necessary for yourself, your spouse, or your dependents.

| | | |
|---|---|---|
| Health insurance | $ 0.00 | |
| Disability insurance | $ 0.00 | |
| Health savings account | + $ 0.00 | |
| Total | $ 0.00 | Copy total here⇒   $ _____ 0.00 |

Do you actually spend this total amount?
☐ No. How much do you actually spend?
$ _____
■ Yes

26. **Continued contributions to the care of household or family members.** The actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. These expenses may include contributions to an account of a qualified ABLE program. 26 U.S.C. § 529A(b)
    $ _____ 0.00

27. **Protection against family violence.** The reasonably necessary monthly expenses that you incur to maintain the safety of you and your family under the Family Violence Prevention and Services Act or other federal laws that apply.
    By law, the court must keep the nature of these expenses confidential.
    $ _____ 0.00

EXHIBIT 7, PAGE 102

Case 8:19-bk-11419-ES    Doc 1    Filed 04/17/19    Entered 04/17/19 18:56:40    Desc
Main Document    Page 53 of 61

| Debtor 1 | **Mohammad I. Niazi** | |
|---|---|---|
| Debtor 2 | **Parwin Saddozai** | Case number *(if known)* |

**28. Additional home energy costs.** Your home energy costs are included in your insurance and operating expenses on line 8.

If you believe that you have home energy costs that are more than the home energy costs included in expenses on line 8, then fill in the excess amount of home energy costs

You must give your case trustee documentation of your actual expenses, and you must show that the additional amount claimed is reasonable and necessary.  $ \hfill 0.00

**29. Education expenses for dependent children who are younger than 18.** The monthly expenses (not more than $170.83* per child) that you pay for your dependent children who are younger than 18 years old to attend a private or public elementary or secondary school.

You must give your case trustee documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in lines 6-23.

* Subject to adjustment on 4/01/22, and every 3 years after that for cases begun on or after the date of adjustment.  $ \hfill 0.00

**30. Additional food and clothing expense.** The monthly amount by which your actual food and clothing expenses are higher than the combined food and clothing allowances in the IRS National Standards. That amount cannot be more than 5% of the food and clothing allowances in the IRS National Standards.

To find a chart showing the maximum additional allowance, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.

You must show that the additional amount claimed is reasonable and necessary.  $ \hfill 0.00

**31. Continuing charitable contributions.** The amount that you will continue to contribute in the form of cash or financial instruments to a religious or charitable organization. 11 U.S.C. § 548(d)(3) and (4).

Do not include any amount more than 15% of your gross monthly income.  $ \hfill 0.00

**32. Add all of the additional expense deductions.**
Add lines 25 through 31.  $ \hfill 0.00

**Deductions for Debt Payment**

**33. For debts that are secured by an interest in property that you own, including home mortgages, vehicle loans, and other secured debt, fill in lines 33a through 33e.**

To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| | | Average monthly payment |
|---|---|---|
| **Mortgages on your home** | | |
| 33a. Copy line 9b here | ⇨ | $ 2,804.00 |
| **Loans on your first two vehicles** | | |
| 33b. Copy line 13b here | ⇨ | $ 0.00 |
| 33c. Copy line 13e here | ⇨ | $ 0.00 |

33d. List other secured debts:

| Name of each creditor for other secured debt | Identify property that secures the debt | Does payment include taxes or insurance? | |
|---|---|---|---|
| | | ☐ No ☐ Yes | $ |
| -NONE- | | | |
| | | ☐ No ☐ Yes | $ |
| | | ☐ No ☐ Yes + | $ |

| 33e. Total average monthly payment. Add lines 33a through 33d | $ 2,804.00 | Copy total here⇨ | $ 2,804.00 |
|---|---|---|---|

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

EXHIBIT 7, PAGE 103

Case 8:19-bk-11419-ES    Doc 1    Filed 04/17/19    Entered 04/17/19 18:56:40    Desc
Main Document        Page 54 of 61

Debtor 1  **Mohammad I. Niazi**
Debtor 2  **Parwin Saddozai**                                             Case number (if known) _____

**34. Are any debts that you listed in line 33 secured by your primary residence, a vehicle, or other property necessary for your support or the support of your dependents?**

■ **No.**  Go to line 35.

☐ **Yes.** State any amount that you must pay to a creditor, in addition to the payments listed in line 33, to keep possession of your property (called the *cure amount*). Next, divide by 60 and fill in the information below.

| Name of the creditor | Identify property that secures the debt | Total cure amount | | Monthly cure amount |
|---|---|---|---|---|
| -NONE- | | $ | + 60 = $ _____ |
| | Total | $ 0.00 | Copy total here⇒ | $ 0.00 |

**35. Do you owe any priority claims - such as a priority tax, child support, or alimony - that are past due as of the filing date of your bankruptcy case? 11 U.S.C. § 507.**

■ **No.**  Go to line 36.

☐ **Yes.** Fill in the total amount of all of these priority claims. Do not include current or ongoing priority claims, such as those you listed in line 19.

Total amount of all past-due priority claims          $ 0.00   + 60  $ 0.00

**36. Projected monthly Chapter 13 plan payment**          $ _____

Current multiplier for your district as stated on the list issued by the Administrative Office of the United States Courts (for districts in Alabama and North Carolina) or by the Executive Office for United States Trustees (for all other districts).
To find a list of district multipliers that includes your district, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.          X _____

Average monthly administrative expense          $ _____   Copy total here⇒  $ _____

**37. Add all of the deductions for debt payment.**
Add lines 33e through 36.          $ 2,804.00

**Total Deductions from Income**

**38. Add all of the allowed deductions.**

| | | |
|---|---|---|
| Copy line 24, *All of the expenses allowed under IRS expense allowances* | $ 2,145.00 | |
| Copy line 32, *All of the additional expense deductions* | $ 0.00 | |
| Copy line 37, *All of the deductions for debt payment* | +$ 2,804.00 | |
| Total deductions.......................... | $ 4,949.00 | Copy total here⇒  $ 4,949.00 |

EXHIBIT 7, PAGE 104

| Debtor 1 | **Mohammad I. Niazi** | |
|---|---|---|
| Debtor 2 | **Parwin Saddozai** | Case number (if known) |

| **Part 2:** | **Determine Your Disposable Income Under 11 U.S.C. § 1325(b)(2)** |
|---|---|

39. Copy your total current monthly income from line 14 of Form 122C-1, *Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period.*                     $ 7,389.00

40. Fill in any reasonably necessary income you receive for support for dependent children. The monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I of Form 122C-1, that you received in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child.                     $ 0.00

41. Fill in all qualified retirement deductions. The monthly total of all amounts that your employer withheld from wages as contributions for qualified retirement plans, as specified in 11 U.S.C. § 541(b)(7) plus all required repayments of loans from retirement plans, as specified in 11 U.S.C. § 362(b)(19).                     $ 0.00

42. Total of all deductions allowed under 11 U.S.C. § 707(b)(2)(A). Copy line 38 here    ⇨ $ 4,949.00

43. Deduction for special circumstances. If special circumstances justify additional expenses and you have no reasonable alternative, describe the special circumstances and their expenses. You must give your case trustee a detailed explanation of the special circumstances and documentation for the expenses.

| Describe the special circumstances | Amount of expense |
|---|---|
|  | $ |
|  | $ |
|  | $ |
| Total $ 0.00 | Copy here⇨ $ 0.00 |

44. Total adjustments. Add lines 40 through 43.    ⇨ $ 4,949.00    Copy here⇨ -$ 4,949.00

45. Calculate your monthly disposable income under § 1325(b)(2). Subtract line 44 from line 39.    $ 2,440.00

| **Part 3:** | **Change in Income or Expenses** |
|---|---|

46. Change in income or expenses. If the income in Form 122C-1 or the expenses you reported in this form have changed or are virtually certain to change after the date you filed your bankruptcy petition and during the time your case will be open, fill in the information below. For example, if the wages reported increased after you filed your petition, check 122C-1 in the first column, enter line 2 in the second column, explain why the wages increased, fill in when the increase occurred, and fill in the amount of the increase.

| Form | Line | Reason for change | Date of change | Increase or decrease? | Amount of change |
|---|---|---|---|---|---|
| ☐ 122C-1 |  |  |  | ☐ Increase |  |
| ☐ 122C-2 |  |  |  | ☐ Decrease | $ |
| ☐ 122C-1 |  |  |  | ☐ Increase |  |
| ☐ 122C-2 |  |  |  | ☐ Decrease | $ |
| ☐ 122C-1 |  |  |  | ☐ Increase |  |
| ☐ 122C-2 |  |  |  | ☐ Decrease | $ |
| ☐ 122C-1 |  |  |  | ☐ Increase |  |
| ☐ 122C-2 |  |  |  | ☐ Decrease | $ |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

EXHIBIT 7, PAGE 105

| Debtor 1 | Mohammad I. Niazi | | | |
|---|---|---|---|---|
| Debtor 2 | Parwin Saddozai | | Case number (if known) | |

---

| Part 4: | Sign Below |
|---|---|

By signing here, under penalty of perjury you declare that the information on this statement and in any attachments is true and correct.

| X  /s/ Mohammad I. Niazi | X  /s/ Parwin Saddozai |
|---|---|
| Mohammad I. Niazi | Parwin Saddozai |
| Signature of Debtor 1 | Signature of Debtor 2 |
| Date  April 17, 2019 | Date  April 17, 2019 |
| MM / DD / YYYY | MM / DD / YYYY |

Official Form 122C-2          Chapter 13 Calculation of Your Disposable Income                              page 8
Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                 Best Case Bankruptcy

EXHIBIT 7, PAGE 106

| Debtor 1 | **Mohammad I. Niazi** | | | |
| Debtor 2 | **Parwin Saddozai** | | Case number (if known) | |

## Current Monthly Income Details for the Debtor

**Debtor Income Details:**
Income for the Period **10/01/2018 to 03/31/2019.**

**Line 2 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: **Employment Income**
Income by Month:

| 6 Months Ago: | 10/2018 | $8,500.00 |
|---|---|---|
| 5 Months Ago: | 11/2018 | $8,500.00 |
| 4 Months Ago: | 12/2018 | $8,500.00 |
| 3 Months Ago: | 01/2019 | $8,500.00 |
| 2 Months Ago: | 02/2019 | $8,500.00 |
| Last Month: | 03/2019 | $1,834.00 |
| | Average per month: | $7,389.00 |

EXHIBIT 7, PAGE 107

Case 8:19-bk-11419-ES    Doc 1    Filed 04/17/19    Entered 04/17/19 18:56:40    Desc
Main Document    Page 58 of 61

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

**Freddie V. Vega, Esq.**
**2101 East 4th Street**
**Suite A120**
**Santa Ana, CA 92705**
**(844) 618-6705 Fax: (714) 252-4157**
**California State Bar Number: 237191 CA**
**fredvesq@legislaws.com**

FOR COURT USE ONLY

☐ *Debtor(s) appearing without an attorney*

■ *Attorney for Debtor*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

    **Mohammad I. Niazi**
    **Parwin Saddozai**

CASE NO.:

CHAPTER: 13

### VERIFICATION OF MASTER MAILING LIST OF CREDITORS

**[LBR 1007-1(a)]**

Debtor(s).

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of __3__ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: __April 17, 2019__          /s/ Mohammad I. Niazi
                                  Signature of Debtor 1

Date: __April 17, 2019__          /s/ Parwin Saddozai
                                  Signature of Debtor 2 (joint debtor) ) (if applicable)

Date: __April 17, 2019__          /s/ Freddie V. Vega, Esq.
                                  Signature of Attorney for Debtor (if applicable)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                **F 1007-1.MAILING.LIST.VERIFICATION**

EXHIBIT 7, PAGE 108

Mohammad I. Niazi
42 Pendant
Irvine, CA 92620


Parwin Saddozai
42 Pendant
Irvine, CA 92620


Freddie V. Vega, Esq.
Legis Law, PC
2101 East 4th Street
Suite A120
Santa Ana, CA 92705


American Contractors Indemnity
 c/o Magaria & DiMecurio
Anaheim, CA 92807


American Honda Finance
Attn: Bankruptcy
Po Box 168088
Irving, TX 75016


Amex
Correspondence/Bankruptcy
Po Box 981540
El Paso, TX 79998


Amex/Bankruptcy
Correspondence
Po Box 981540
El Paso, TX 79998


Capital One/Neiman Marcus
Attn: Bankruptcy Dept
Po Box 30285
Salt Lake City, UT 84130

Comenity bank/J Crew
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218

Dsnb Bloomingdales
Attn: Recovery "Bk"
Po Box 9111
Mason, OH 45040

Iq Data International
Attn: Bankruptcy
Po Box 39
Bothell, WA 98041

Jefferson Capital Systems, LLC
Po Box 1999
Saint Cloud, MN 56302

Nordstrom FSB
Attn: Bankruptcy
Po Box 6555
Englewood, CO 80155

Nordstrom Signature Visa
Attn: Bankruptcy
Po Box 6555
Englewood, CO 80155

Phillips Law
801 Pendant Drive
Suite 105
Santa Ana, CA 92705

Synchrony Bank/Gap
Attn: Bankruptcy Dept
Po Box 965060
Orlando, FL 32896

The Walker Firm
3991 MacArthur Blvd
Suite 350
Newport Beach, CA 92660


Wells Fargo Bank NA
Attn: Bankruptcy
1 Home Campus Mac X2303-01a
Des Moines, IA 50328


Wells Fargo Home Mortgage
Attn: Bankruptcy Dept
P.O. Box 10335
Des Moines, IA 50306

Kevin J. Lane, Clerk/Executive Officer
Electronically FILED on 4/22/2019 by M. Castaneda, Deputy Clerk

| STATE OF CALIFORNIA<br>California Court of Appeal, Fourth<br>Appellate District Division 3 | **PROOF OF SERVICE**<br><br>STATE OF CALIFORNIA<br>California Court of Appeal, Fourth<br>Appellate District Division 3 |

Case Name: **Saddozai et al. v. American Contractors
Indemnity Company et al.**
Case Number: **G057149**
Lower Court Case Number: **30-2015-00816859**

1. At the time of service I was at least 18 years of age and not a party to this legal action.

2. My email address used to e-serve: **krista@magarianlaw.com**

3. I served by email a copy of the following document(s) indicated below:

Title(s) of papers e-served:

| Filing Type | Document Title |
|---|---|
| BANKRUPTCY - BANKRUPTCY PROCEEDINGS PENDING | NOTICE OF STAY |

Service Recipients:

| Person Served | Email Address | Type | Date / Time |
|---|---|---|---|
| Robert Owen<br>Rutan & Tucker<br>00126105 | bowen@rutan.com | e-Service | 4/22/2019 8:34:37 PM |

This proof of service was automatically created, submitted and signed on my behalf through my agreements with TrueFiling and its contents are true to the best of my information, knowledge, and belief.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

4/22/2019
Date

/s/Krista DiMercurio
Signature

DiMercurio, Krista (255774)
Last Name, First Name (PNum)

**Magarian & DiMercurio, APLC**

Law Firm

EXHIBIT 7, PAGE 113

**EXHIBIT 8**

Court of Appeal, Fourth Appellate District, Division Three
Kevin J. Lane, Clerk/Executive Officer
Electronically RECEIVED on 11/26/2019 at 3.03.02 PM

Court of Appeal, Fourth Appellate District, Division Three
Kevin J. Lane, Clerk/Executive Officer
Electronically FILED on 11/26/2019 by M. Castaneda, Deputy Clerk

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT, DIVISION THREE

|  |  |
|---|---|
| ORANGE COUNTY BAIL BONDS, et al, | Appellate No.: G057149 |
| Appellants, | |
| vs. | Superior Court No.: 30-2015-00816859 |
| PARWIN SADDOZAI, et al, | |
| Respondents. | |

On Appeal from the Orange County Superior Court,
The Honorable Sheila Fell

### NOTICE OF STATUS OF BANKRUPTCY CASE

MARK D. MAGARIAN - #164755
KRISTA L. DIMERCURIO - #255774
MAGARIAN & DIMERCURIO
A Professional Law Corporation
Anaheim Hills Corporate Park
1265 N. Manassero Street, Suite 304
Anaheim, California 92807
Tel: 714-415-3412
Fax: 714-276-9944
Mark@Magarianlaw.com
Krista@Magarianlaw.com

Attorneys for Appellants,
ORANGE COUNTY BAIL BONDS,
INC. and AMERICAN
CONTRACTORS INDEMNITY
COMPANY

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE THAT:** Pursuant to Order of this Court, dated November 20, 2019, Appellant ORANGE COUNTY BAIL BONDS ("Appellant") hereby provides the following status at to the Voluntary Petition under Chapter 13 (which has been converted to a Chapter 7) of the United States Bankruptcy Code ("Bankruptcy Petition") filed by Respondent PARWIN SADDOZAI ("Debtor") on April 17, 2019: the Bankruptcy Petition remains pending in the United States Bankruptcy Court, Central District of California, Santa Ana Division.  A true and correct copy of the bankruptcy case docket, through today, is attached hereto as Exhibit "1" and incorporated herein by this reference.


Dated:  November 26, 2019                    MAGARIAN & DIMERCURIO
                                             A PROFESSIONAL LAW
                                             CORPORATION


                                             _____
                                             KRISTA L. DIMERCURIO
                                             Attorney for Appellants,
                                             ORANGE COUNTY BAIL
                                             BONDS, INC. and AMERICAN
                                             CONTRACTORS INDEMNITY
                                             COMPANY

2

EXHIBIT 8, PAGE 115

## PROOF OF SERVICE
### (Pursuant to CCP § 1013 et. seq.)

I, Krista L. DiMercurio, am over the age of 18 years and a resident of the United States, employed in the County of Orange, State of California, and not a party to this action. My business address is 1265 N. Manassero St., Ste. 304, Anaheim, California 92807.

On November 26, 2019, I served:

### NOTICE OF STATUS OF BANKRUPTCY CASE

by PRIORITY MAIL by placing a true and correct copy in a sealed envelope with postage thereon fully prepaid in Anaheim, California and addressed as follows:

Parwin Saddozai
42 Pendant
Irvine, CA 92620

Robert Owen
Rutan & Tucker
611 Anton Blvd Ste 1400
Costa Mesa, CA 92626-1998

I declare that I am readily familiar with the business practice of collection and processing of correspondence for mailing with the United States Post Service at Anaheim, California, and know that the correspondence was deposited and placed for collection and mailing on that date following ordinary business practices.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 26th day of November, 2019, at Anaheim, California.


KRISTA L. DIMERCURIO

3

EXHIBIT 8, PAGE 116

# EXHIBIT 1

4

CONVERTED, NODISMISS, NoAutoDisch

## U.S. Bankruptcy Court
## Central District of California (Santa Ana)
## Bankruptcy Petition #: 8:19-bk-11419-ES

|  |  |
|---|---|
| | *Date filed:* 04/17/2019 |

*Assigned to:* Erithe A. Smith
Chapter 7
Previous chapter 13
Original chapter 13
Voluntary
Asset

*Date converted:* 07/08/2019
*341 meeting:* 12/04/2019
*Deadline for filing claims:* 11/25/2019
*Deadline for objecting to discharge:* 01/31/2020
*Deadline for financial mgmt. course (db):* 10/21/2019
*Deadline for financial mgmt. course (jdb):* 10/21/2019

*Debtor*
**Mohammad I. Niazi**
42 Pendant
Irvine, CA 92620
ORANGE-CA
SSN / ITIN: xxx-xx-0884

represented by **Freddie V Vega**
Legis Law PC
2101 E 4th St Ste A120
Santa Ana, CA 92705
844-618-6705
Email: mrvega@freddievegalaw.com

*Joint Debtor*
**Parwin Saddozai**
42 Pendant
Irvine, CA 92620
ORANGE-CA
SSN / ITIN: xxx-xx-8105

represented by **Freddie V Vega**
(See above for address)

*Trustee*
**Amrane (SA) Cohen (TR)**
770 The City Drive South Suite 8500
Orange, CA 92868
714-621-0200
*TERMINATED: 07/08/2019*

*Trustee*
**Karen S Naylor (TR)**
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660-2098
(949) 748-7936

*U.S. Trustee*
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

represented by **Michael J Hauser**
411 W Fourth St Suite 7160
Santa Ana, CA 92701-4593
714-338-3417
Fax : 714-338-3421
Email: michael.hauser@usdoj.gov

EXHIBIT 8, PAGE 118

| Filing Date | # | Docket Text |
|---|---|---|
| 04/17/2019 | <u>1</u><br>(61 pgs) | Chapter 13 Voluntary Petition Individual . Fee Amount $310 Filed by Mohammad I. Niazi, Parwin Saddozai (Vega, Freddie) WARNING: See docket entry NOS.9&10 for corrections. PER LBR 9011-1(D)Block Ink Holographic or Typed Signatures are not allowed. 72 Hours Notice issued for Addendum to VP due/ 4/22/2019. ALSO MISSING DEBTOR'S HOLOGRAPHIC SIGNATURE AND DEFICIENT FOR: Declaration About an Individual Debtors Schedules (Form 106Dec) due 5/1/2019 Statement of Financial Affairs due 5/1/2019. Chapter 13 Calculation of Your Disposable Income due 5/1/2019. Statement of Related Cases due 5/1/2019. Master Mailing List of Creditors due 5/1/2019. Chapter 13 Plan due 5/1/2019. Incomplete filing due 5/1/2019. Modified on 4/18/2019 (Roque, Jewell). . (Entered: 04/17/2019) |
| 04/17/2019 | <u>2</u><br>(6 pgs) | Rights and responsibilities agreement between chapter 13 debtors and their attorneys Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai. (Vega, Freddie) (Entered: 04/17/2019) |
| 04/17/2019 | <u>3</u><br>(1 pg) | Certificate of Credit Counseling Filed by Debtor Mohammad I. Niazi. (Vega, Freddie) (Entered: 04/17/2019) |
| 04/17/2019 | <u>4</u><br>(1 pg) | Certificate of Credit Counseling Filed by Joint Debtor Parwin Saddozai. (Vega, Freddie) (Entered: 04/17/2019) |
| 04/17/2019 | <u>5</u> | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai. (Vega, Freddie) (Entered: 04/17/2019) |
| 04/17/2019 | <u>6</u><br>(5 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai. (Vega, Freddie) (Entered: 04/17/2019) |
| 04/17/2019 | | Receipt of Voluntary Petition (Chapter 13)(8:19-bk-11419) [misc,volp13] ( 310.00) Filing Fee. Receipt number 48895116. Fee amount 310.00. (re: Doc# <u>1</u>) (U.S. Treasury) (Entered: 04/17/2019) |
| | <u>8</u><br>(3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 05/22/2019 at 10:00 AM at RM 1-154, 411 W Fourth St., Santa Ana, CA 92701. Confirmation hearing to be held on |

| | | |
|---|---|---|
| 04/17/2019 | . . | 06/25/2019 at 01:30 PM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. Proof of Claim due by 06/26/2019. (Vega, Freddie) (Entered: 04/17/2019) |
| 04/18/2019 | 7 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Smith, Valerie. (Smith, Valerie) (Entered: 04/18/2019) |
| 04/18/2019 | | Set Case Commencement Deficiency Deadlines (ccdn) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai) Statement of Related Cases (LBR Form F1015-2) due 5/1/2019. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 5/1/2019. Incomplete Filings due by 5/1/2019. (Roque, Jewell) (Entered: 04/18/2019) |
| 04/18/2019 | | Set Case Commencement Deficiency Deadlines (def/deforco) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai) Declaration About an Individual Debtors Schedules (Form 106Dec) due 5/1/2019. Statement of Financial Affairs (Form 107 or 207) due 5/1/2019. Chapter 13 Plan (LBR F3015-1) due by 5/1/2019. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 5/1/2019. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 5/1/2019. Incomplete Filings due by 5/1/2019. (Roque, Jewell) (Entered: 04/18/2019) |
| 04/18/2019 | 9 (1 pg) | Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (BNC) . (Roque, Jewell) (Entered: 04/18/2019) |
| 04/18/2019 | 10 | Notice to Filer of Error and/or Deficient Document **Document filed without holographic signature. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE PROPER SIGNATURES.** (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai) (Roque, Jewell) (Entered: 04/18/2019) |
| 04/18/2019 | 11 (1 pg) | Case Commencement Deficiency Notice (BNC) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai) (Roque, Jewell) (Entered: 04/18/2019) |
| | 12 (1 pg) | ORDER to comply with bankruptcy rule 1007/3015(b) and notice of intent to dismiss case (BNC) (RE: related |

| | | |
|---|---|---|
| 04/18/2019 | · · | document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai (Roque, Jewell) (Entered: 04/18/2019) |
| 04/19/2019 | 13 (67 pgs) | Addendum to voluntary petition *Voluntary Petition with Holographic Signatures* Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai. (Vega, Freddie) (Entered: 04/19/2019) |
| 04/20/2019 | 14 (4 pgs) | BNC Certificate of Notice (RE: related document(s)8 Meeting (AutoAssign Chapter 13)) No. of Notices: 7. Notice Date 04/20/2019. (Admin.) (Entered: 04/20/2019) |
| 04/20/2019 | 15 (2 pgs) | BNC Certificate of Notice (RE: related document(s)11 Case Commencement Deficiency Notice (BNC)) No. of Notices: 1. Notice Date 04/20/2019. (Admin.) (Entered: 04/20/2019) |
| 04/20/2019 | 16 (2 pgs) | BNC Certificate of Notice (RE: related document(s)12 ORDER to comply with bankruptcy rule 1007/3015(b) and notice of intent to dismiss case (Ch 7/13) (BNC)) No. of Notices: 1. Notice Date 04/20/2019. (Admin.) (Entered: 04/20/2019) |
| 04/20/2019 | 17 (2 pgs) | BNC Certificate of Notice (RE: related document(s)9 Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (VAN-197) (BNC)) No. of Notices: 2. Notice Date 04/20/2019. (Admin.) (Entered: 04/20/2019) |
| 05/01/2019 | 18 (20 pgs) | Chapter 13 Plan (LBR F3015-1). Property value is listed at an amount EQUAL to or GREATER THAN the Secured Amount Claimed: 1 included. *with Proof of Service* Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai (RE: related document(s) Set Case Commencement Deficiency Deadlines (def/deforco) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai) Declaration About an Individual Debtors Schedules (Form 106Dec) due 5/1/2019. Statement of Financial Affairs (Form 107 or 207) due 5/1/2019. Chapter 13 Plan (LBR F3015-1) due by 5/1/2019. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 5/1/2019. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 5/1/2019. Incomplete Filings due by 5/1/2019.). (Vega, Freddie) (Entered: 05/01/2019) |
| | | ***Statistics Reporting*** Motion for Valuation of Security (CM27). (RE: related document(s) 18 ) Chapter 13 |

| | | |
|---|---|---|
| 05/02/2019 | . | Plan (LBR F3015-1) (AutoDocket, User) (Entered: 05/02/2019) |
| 05/07/2019 | <u>19</u><br>(2 pgs) | Trustee's Notice to the debtor(s) that the case may be dismiss or converted at the confirmation hearing (batch) . (Cohen (TR), Amrane (SA)) (Entered: 05/07/2019) |
| 05/22/2019 | <u>20</u><br>(7 pgs) | Declaration Setting Forth Postpetition, Preconfirmation Payments On: 1. Deeds of Trust (or Mortgages), 2. Leases of Personal Property; 3. Purchase Money Security Liens on Personal Property *with Proof of Service* Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai. (Vega, Freddie) (Entered: 05/22/2019) |
| 05/22/2019 | <u>21</u><br>(6 pgs) | Declaration RE Filing of Tax Returns and Payment of Domestic Support Obligations (Preconfirmation) *with Proof of Service* Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai. (Vega, Freddie) (Entered: 05/22/2019) |
| 05/31/2019 | <u>22</u><br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Parker, Katie. (Parker, Katie) (Entered: 05/31/2019) |
| 06/05/2019 | <u>23</u><br>(30 pgs) | Objection to Confirmation of Plan Filed by Creditor WELLS FARGO BANK, N.A. (RE: related document(s)<u>18</u> Chapter 13 Plan (LBR F3015-1). Property value is listed at an amount EQUAL to or GREATER THAN the Secured Amount Claimed: 1 included. *with Proof of Service* Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai (RE: related document(s) Set Case Commencement Deficiency Deadlines (def/deforco) (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 13) filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai) Declaration About an Individual Debtors Schedules (Form 106Dec) due 5/1/2019. Statement of Financial Affairs (Form 107 or 207) due 5/1/2019. Chapter 13 Plan (LBR F3015-1) due by 5/1/2019. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 5/1/2019. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 5/1/2019. Incomplete Filings due by 5/1/2019.).). (Parker, Katie) (Entered: 06/05/2019) |
| 06/05/2019 | 24 | Hearing Set (related document # <u>18</u> Chapter 13 Plan). Confirmation hearing to be held on 6/25/2019 at 01:30 PM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 06/05/2019) |

| | | | |
|---|---|---|---|
| 06/11/2019 | <u>25</u><br>(5 pgs) | | Objection to Confirmation of Plan Filed by Trustee Amrane (SA) Cohen (TR) (RE: related document(s)<u>18</u> Chapter 13 Plan (LBR F3015-1). Property value is listed at an amount EQUAL to or GREATER THAN the Secured Amount Claimed: 1 included. *with Proof of Service* Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai (RE: related document(s) Set Case Commencement Deficiency Deadlines (def/deforco) (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 13) filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai) Declaration About an Individual Debtors Schedules (Form 106Dec) due 5/1/2019. Statement of Financial Affairs (Form 107 or 207) due 5/1/2019. Chapter 13 Plan (LBR F3015-1) due by 5/1/2019. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 5/1/2019. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 5/1/2019. Incomplete Filings due by 5/1/2019.). filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai). (Cohen (TR), Amrane (SA)) (Entered: 06/11/2019) |
| 06/11/2019 | <u>26</u><br>(10 pgs) | | Objection (related document(s): <u>18</u> Chapter 13 Plan (LBR F3015-1) filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai) *Secured Creditor Orange County Bail Bonds, Inc.'s Objection to Chapter 13 Plan with Proof of Service* Filed by Creditor Orange County Bail Bonds, Inc. (Forsythe, Marc) (Entered: 06/11/2019) |
| 06/25/2019 | 27 | | Hearing Held RE: Confirmation of Chapter 13 Plan (related document # 18]) - CASE IS CONVERTED TO CHAPTER 7. (Duarte, Tina) (Entered: 06/26/2019) |
| 07/08/2019 | <u>28</u><br>(2 pgs) | | Order Converting Case to Chapter 7 - IT IS FURTHER ORDERED THAT IF THE CONVERSION FEE IS NOT PAID WITHIN 7 DAYS OF THE ENTRY OF THIS ORDER, THE CASE SHALL BE DISMISSED WITHOUT FURTHER NOTICE (BNC-PDF). Trustee Amrane (SA) Cohen (TR) removed from the case. Trustee Karen S Naylor (TR) added to the case. (BNC-PDF) Signed on 7/8/2019 (Reid, Rick) (Entered: 07/08/2019) |
| 07/08/2019 | <u>29</u><br>(3 pgs) | | Meeting of Creditors 341(a) meeting to be held on 8/21/2019 at 12:00 PM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. Cert. of Financial Management due by 10/21/2019. Cert. of Financial Management - Joint Debtor due by 10/21/2019. Last day to oppose discharge or dischargeability is 10/21/2019. (Reid, Rick) (Entered: 07/08/2019) |

| | | | |
|---|---|---|---|
| 07/08/2019 | . | . | [30](#) (3 pgs) | Notice of Requirement to Complete Course in Financial Management (BNC) . (Reid, Rick) (Entered: 07/08/2019) |
| 07/10/2019 | | [31](#) (5 pgs) | BNC Certificate of Notice (RE: related document(s)[29](#) Meeting of Creditors Chapter 7 No Asset) No. of Notices: 8. Notice Date 07/10/2019. (Admin.) (Entered: 07/10/2019) |
| 07/10/2019 | | [32](#) (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[28](#) Order Converting Case to Chapter 7 (BNC-PDF)) No. of Notices: 1. Notice Date 07/10/2019. (Admin.) (Entered: 07/10/2019) |
| 07/10/2019 | | [33](#) (4 pgs) | BNC Certificate of Notice (RE: related document(s)[30](#) Notice of Requirement to Complete Course in Financial Management (BNC)) No. of Notices: 1. Notice Date 07/10/2019. (Admin.) (Entered: 07/10/2019) |
| 07/17/2019 | | | Receipt of Conversion Fee to Ch7 from Ch13 - $25.00 by 01. Receipt Number 80073697. (admin) (Entered: 07/17/2019) |
| 07/18/2019 | | [34](#) (4 pgs) | Notice of Intent to File Trustees Final Report and Account - Chapter 13 Dismissed/Converted . (Cohen (TR), Amrane (SA)) (Entered: 07/18/2019) |
| 07/25/2019 | | | Receipt of Certification Fee - $11.00 by 12. Receipt Number 80073752. (admin) (Entered: 07/25/2019) |
| 07/25/2019 | | | Receipt of Photocopies Fee - $3.50 by 12. Receipt Number 80073752. (admin) (Entered: 07/25/2019) |
| 07/30/2019 | | [35](#) (3 pgs) | Chapter 13 Trustee's Final Report and Account . (Cohen (TR), Amrane (SA)) (Entered: 07/30/2019) |
| 07/31/2019 | | [36](#) (1 pg) | Proof of service Filed by (RE: related document(s)[35](#) Chapter 13 Trustee's Final Report and Account (batch)). (Cohen (TR), Amrane (SA)) (Entered: 07/31/2019) |
| 08/20/2019 | | [37](#) (1 pg) | Declaration re: non-receipt of obj to trustee's final report (Dismissed/Converted Chapter 13 Cases) Filed by. (Cohen (TR), Amrane (SA)) (Entered: 08/20/2019) |
| 08/22/2019 | | 38 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Karen S Naylor (TR). 341(a) Meeting Continued to 09/25/2019 at 02:00 PM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. (Naylor (TR), Karen) (Entered: 08/22/2019) |

| | | | |
|---|---|---|---|
| 08/22/2019 | · | __39__<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Karen S Naylor (TR). (Naylor (TR), Karen) (Entered: 08/22/2019) |
| 08/22/2019 | | __40__<br>(2 pgs; 2 docs) | Notice of Assets filed by trustee and court's notice of possible dividend (BNC) Filed by Trustee Karen S Naylor (TR). Proofs of Claims due by 11/25/2019. (Naylor (TR), Karen) (Entered: 08/22/2019) |
| 08/25/2019 | | __41__<br>(3 pgs) | BNC Certificate of Notice (RE: related document(s)__40__ Notice of Assets filed by trustee and court's notice of possible dividend (BNC) filed by Trustee Karen S Naylor (TR)) No. of Notices: 8. Notice Date 08/25/2019. (Admin.) (Entered: 08/25/2019) |
| 09/26/2019 | | 42 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Karen S Naylor (TR). 341(a) Meeting Continued to 10/30/2019 at 02:00 PM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. (Naylor (TR), Karen) (Entered: 09/26/2019) |
| 09/26/2019 | | __43__<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Karen S Naylor (TR). (Naylor (TR), Karen) (Entered: 09/26/2019) |
| 10/03/2019 | | __44__<br>(3 pgs) | Stipulation By United States Trustee (SA) and *Debtor's Counsel To Extend Time for: (1) The U.S. Trustee To File A Motion To Dismiss Case Under § 707(B)(3); (2) The U.S. Trustee, Chapter 7 Trustee And All Creditors To File A Complaint Objecting To Discharge Under § 727; And(3) All Creditors To File A Non-Dischargeability Complaint Under § 523* Filed by U.S. Trustee United States Trustee (SA) (Hauser, Michael) (Entered: 10/03/2019) |
| 10/04/2019 | | __45__<br>(2 pgs) | Order Approving the Stipulation Extending the Time for: (1) The US Trustee to File a Motion to Dismiss Case; (2) The US Trustee, Chapter 7 Trustee, and All Creditors to File a Complaint to Object to Discharge Under 11 USC Section 727 and (3) All Creditors to File a Non-Dischargeability Complaint Under Section 523 (BNC-PDF) (Related Doc # __44__ ) Signed on 10/4/2019 (Daniels, Sally) (Entered: 10/04/2019) |
| 10/09/2019 | | __46__<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)__45__ ORDER to extend time (Generic Order - No Motion) (BNC-PDF)) No. of Notices: 1. Notice Date 10/09/2019. (Admin.) (Entered: 10/09/2019) |
| | | 47 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed |

| | | |
|---|---|---|
| 10/31/2019 | · · | by Trustee Karen S Naylor (TR). 341(a) Meeting Continued to 12/04/2019 at 01:00 PM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. (Naylor (TR), Karen) (Entered: 10/31/2019) |
| 10/31/2019 | <u>48</u> (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Karen S Naylor (TR). (Naylor (TR), Karen) (Entered: 10/31/2019) |
| 11/07/2019 | <u>49</u> (20 pgs; 2 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: *42 Pendant, Irvine, CA 92620 and Points and Authorities in Support Thereof.* Fee Amount $181, Filed by Creditor Orange County Bail Bonds, Inc. (Attachments: # <u>1</u> Memorandum of Points and Authorities in Support of Motion for Relief From the Automatic Stay) (Forsythe, Marc) - MOTION WITHDRAWN; SEE DOCUMENT # <u>51</u> - Modified on 11/7/2019 (Duarte, Tina). (Entered: 11/07/2019) |
| 11/07/2019 | | Receipt of Motion for Relief from Stay - Real Property(8:19-bk-11419-ES) [motion,nmrp] ( 181.00) Filing Fee. Receipt number 50059541. Fee amount 181.00. (re: Doc# <u>49</u>) (U.S. Treasury) (Entered: 11/07/2019) |
| 11/07/2019 | <u>50</u> (74 pgs; 2 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 42 Pendant, Irvine, CA 92620 . Fee Amount $181, Filed by Creditor Orange County Bail Bonds, Inc. (Attachments: # <u>1</u> Memorandum of Points and Authorities in Support of Motion for Relief From the Automatic Stay) (Forsythe, Marc) (Entered: 11/07/2019) |
| 11/07/2019 | <u>51</u> (4 pgs) | Notice *of Withdrawal of Court's Docket Document Number ECF No. 49 as Refiled Upon the Court's Docket as ECF No. 50* Filed by Creditor Orange County Bail Bonds, Inc. (RE: related document(s)<u>49</u> Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 42 Pendant, Irvine, CA 92620 *and Points and Authorities in Support Thereof.* Fee Amount $181, Filed by Creditor Orange County Bail Bonds, Inc. (Attachments: # 1 Memorandum of Points and Authorities in Support of Motion for Relief From the Automatic Stay)). (Forsythe, Marc) (Entered: 11/07/2019) |
| | <u>52</u> (80 pgs; 2 docs) | Amended Motion (related document(s): <u>50</u> Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 42 Pendant, Irvine, CA 92620 . Fee Amount $181, filed by |

| | | |
|---|---|---|
| 11/07/2019 | · | Creditor Orange County Bail Bonds, Inc.) *Amended to remove Notice of Electronic Filing pages* Filed by Creditor Orange County Bail Bonds, Inc. (Attachments: # 1 Memorandum of Points and Authorities in Support of Motion for Relief From the Automatic Stay) (Forsythe, Marc) (Entered: 11/07/2019) |
| 11/07/2019 | 53 | Hearing Set (RE: related document(s)52 Amended Motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 42 Pendant, Irvine, CA 92620 filed by Creditor Orange County Bail Bonds, Inc.). The Hearing date is set for 12/5/2019 at 10:00 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 11/07/2019) |
| 11/11/2019 | | Receipt of Motion for Relief from Stay - Real Property[8:19-bk-11419-ES] [motion,nmrp] ( 181.00) Filing Fee. Receipt number 50075514. Fee amount 181.00. (re: Doc# 50) (U.S. Treasury) (Entered: 11/11/2019) |
| 11/21/2019 | 54 (11 pgs) | Amended Schedule A/B for Individual: Property (Official Form 106A/B or 206A/B) *with Proof of Service* Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai. (Vega, Freddie) (Entered: 11/21/2019) |
| 11/21/2019 | 55 (7 pgs) | Amended Schedule A/B for Individual: Property (Official Form 106A/B or 206A/B) *2nd Amendment with Proof of Service* Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai. (Vega, Freddie) WARNING: See docket entry no. 61 for correction. [Incorrect pdf - Amended Schedule A/B instead Amended Schedule C]. Modified on 11/22/2019 (Shimizu, Tina). (Entered: 11/21/2019) |
| 11/21/2019 | 56 (11 pgs) | Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) *with Proof of Service* Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai. (Vega, Freddie) WARNING: See docket entry no. 61 for correction. [Incorrect pdf - Amended Schedule C instead Amended Schedule A/B]. Modified on 11/22/2019 (Shimizu, Tina). (Entered: 11/21/2019) |
| 11/21/2019 | 57 (7 pgs) | Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) *Corrected - With Proof of Service* Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai. (Vega, Freddie) (Entered: 11/21/2019) |
| | 58 (14 pgs) | Amending Schedules (D) (E/F) *with Proof of Service* Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin |

| | | |
|---|---|---|
| 11/21/2019 | . | . | Saddozai. (Vega, Freddie) (Entered: 11/21/2019) |
| 11/21/2019 | | Receipt of Amending Schedules D and/or E/F (Official Form 106D, 106E/F, 206D, or 206E/F) (Fee)(8:19-bk-11419-ES) [misc,amdsch] ( 31.00) Filing Fee. Receipt number 50149319. Fee amount 31.00. (re: Doc# 58) (U.S. Treasury) (Entered: 11/21/2019) |
| 11/21/2019 | 59 (13 pgs) | Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) *with Proof of Service* Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai. (Vega, Freddie) (Entered: 11/21/2019) |
| 11/21/2019 | 60 (19 pgs) | Response to motion for order to terminate, annul, modify or condition the automatic stay and declaration(s) in support (related document(s): 52 Amended Motion (related document(s): 50 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 42 Pendant, Irvine, CA 92620 . Fee Amount $181, filed by Creditor Orange County Bail filed by Creditor Orange County Bail Bonds, Inc.) *with Proof of Service* Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai (Vega, Freddie) (Entered: 11/21/2019) |
| 11/22/2019 | 61 | Notice to Filer of Error and/or Deficient Document **Incorrect PDF was attached to the docket entry. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)55 Schedule A/B: Property (Official Form 106A/B or 206A/B) filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai, 56 Schedule C: The Property You Claimed as Exempt (Official Form 106C) filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai) (Shimizu, Tina) (Entered: 11/22/2019) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/26/2019 14:59:07 | | |
| PACER Login: | Magarian:3487958:0 | Client Code: | |
| | | | 8:19-bk-11419-ES Fil or Ent: filed From: 3/1/2019 To: 11/26/2019 Doc From: |

| Description: | Docket Report | Search Criteria: | 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| --- | --- | --- | --- |
| Billable Pages: | 7 | Cost: | 0.70 |

EXHIBIT 8, PAGE 129

Kevin J. Lane, Clerk/Executive Officer
Electronically FILED on 11/26/2019 by M. Castaneda, Deputy Clerk

| STATE OF CALIFORNIA<br>California Court of Appeal, Fourth<br>Appellate District Division 3 | *PROOF OF SERVICE*<br><br>STATE OF CALIFORNIA<br>California Court of Appeal, Fourth<br>Appellate District Division 3 |
|---|---|

Case Name: **Saddozai et al. v. American Contractors Indemnity Company et al.**
Case Number: **G057149**
Lower Court Case Number: **30-2015-00816859**

1. At the time of service I was at least 18 years of age and not a party to this legal action.

2. My email address used to e-serve: **krista@magarianlaw.com**

3. I served by email a copy of the following document(s) indicated below:

Title(s) of papers e-served:

| Filing Type | Document Title |
|---|---|
| BANKRUPTCY - BANKRUPTCY UPDATE LETTER | Notice of BK Status |

Service Recipients:

| Person Served | Email Address | Type | Date / Time |
|---|---|---|---|
| Krista DiMercurio<br>Magarian & DiMercurio, APLC<br>255774 | krista@magarianlaw.com | e-Serve | 11/26/2019 3:03:02 PM |
| Robert Owen<br><br>126105 | bowen@rutan.com | e-Serve | 11/26/2019 3:03:02 PM |

This proof of service was automatically created, submitted and signed on my behalf through my agreements with TrueFiling and its contents are true to the best of my information, knowledge, and belief.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

11/26/2019
Date

/s/Krista DiMercurio
Signature

DiMercurio, Krista (255774)

Last Name, First Name (PNum)

Magarian & DiMercurio, APLC

Law Firm

# EXHIBIT 9

Court of Appeal, Fourth Appellate District, Division Three       Court of Appeal, Fourth Appellate District, Division Three
Kevin J. Lane, Clerk/Executive Officer                                     Kevin J. Lane, Clerk/Executive Officer
Electronically RECEIVED on 3/20/2020 on 10:57:12 AM       Electronically FILED on 3/20/2020 by M. Castaneda, Deputy Clerk

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT, DIVISION THREE

| | |
|---|---|
| ORANGE COUNTY BAIL BONDS, et al, ) | Appellate No.:  G057149 |
| ) | |
| Appellants, ) | Superior Court No.: 30-2015-00816859 |
| vs. ) | |
| ) | |
| PARWIN SADDOZAI, et al, ) | |
| ) | |
| Respondents. ) | |

On Appeal from the Orange County Superior Court,
The Honorable Sheila Fell

**NOTICE OF STATUS OF BANKRUPTCY CASE**

MARK D. MAGARIAN - #164755
KRISTA L. DIMERCURIO - #255774
MAGARIAN & DIMERCURIO
A Professional Law Corporation
315 N. Puente Street, Suite A
Brea, California 92821
Tel:  714-415-3412
Fax:  714-276-9944
Mark@Magarianlaw.com
Krista@Magarianlaw.com

Attorneys for Appellants,
ORANGE COUNTY BAIL BONDS,
INC. and AMERICAN
CONTRACTORS INDEMNITY
COMPANY

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**HEREIN:**

**PLEASE TAKE NOTICE THAT**: Pursuant to Order of this Court,

dated March 10, 2020, Appellant ORANGE COUNTY BAIL BONDS

("Appellant") hereby provides the following status at to the Voluntary

Petition under Chapter 13 (which has been converted to a Chapter 7) of the

United States Bankruptcy Code ("Bankruptcy Petition") filed by

Respondent PARWIN SADDOZAI ("Debtor") on April 17, 2019: the

Bankruptcy Petition remains pending in the United States Bankruptcy

Court, Central District of California, Santa Ana Division.  A true and

correct copy of the bankruptcy case docket, through today, is attached

hereto as Exhibit "1" and incorporated herein by this reference.


Dated:  March 20, 2020                MAGARIAN & DIMERCURIO
                                      A PROFESSIONAL LAW
                                      CORPORATION


                                      _____
                                      KRISTA L. DIMERCURIO
                                      Attorney for Appellants,
                                      ORANGE COUNTY BAIL
                                      BONDS, INC. and AMERICAN
                                      CONTRACTORS INDEMNITY
                                      COMPANY

EXHIBIT 9, PAGE 133

## PROOF OF SERVICE

(Pursuant to CCP § 1013 et. seq.)


I, Krista L. DiMercurio, am over the age of 18 years and a resident of the United States, employed in the County of Orange, State of California, and not a party to this action.  My business address is 315 N. Puente St., Ste. A, Brea, California 92821.

On March 20, 2020, I served:

### NOTICE OF STATUS OF BANKRUPTCY CASE

by PRIORITY MAIL by placing a true and correct copy in a sealed envelope with postage thereon fully prepaid in Brea, California and addressed as follows:

Parwin Saddozai
42 Pendant
Irvine, CA 92620

Robert Owen
Rutan & Tucker
611 Anton Blvd Ste 1400
Costa Mesa, CA 92626-1998


I declare that I am readily familiar with the business practice of collection and processing of correspondence for mailing with the United States Post Service at Brea, California, and know that the correspondence was deposited and placed for collection and mailing on that date following ordinary business practices.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 20th day of March, 2020, at Brea, California.


_____
KRISTA L. DIMERCURIO

3

EXHIBIT 9, PAGE 134

# EXHIBIT 1

EXHIBIT 9, PAGE 135

CONVERTED, NODISMISS, NoAutoDisch

# U.S. Bankruptcy Court
# Central District of California (Santa Ana)
# Bankruptcy Petition #: 8:19-bk-11419-ES

|  |  |
|---|---|
| *Date filed:* | 04/17/2019 |

*Assigned to:* Erithe A. Smith
Chapter 7
Previous chapter 13
Original chapter 13
Voluntary
No asset

| | |
|---|---|
| *Date converted:* | 07/08/2019 |
| *341 meeting:* | 01/22/2020 |
| *Deadline for filing claims:* | 11/25/2019 |
| *Deadline for objecting to discharge:* | 01/31/2020 |
| *Deadline for financial mgmt. course (db):* | 10/21/2019 |
| *Deadline for financial mgmt. course (jdb):* | 10/21/2019 |

**Debtor**
**Mohammad I. Niazi**
42 Pendant
Irvine, CA 92620
ORANGE-CA
SSN / ITIN: xxx-xx-0884

represented by **Freddie V Vega**
Legis Law PC
2101 E 4th St Ste A120
Santa Ana, CA 92705
844-618-6705
Email: mrvega@freddievegalaw.com

**Joint Debtor**
**Parwin Saddozai**
42 Pendant
Irvine, CA 92620
ORANGE-CA
SSN / ITIN: xxx-xx-8105

represented by **Freddie V Vega**
(See above for address)

**Trustee**
**Amrane (SA) Cohen (TR)**
770 The City Drive South Suite 3700
Orange, CA 92868
714-621-0200
*TERMINATED: 07/08/2019*

**Trustee**
**Karen S Naylor (TR)**
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660-2098
(949) 748-7936

**U.S. Trustee**
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

represented by **Michael J Hauser**
411 W Fourth St Suite 7160
Santa Ana, CA 92701-4593
714-338-3417
Fax : 714-338-3421
Email: michael.hauser@usdoj.gov

EXHIBIT 9, PAGE 136

| Filing Date | # | Docket Text |
|---|---|---|
| 04/17/2019 | [1](#)<br>(61 pgs) | Chapter 13 Voluntary Petition Individual . Fee Amount $310 Filed by Mohammad I. Niazi, Parwin Saddozai (Vega, Freddie) WARNING: See docket entry NOS.9&10 for corrections. PER LBR 9011-1(D)Block Ink Holographic or Typed Signatures are not allowed. 72 Hours Notice issued for Addendum to VP due/ 4/22/2019. ALSO MISSING DEBTOR'S HOLOGRAPHIC SIGNATURE AND DEFICIENT FOR: Declaration About an Individual Debtors Schedules (Form 106Dec) due 5/1/2019 Statement of Financial Affairs due 5/1/2019. Chapter 13 Calculation of Your Disposable Income due 5/1/2019. Statement of Related Cases due 5/1/2019. Master Mailing List of Creditors due 5/1/2019. Chapter 13 Plan due 5/1/2019. Incomplete filing due 5/1/2019. Modified on 4/18/2019 (Roque, Jewell). . (Entered: 04/17/2019) |
| 04/17/2019 | [2](#)<br>(6 pgs) | Rights and responsibilities agreement between chapter 13 debtors and their attorneys Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai. (Vega, Freddie) (Entered: 04/17/2019) |
| 04/17/2019 | [3](#)<br>(1 pg) | Certificate of Credit Counseling Filed by Debtor Mohammad I. Niazi. (Vega, Freddie) (Entered: 04/17/2019) |
| 04/17/2019 | [4](#)<br>(1 pg) | Certificate of Credit Counseling Filed by Joint Debtor Parwin Saddozai. (Vega, Freddie) (Entered: 04/17/2019) |
| 04/17/2019 | [5](#) | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai. (Vega, Freddie) (Entered: 04/17/2019) |
| 04/17/2019 | [6](#)<br>(5 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai. (Vega, Freddie) (Entered: 04/17/2019) |
| 04/17/2019 | | Receipt of Voluntary Petition (Chapter 13)(8:19-bk-11419) [misc,volp13] ( 310.00) Filing Fee. Receipt number 48895116. Fee amount 310.00. (re: Doc# [1](#)) (U.S. Treasury) (Entered: 04/17/2019) |
| | [8](#)<br>(3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 05/22/2019 at 10:00 AM at RM 1-154, 411 W Fourth St., Santa Ana, CA 92701. Confirmation hearing to be held on |

| | | |
|---|---|---|
| 04/17/2019 | | 06/25/2019 at 01:30 PM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. Proof of Claim due by 06/26/2019. (Vega, Freddie) (Entered: 04/17/2019) |
| 04/18/2019 | 7 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Smith, Valerie. (Smith, Valerie) (Entered: 04/18/2019) |
| 04/18/2019 | | Set Case Commencement Deficiency Deadlines (ccdn) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai) Statement of Related Cases (LBR Form F1015-2) due 5/1/2019. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 5/1/2019. Incomplete Filings due by 5/1/2019. (Roque, Jewell) (Entered: 04/18/2019) |
| 04/18/2019 | | Set Case Commencement Deficiency Deadlines (def/deforco) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai) Declaration About an Individual Debtors Schedules (Form 106Dec) due 5/1/2019. Statement of Financial Affairs (Form 107 or 207) due 5/1/2019. Chapter 13 Plan (LBR F3015-1) due by 5/1/2019. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 5/1/2019. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 5/1/2019. Incomplete Filings due by 5/1/2019. (Roque, Jewell) (Entered: 04/18/2019) |
| 04/18/2019 | 9 (1 pg) | Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (BNC) . (Roque, Jewell) (Entered: 04/18/2019) |
| 04/18/2019 | 10 | Notice to Filer of Error and/or Deficient Document **Document filed without holographic signature. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE PROPER SIGNATURES.** (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai) (Roque, Jewell) (Entered: 04/18/2019) |
| 04/18/2019 | 11 (1 pg) | Case Commencement Deficiency Notice (BNC) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai) (Roque, Jewell) (Entered: 04/18/2019) |
| | 12 (1 pg) | ORDER to comply with bankruptcy rule 1007/3015(b) and notice of intent to dismiss case (BNC) (RE: related |

| | | |
|---|---|---|
| 04/18/2019 | | document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai (Roque, Jewell) (Entered: 04/18/2019) |
| 04/19/2019 | 13 (67 pgs) | Addendum to voluntary petition *Voluntary Petition with Holographic Signatures* Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai. (Vega, Freddie) (Entered: 04/19/2019) |
| 04/20/2019 | 14 (4 pgs) | BNC Certificate of Notice (RE: related document(s)8 Meeting (AutoAssign Chapter 13)) No. of Notices: 7. Notice Date 04/20/2019. (Admin.) (Entered: 04/20/2019) |
| 04/20/2019 | 15 (2 pgs) | BNC Certificate of Notice (RE: related document(s)11 Case Commencement Deficiency Notice (BNC)) No. of Notices: 1. Notice Date 04/20/2019. (Admin.) (Entered: 04/20/2019) |
| 04/20/2019 | 16 (2 pgs) | BNC Certificate of Notice (RE: related document(s)12 ORDER to comply with bankruptcy rule 1007/3015(b) and notice of intent to dismiss case (Ch 7/13) (BNC)) No. of Notices: 1. Notice Date 04/20/2019. (Admin.) (Entered: 04/20/2019) |
| 04/20/2019 | 17 (2 pgs) | BNC Certificate of Notice (RE: related document(s)9 Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (VAN-197) (BNC)) No. of Notices: 2. Notice Date 04/20/2019. (Admin.) (Entered: 04/20/2019) |
| 05/01/2019 | 18 (20 pgs) | Chapter 13 Plan (LBR F3015-1). Property value is listed at an amount EQUAL to or GREATER THAN the Secured Amount Claimed: 1 included. *with Proof of Service* Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai (RE: related document(s) Set Case Commencement Deficiency Deadlines (def/deforco) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai) Declaration About an Individual Debtors Schedules (Form 106Dec) due 5/1/2019. Statement of Financial Affairs (Form 107 or 207) due 5/1/2019. Chapter 13 Plan (LBR F3015-1) due by 5/1/2019. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 5/1/2019. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 5/1/2019. Incomplete Filings due by 5/1/2019.). (Vega, Freddie) (Entered: 05/01/2019) |
| | | ***Statistics Reporting*** Motion for Valuation of Security (CM27). (RE: related document(s) 18 ) Chapter 13 |

| | | |
|---|---|---|
| 05/02/2019 | | Plan (LBR F3015-1) (AutoDocket, User) (Entered: 05/02/2019) |
| 05/07/2019 | [19](#)<br>(2 pgs) | Trustee's Notice to the debtor(s) that the case may be dismiss or converted at the confirmation hearing (batch) . (Cohen (TR), Amrane (SA)) (Entered: 05/07/2019) |
| 05/22/2019 | [20](#)<br>(7 pgs) | Declaration Setting Forth Postpetition, Preconfirmation Payments On: 1. Deeds of Trust (or Mortgages), 2. Leases of Personal Property; 3. Purchase Money Security Liens on Personal Property *with Proof of Service* Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai. (Vega, Freddie) (Entered: 05/22/2019) |
| 05/22/2019 | [21](#)<br>(6 pgs) | Declaration RE Filing of Tax Returns and Payment of Domestic Support Obligations (Preconfirmation) *with Proof of Service* Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai. (Vega, Freddie) (Entered: 05/22/2019) |
| 05/31/2019 | [22](#)<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Parker, Katie. (Parker, Katie) (Entered: 05/31/2019) |
| 06/05/2019 | [23](#)<br>(30 pgs) | Objection to Confirmation of Plan Filed by Creditor WELLS FARGO BANK, N.A. (RE: related document(s)[18](#) Chapter 13 Plan (LBR F3015-1). Property value is listed at an amount EQUAL to or GREATER THAN the Secured Amount Claimed: 1 included. *with Proof of Service* Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai (RE: related document(s) Set Case Commencement Deficiency Deadlines (def/deforco) (RE: related document(s)[1](#) Voluntary Petition (Chapter 13) filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai) Declaration About an Individual Debtors Schedules (Form 106Dec) due 5/1/2019. Statement of Financial Affairs (Form 107 or 207) due 5/1/2019. Chapter 13 Plan (LBR F3015-1) due by 5/1/2019. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 5/1/2019. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 5/1/2019. Incomplete Filings due by 5/1/2019.).). (Parker, Katie) (Entered: 06/05/2019) |
| 06/05/2019 | 24 | Hearing Set (related document # [18](#) Chapter 13 Plan). Confirmation hearing to be held on 6/25/2019 at 01:30 PM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 06/05/2019) |

| | | |
|---|---|---|
| 06/11/2019 | 25<br>(5 pgs) | Objection to Confirmation of Plan Filed by Trustee Amrane (SA) Cohen (TR) (RE: related document(s)18 Chapter 13 Plan (LBR F3015-1). Property value is listed at an amount EQUAL to or GREATER THAN the Secured Amount Claimed: 1 included. *with Proof of Service* Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai (RE: related document(s) Set Case Commencement Deficiency Deadlines (def/deforco) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai) Declaration About an Individual Debtors Schedules (Form 106Dec) due 5/1/2019. Statement of Financial Affairs (Form 107 or 207) due 5/1/2019. Chapter 13 Plan (LBR F3015-1) due by 5/1/2019. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 5/1/2019. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 5/1/2019. Incomplete Filings due by 5/1/2019.). filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai). (Cohen (TR), Amrane (SA)) (Entered: 06/11/2019) |
| 06/11/2019 | 26<br>(10 pgs) | Objection (related document(s): 18 Chapter 13 Plan (LBR F3015-1) filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai) *Secured Creditor Orange County Bail Bonds, Inc.'s Objection to Chapter 13 Plan with Proof of Service* Filed by Creditor Orange County Bail Bonds, Inc. (Forsythe, Marc) (Entered: 06/11/2019) |
| 06/25/2019 | 27 | Hearing Held RE: Confirmation of Chapter 13 Plan (related document # 18]) - CASE IS CONVERTED TO CHAPTER 7. (Duarte, Tina) (Entered: 06/26/2019) |
| 07/08/2019 | 28<br>(2 pgs) | Order Converting Case to Chapter 7 - IT IS FURTHER ORDERED THAT IF THE CONVERSION FEE IS NOT PAID WITHIN 7 DAYS OF THE ENTRY OF THIS ORDER, THE CASE SHALL BE DISMISSED WITHOUT FURTHER NOTICE (BNC-PDF). Trustee Amrane (SA) Cohen (TR) removed from the case. Trustee Karen S Naylor (TR) added to the case. (BNC-PDF) Signed on 7/8/2019 (Reid, Rick) (Entered: 07/08/2019) |
| 07/08/2019 | 29<br>(3 pgs) | Meeting of Creditors 341(a) meeting to be held on 8/21/2019 at 12:00 PM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. Cert. of Financial Management due by 10/21/2019. Cert. of Financial Management - Joint Debtor due by 10/21/2019. Last day to oppose discharge or dischargeability is 10/21/2019. (Reid, Rick) (Entered: 07/08/2019) |

| | | |
|---|---|---|
| 07/08/2019 | 30<br>(3 pgs) | Notice of Requirement to Complete Course in Financial Management (BNC) . (Reid, Rick) (Entered: 07/08/2019) |
| 07/10/2019 | 31<br>(5 pgs) | BNC Certificate of Notice (RE: related document(s)29 Meeting of Creditors Chapter 7 No Asset) No. of Notices: 8. Notice Date 07/10/2019. (Admin.) (Entered: 07/10/2019) |
| 07/10/2019 | 32<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)28 Order Converting Case to Chapter 7 (BNC-PDF)) No. of Notices: 1. Notice Date 07/10/2019. (Admin.) (Entered: 07/10/2019) |
| 07/10/2019 | 33<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)30 Notice of Requirement to Complete Course in Financial Management (BNC)) No. of Notices: 1. Notice Date 07/10/2019. (Admin.) (Entered: 07/10/2019) |
| 07/17/2019 | | Receipt of Conversion Fee to Ch7 from Ch13 - $25.00 by 01. Receipt Number 80073697. (admin) (Entered: 07/17/2019) |
| 07/18/2019 | 34<br>(4 pgs) | Notice of Intent to File Trustees Final Report and Account - Chapter 13 Dismissed/Converted . (Cohen (TR), Amrane (SA)) (Entered: 07/18/2019) |
| 07/25/2019 | | Receipt of Certification Fee - $11.00 by 12. Receipt Number 80073752. (admin) (Entered: 07/25/2019) |
| 07/25/2019 | | Receipt of Photocopies Fee - $3.50 by 12. Receipt Number 80073752. (admin) (Entered: 07/25/2019) |
| 07/30/2019 | 35<br>(3 pgs) | Chapter 13 Trustee's Final Report and Account . (Cohen (TR), Amrane (SA)) (Entered: 07/30/2019) |
| 07/31/2019 | 36<br>(1 pg) | Proof of service Filed by (RE: related document(s)35 Chapter 13 Trustee's Final Report and Account (batch)). (Cohen (TR), Amrane (SA)) (Entered: 07/31/2019) |
| 08/20/2019 | 37<br>(1 pg) | Declaration re: non-receipt of obj to trustee's final report (Dismissed/Converted Chapter 13 Cases) Filed by. (Cohen (TR), Amrane (SA)) (Entered: 08/20/2019) |
| 08/22/2019 | 38 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Karen S Naylor (TR). 341(a) Meeting Continued to 09/25/2019 at 02:00 PM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. (Naylor (TR), Karen) (Entered: 08/22/2019) |

| | | |
|---|---|---|
| 08/22/2019 | [39](#)<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Karen S Naylor (TR). (Naylor (TR), Karen) (Entered: 08/22/2019) |
| 08/22/2019 | [40](#)<br>(2 pgs; 2 docs) | Notice of Assets filed by trustee and court's notice of possible dividend (BNC) Filed by Trustee Karen S Naylor (TR). Proofs of Claims due by 11/25/2019. (Naylor (TR), Karen) (Entered: 08/22/2019) |
| 08/25/2019 | [41](#)<br>(3 pgs) | BNC Certificate of Notice (RE: related document(s)[40](#) Notice of Assets filed by trustee and court's notice of possible dividend (BNC) filed by Trustee Karen S Naylor (TR)) No. of Notices: 8. Notice Date 08/25/2019. (Admin.) (Entered: 08/25/2019) |
| 09/26/2019 | 42 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Karen S Naylor (TR). 341(a) Meeting Continued to 10/30/2019 at 02:00 PM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. (Naylor (TR), Karen) (Entered: 09/26/2019) |
| 09/26/2019 | [43](#)<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Karen S Naylor (TR). (Naylor (TR), Karen) (Entered: 09/26/2019) |
| 10/03/2019 | [44](#)<br>(3 pgs) | Stipulation By United States Trustee (SA) and *Debtor's Counsel To Extend Time for: (1) The U.S. Trustee To File A Motion To Dismiss Case Under § 707(B)(3); (2) The U.S. Trustee, Chapter 7 Trustee And All Creditors To File A Complaint Objecting To Discharge Under § 727; And(3) All Creditors To File A Non-Dischargeability Complaint Under § 523* Filed by U.S. Trustee United States Trustee (SA) (Hauser, Michael) (Entered: 10/03/2019) |
| 10/04/2019 | [45](#)<br>(2 pgs) | Order Approving the Stipulation Extending the Time for: (1) The US Trustee to File a Motion to Dismiss Case; (2) The US Trustee, Chapter 7 Trustee, and All Creditors to File a Complaint to Object to Discharge Under 11 USC Section 727 and (3) All Creditors to File a Non-Dischargeability Complaint Under Section 523 (BNC-PDF) (Related Doc # [44](#) ) Signed on 10/4/2019 (Daniels, Sally) (Entered: 10/04/2019) |
| 10/09/2019 | [46](#)<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[45](#) ORDER to extend time (Generic Order - No Motion) (BNC-PDF)) No. of Notices: 1. Notice Date 10/09/2019. (Admin.) (Entered: 10/09/2019) |
| | 47 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed |

| | | |
|---|---|---|
| 10/31/2019 | | by Trustee Karen S Naylor (TR). 341(a) Meeting Continued to 12/04/2019 at 01:00 PM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. (Naylor (TR), Karen) (Entered: 10/31/2019) |
| 10/31/2019 | 48 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a) Filed by Trustee Karen S Naylor (TR). (Naylor (TR), Karen) (Entered: 10/31/2019) |
| 11/07/2019 | 49 (20 pgs; 2 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 42 Pendant, Irvine, CA 92620 *and Points and Authorities in Support Thereof*. Fee Amount $181, Filed by Creditor Orange County Bail Bonds, Inc. (Attachments: # 1 Memorandum of Points and Authorities in Support of Motion for Relief From the Automatic Stay) (Forsythe, Marc) - MOTION WITHDRAWN; SEE DOCUMENT # 51 - Modified on 11/7/2019 (Duarte, Tina). (Entered: 11/07/2019) |
| 11/07/2019 | | Receipt of Motion for Relief from Stay - Real Property(8:19-bk-11419-ES) [motion,nmrp] ( 181.00) Filing Fee. Receipt number 50059541. Fee amount 181.00. (re: Doc# 49) (U.S. Treasury) (Entered: 11/07/2019) |
| 11/07/2019 | 50 (74 pgs; 2 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 42 Pendant, Irvine, CA 92620 . Fee Amount $181, Filed by Creditor Orange County Bail Bonds, Inc. (Attachments: # 1 Memorandum of Points and Authorities in Support of Motion for Relief From the Automatic Stay) (Forsythe, Marc) (Entered: 11/07/2019) |
| 11/07/2019 | 51 (4 pgs) | Notice *of Withdrawal of Court's Docket Document Number ECF No. 49 and Refiled Upon the Court's Docket as ECF No. 50* Filed by Creditor Orange County Bail Bonds, Inc. (RE: related document(s)49 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 42 Pendant, Irvine, CA 92620 *and Points and Authorities in Support Thereof*. Fee Amount $181, Filed by Creditor Orange County Bail Bonds, Inc. (Attachments: # 1 Memorandum of Points and Authorities in Support of Motion for Relief From the Automatic Stay)). (Forsythe, Marc) (Entered: 11/07/2019) |
| 11/07/2019 | 52 (80 pgs; 2 docs) | Amended Motion (related document(s): 50 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 42 Pendant, Irvine, CA 92620 . Fee Amount $181, filed by |

| | | |
|---|---|---|
| 11/07/2019 | | Creditor Orange County Bail Bonds, Inc.) *Amended to remove Notice of Electronic Filing pages* Filed by Creditor Orange County Bail Bonds, Inc. (Attachments: # 1 Memorandum of Points and Authorities in Support of Motion for Relief From the Automatic Stay) (Forsythe, Marc) (Entered: 11/07/2019) |
| 11/07/2019 | 53 | Hearing Set (RE: related document(s)52 Amended Motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 42 Pendant, Irvine, CA 92620 filed by Creditor Orange County Bail Bonds, Inc.). The Hearing date is set for 12/5/2019 at 10:00 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 11/07/2019) |
| 11/11/2019 | | Receipt of Motion for Relief from Stay - Real Property(8:19-bk-11419-ES) [motion,nmrp] ( 181.00) Filing Fee. Receipt number 50075514. Fee amount 181.00. (re: Doc# 50) (U.S. Treasury) (Entered: 11/11/2019) |
| 11/21/2019 | 54 (11 pgs) | Amended Schedule A/B for Individual: Property (Official Form 106A/B or 206A/B) *with Proof of Service* Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai. (Vega, Freddie) (Entered: 11/21/2019) |
| 11/21/2019 | 55 (7 pgs) | Amended Schedule A/B for Individual: Property (Official Form 106A/B or 206A/B) *2nd Amendment with Proof of Service* Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai. (Vega, Freddie) WARNING: See docket entry no. 61 for correction. [Incorrect pdf - Amended Schedule A/B instead Amended Schedule C]. Modified on 11/22/2019 (Shimizu, Tina). (Entered: 11/21/2019) |
| 11/21/2019 | 56 (11 pgs) | Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) *with Proof of Service* Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai. (Vega, Freddie) WARNING: See docket entry no. 61 for correction. [Incorrect pdf - Amended Schedule C instead Amended Schedule A/B]. Modified on 11/22/2019 (Shimizu, Tina). (Entered: 11/21/2019) |
| 11/21/2019 | 57 (7 pgs) | Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) *Corrected - With Proof of Service* Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai. (Vega, Freddie) (Entered: 11/21/2019) |
| | 58 (14 pgs) | Amending Schedules (D) (E/F) *with Proof of Service* Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin |

| | | |
|---|---|---|
| 11/21/2019 | | Saddozai. (Vega, Freddie) (Entered: 11/21/2019) |
| 11/21/2019 | | Receipt of Amending Schedules D and/or E/F (Official Form 106D, 106E/F, 206D, or 206E/F) (Fee)(8:19-bk-11419-ES) [misc,amdsch] ( 31.00) Filing Fee. Receipt number 50149319. Fee amount 31.00. (re: Doc# 58) (U.S. Treasury) (Entered: 11/21/2019) |
| 11/21/2019 | 59 (13 pgs) | Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) *with Proof of Service* Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai. (Vega, Freddie) (Entered: 11/21/2019) |
| 11/21/2019 | 60 (19 pgs) | Response to motion for order to terminate, annul, modify or condition the automatic stay and declaration(s) in support (related document(s): 52 Amended Motion (related document(s): 50 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 42 Pendant, Irvine, CA 92620 . Fee Amount $181, filed by Creditor Orange County Bail filed by Creditor Orange County Bail Bonds, Inc.) *with Proof of Service* Filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai (Vega, Freddie) (Entered: 11/21/2019) |
| 11/22/2019 | 61 | Notice to Filer of Error and/or Deficient Document **Incorrect PDF was attached to the docket entry. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)55 Schedule A/B: Property (Official Form 106A/B or 206A/B) filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai, 56 Schedule C: The Property You Claimed as Exempt (Official Form 106C) filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai) (Shimizu, Tina) (Entered: 11/22/2019) |
| 11/27/2019 | 62 (16 pgs) | Reply to (related document(s): 60 Response to motion for order to terminate, annul, modify or condition the automatic stay and declaration(s) in support filed by Debtor Mohammad I. Niazi, Joint Debtor Parwin Saddozai) *Reply to Debtor's Opposition to Orange County Bail Bonds, Inc.'s Motion for Relief from Stay [Real Property]; Request for Judicial Notice Attached hereto in Support Thereof with Proof of Service* Filed by Creditor Orange County Bail Bonds, Inc. (Forsythe, Marc) (Entered: 11/27/2019) |
| | 63 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Karen S Naylor (TR). 341(a) Meeting Continued to 01/22/2020 at 01:00 PM at RM 3-110, 411 W Fourth St., |

| | | |
|---|---|---|
| 12/05/2019 | | Santa Ana, CA 92701. (Naylor (TR), Karen) (Entered: 12/05/2019) |
| 12/05/2019 | 64<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Karen S Naylor (TR). (Naylor (TR), Karen) (Entered: 12/05/2019) |
| 12/05/2019 | 65<br>(9 pgs) | Notice of lodgment *of Order in Bankruptcy Case Granting Motion for Relief From the Automatic Stay Under 11 U.S.C. Section 362 (Real Property)* Filed by Creditor Orange County Bail Bonds, Inc. (RE: related document(s)52 Amended Motion (related document(s): 50 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 42 Pendant, Irvine, CA 92620 . Fee Amount $181, filed by Creditor Orange County Bail). (Forsythe, Marc) (Entered: 12/05/2019) |
| 12/05/2019 | 66<br>(8 pgs) | Order Granting Motion for Relief From The Automatic Stay (REAL PROPERTY) (BNC-PDF) (Related Doc # 52 ) Signed on 12/5/2019 (Steinberg, Elizabeth) (Entered: 12/05/2019) |
| 12/05/2019 | 68 | Hearing Held (RE: related document(s)52 Amended Motion filed by Creditor Orange County Bail Bonds, Inc.) - Grant motion without 4001(a)(3) waiver under 362(d)(2) (no equity in property and property not necessary for reorganization. (Steinberg, Elizabeth) (Entered: 12/10/2019) |
| 12/07/2019 | 67<br>(9 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)66 Order on Amended Motion (BNC-PDF)) No. of Notices: 1. Notice Date 12/07/2019. (Admin.) (Entered: 12/07/2019) |
| | | Chapter 7 Trustee's Report of No Distribution: I, Karen S Naylor (TR), having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 7 months. Assets Abandoned (without |

| | | |
|---|---|---|
| 01/23/2020 | | deducting any secured claims): Not Available, Assets Exempt: Not Available, Claims Scheduled: Not Available, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): Not Available. Filed by Trustee Karen S Naylor (TR) (RE: related document(s) 63 Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Karen S Naylor (TR). 341(a) Meeting Continued to 01/22/2020 at 01:00 PM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. (Naylor (TR), Karen) filed by Trustee Karen S Naylor (TR)). (Naylor (TR), Karen) (Entered: 01/23/2020) |
| 03/09/2020 | [69](#) (11 pgs) | Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Appeal against pre-petition judgment *with Proof of Service*. Fee Amount $181, Filed by Creditor Orange County Bail Bonds, Inc. (Forsythe, Marc) - Amended Notice of Motion Will Be Filed to Include Both Debtor's Names, Per Marc Forsythe, Attorney for Movant - Modified on 3/10/2020 (Duarte, Tina). (Entered: 03/09/2020) |
| 03/09/2020 | [70](#) (3 pgs) | Notice of Requirement to Complete Course in Financial Management (Auto VAN-105) (BNC). (AutoDocket, User) (Entered: 03/09/2020) |
| 03/10/2020 | | Receipt of Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM(8:19-bk-11419-ES) [motion,nman] ( 181.00) Filing Fee. Receipt number 50795386. Fee amount 181.00. (re: Doc# [69](#)) (U.S. Treasury) (Entered: 03/10/2020) |
| 03/10/2020 | 71 | Hearing Set (RE: related document(s)[69](#) Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor Orange County Bail Bonds, Inc.). The Hearing date is set for 4/9/2020 at 10:00 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 03/10/2020) |
| 03/10/2020 | [72](#) (3 pgs) | Errata *Errata re Notice of Motion and Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 with Proof of Service with Proof of Service* Filed by Creditor Orange County Bail Bonds, Inc. (RE: related document(s)[69](#) Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Appeal against pre-petition judgment *with Proof of Service*. Fee Amount $181,). (Forsythe, Marc) (Entered: 03/10/2020) |

| 03/12/2020 | 73 (4 pgs) | BNC Certificate of Notice (RE: related document(s)70 Notice of Requirement to Complete Course in Financial Management (Auto VAN-105) (BNC)) No. of Notices: 1. Notice Date 03/12/2020. (Admin.) (Entered: 03/12/2020) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/20/2020 10:47:20 | | | |
| **PACER Login:** | Magarian:3487958:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:19-bk-11419-ES Fil or Ent: filed From: 6/1/2018 To: 3/20/2020 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 9 | **Cost:** | 0.90 |

EXHIBIT 9, PAGE 149

Court of Appeal, Fourth Appellate District, Division Three
Kevin J. Lane, Clerk/Executive Officer
Electronically FILED on 3/20/2020 by M. Castaneda, Deputy Clerk

| **STATE OF CALIFORNIA**<br>California Court of Appeal, Fourth<br>Appellate District Division 3 | ***PROOF OF SERVICE***<br><br>**STATE OF CALIFORNIA**<br>California Court of Appeal, Fourth<br>Appellate District Division 3 |
| --- | --- |

Case Name: **Saddozai et al. v. American Contractors Indemnity Company et al.**

Case Number: **G057149**

Lower Court Case Number: **30-2015-00816859**

1. At the time of service I was at least 18 years of age and not a party to this legal action.

2. My email address used to e-serve: **krista@magarianlaw.com**

3. I served by email a copy of the following document(s) indicated below:

Title(s) of papers e-served:

| **Filing Type** | **Document Title** |
| --- | --- |
| BANKRUPTCY - BANKRUPTCY UPDATE LETTER | Notice of Status of Bankruptcy |

Service Recipients:

| **Person Served** | **Email Address** | **Type** | **Date / Time** |
| --- | --- | --- | --- |
| Krista DiMercurio<br>Magarian & DiMercurio, APLC<br>255774 | krista@magarianlaw.com | e-Serve | 3/20/2020<br>10:57:11 AM |

This proof of service was automatically created, submitted and signed on my behalf through my agreements with TrueFiling and its contents are true to the best of my information, knowledge, and belief.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

3/20/2020
Date

/s/Krista DiMercurio
Signature

DiMercurio, Krista (255774)
Last Name, First Name (PNum)

EXHIBIT 9, PAGE 150

Magarian & DiMercurio, APLC

Law Firm

EXHIBIT 9, PAGE 151

**EXHIBIT 10**

4/16/2020                           Civil Case Access - Print Case Information

Case Summary:

| Case Id: | 30-2019-01065744-CU-EN-CJC |
|---|---|
| Case Title: | LEGAL SERVICE BUREAU INC. VS. ROBERT L. MILLER |
| Case Type: | ENFORCEMENT |
| Filing Date: | 04/23/2019 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 3783901 RECEIVED ON 04/23/2019 11:16:01 AM. | 04/25/2019 | | *NV* | |
| 2 | COMPLAINT FILED BY LEGAL SERVICE BUREAU INC. ON 04/23/2019 | 04/23/2019 | | 9 pages | ☐ |
| 3 | CIVIL CASE COVER SHEET FILED BY LEGAL SERVICE BUREAU INC. ON 04/23/2019 | 04/23/2019 | | 2 pages | ☐ |
| 4 | SUMMONS ISSUED AND FILED FILED BY LEGAL SERVICE BUREAU INC. ON 04/23/2019 | 04/23/2019 | | 1 pages | ☐ |
| 5 | PAYMENT RECEIVED BY ONELEGAL FOR 194 - COMPLAINT OR OTHER 1ST PAPER IN THE AMOUNT OF 435.00, TRANSACTION NUMBER 12540178 AND RECEIPT NUMBER 12364014. | 04/25/2019 | | 1 pages | ☐ |
| 6 | CASE ASSIGNED TO JUDICIAL OFFICER SCHWARM, WALTER ON 04/23/2019. | 04/23/2019 | | 1 pages | ☐ |
| 7 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 08/23/2019 AT 09:00:00 AM IN C19 AT CENTRAL JUSTICE CENTER. | 05/06/2019 | | 2 pages | |
| 8 | E-FILING TRANSACTION 2799108 RECEIVED ON 05/28/2019 02:18:58 PM. | 06/10/2019 | | *NV* | |
| 9 | ANSWER TO COMPLAINT FILED BY MILLER, LESLIE ANNE; ORANGE COUNTY BAIL BONDS INC.; MILLER, ROBERT L. ON 05/28/2019 | 05/28/2019 | | 7 pages | ☐ |
| 10 | PAYMENT RECEIVED BY ONELEGAL FOR 195 - ANSWER OR OTHER 1ST PAPER, 195 - ANSWER OR OTHER 1ST PAPER, 195 - ANSWER OR OTHER 1ST PAPER IN THE AMOUNT OF 1,305.00, TRANSACTION NUMBER 12566798 AND RECEIPT NUMBER 12390766. | 06/10/2019 | | 1 pages | |
| 11 | E-FILING TRANSACTION 1637949 RECEIVED ON 06/26/2019 09:20:12 AM. | 06/28/2019 | | *NV* | |
| 12 | NOTICE OF STAY OF PROCEEDINGS - PARTICIPANT FILED BY ORANGE COUNTY BAIL BONDS INC. ON 06/26/2019 | 06/26/2019 | | 12 pages | ☐ |
| 13 | E-FILING TRANSACTION 41003512 RECEIVED ON 08/20/2019 12:12:19 PM. | 08/20/2019 | | *NV* | |
| 14 | CASE MANAGEMENT STATEMENT FILED BY LEGAL SERVICE BUREAU INC. ON 08/20/2019 | 08/20/2019 | | 6 pages | ☐ |
| 15 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 09/06/2019 AT 09:00:00 AM IN C19 AT CENTRAL JUSTICE CENTER. | 08/23/2019 | | *NV* | |
| 16 | CASE MANAGEMENT CONFERENCE CONTINUED TO 09/06/2019 AT 09:00 AM IN THIS DEPARTMENT PURSUANT TO PARTY'S MOTION. | 08/23/2019 | | *NV* | |

EXHIBIT 10, PAGE 152

4/16/2020                         Civil Case Access - Print Case Information

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 17 | MINUTES FINALIZED FOR CASE MANAGEMENT CONFERENCE 08/23/2019 09:00:00 AM. | 08/26/2019 | | 1 pages | ☐ |
| 18 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 08/26/2019 | | 2 pages | ☐ |
| 19 | E-FILING TRANSACTION 41005731 RECEIVED ON 08/26/2019 04:52:54 PM. | 08/26/2019 | | NV | |
| 20 | CASE MANAGEMENT STATEMENT FILED BY LEGAL SERVICE BUREAU INC. ON 08/26/2019 | 08/26/2019 | | 6 pages | ☐ |
| 21 | PROOF OF SERVICE FILED BY LEGAL SERVICE BUREAU INC. ON 08/26/2019 | 08/26/2019 | | 2 pages | ☐ |
| 22 | E-FILING TRANSACTION 1660143 RECEIVED ON 08/28/2019 11:39:51 AM. | 08/28/2019 | | NV | |
| 23 | CASE MANAGEMENT STATEMENT FILED BY MILLER, LESLIE ANNE; ORANGE COUNTY BAIL BONDS INC.; MILLER, ROBERT L. ON 08/28/2019 | 08/28/2019 | | 7 pages | ☐ |
| 24 | E-FILING TRANSACTION 1661739 RECEIVED ON 09/03/2019 11:01:39 AM. | 09/03/2019 | | NV | |
| 25 | REQUEST FOR JUDICIAL NOTICE FILED BY LEGAL SERVICE BUREAU INC. ON 09/03/2019 | 09/03/2019 | | 30 pages | ☐ |
| 26 | E-FILING TRANSACTION 41010653 RECEIVED ON 09/10/2019 11:19:43 AM. | 09/10/2019 | | NV | |
| 27 | NOTICE - OTHER FILED BY MILLER, LESLIE ANNE; ORANGE COUNTY BAIL BONDS INC.; MILLER, ROBERT L. ON 09/10/2019 | 09/10/2019 | | 3 pages | ☐ |
| 28 | REVIEW HEARING SCHEDULED FOR 11/22/2019 AT 09:00:00 AM IN C19 AT CENTRAL JUSTICE CENTER. | 09/06/2019 | | NV | |
| 29 | THE REVIEW HEARING IS SCHEDULED FOR 11/22/2019 AT 09:00 AM IN DEPARTMENT C19. | 09/06/2019 | | NV | |
| 30 | MINUTES FINALIZED FOR CASE MANAGEMENT CONFERENCE 09/06/2019 09:00:00 AM. | 09/11/2019 | | 1 pages | ☐ |
| 31 | E-FILING TRANSACTION 1667618 RECEIVED ON 09/18/2019 04:16:54 PM. | 10/07/2019 | | NV | |
| 32 | NOTICE OF REMOVAL TO FEDERAL COURT FILED BY ORANGE COUNTY BAIL BONDS INC. ON 09/18/2019 | 09/18/2019 | | 19 pages | ☐ |
| 33 | CASE REASSIGNED TO OMNI EFFECTIVE 11/18/2019. | 11/18/2019 | | NV | |
| 35 | THE CASE IS REASSIGNED TO THE OMNIBUS CALENDAR. | 11/18/2019 | | NV | |
| 37 | MINUTES FINALIZED FOR CHAMBERS WORK 11/18/2019 09:31:00 AM. | 11/18/2019 | | 1 pages | ☐ |
| 38 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 11/18/2019 | | 2 pages | ☐ |
| 39 | E-FILING TRANSACTION 3861785 RECEIVED ON 11/27/2019 03:28:45 PM. | 11/27/2019 | | NV | |
| 40 | NOTICE OF ENTRY OF JUDGMENT FILED BY LEGAL SERVICE BUREAU INC. ON 11/27/2019 | 11/27/2019 | | 4 pages | ☐ |
| 41 | E-FILING TRANSACTION 3860506 RECEIVED ON 11/25/2019 02:07:56 PM. | 12/06/2019 | | NV | |
| 42 | NOTICE OF CHANGE OF ADDRESS AND/OR TELEPHONE FILED BY MILLER, LESLIE ANNE; ORANGE COUNTY BAIL BONDS INC.; MILLER, ROBERT L. ON 11/25/2019 | 11/25/2019 | | 2 pages | ☐ |

Participants:

EXHIBIT 10, PAGE 153

4/16/2020                          Civil Case Access - Print Case Information

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| LEGAL SERVICE BUREAU INC. | PLAINTIFF | | 04/25/2019 | |
| ORANGE COUNTY BAIL BONDS INC. | DEFENDANT | | 04/25/2019 | |
| LESLIE ANNE MILLER | DEFENDANT | | 04/25/2019 | |
| ROBERT L. MILLER | DEFENDANT | | 04/25/2019 | |
| AIRES LAW FIRM | ATTORNEY | | 04/25/2019 | |
| MAGARIAN & DIMERCURIO, APLC | ATTORNEY | | 12/06/2019 | |
| MAGARIAN & DIMERCURIO, APLC | ATTORNEY | | 06/10/2019 | |

Hearings:

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|

Print this page

EXHIBIT 10, PAGE 154

**EXHIBIT 11**

**NoFeeRequired**

# U.S. Bankruptcy Court
## Central District of California (Santa Ana)
## Adversary Proceeding #: 8:19-ap-01187-ES

*Assigned to:* Erithe A. Smith                          *Date Filed:* 09/18/19
*Lead BK Case:* 19-12411
*Lead BK Title:* Orange County Bail Bonds, Inc.
*Lead BK Chapter:* 11
*Demand:*

*Nature[s] of Suit:*  01 Determination of removed claim or cause

*Plaintiff*
-----------------------
**Legal Service Bureau Inc**                 represented by **Timothy C Aires**
*dba* **Global Fugitive Recovery**                          Aires Law Firm
                                                  6 Hughes, Ste 205
                                                  Irvine, CA 92618
                                                  949-718-2020
                                                  Fax : 949-718-2021
                                                  Email: tca@arlawyers.com

                                                  **D Edward Hays**
                                                  Marshack Hays LLP
                                                  870 Roosevelt Ave
                                                  Irvine, CA 92620
                                                  949-333-7777
                                                  Fax : 949-333-7778
                                                  Email: ehays@marshackhays.com

V.

*Defendant*
-----------------------
**Leslie Anne Miller**                       represented by **Leslie Anne Miller**
*dba* **Orange County Bail Bonds**                          PRO SE

*Defendant*
-----------------------
**Robert L Miller**                          represented by **Robert L Miller**

EXHIBIT 11, PAGE 155

CM/ECF - U.S. Bankruptcy Court (v5.2.1 - LIVE)                                    Page 2 of 7

*dba* **Orange County Bail Bonds**                        PRO SE

*Defendant*
-----------------------
**Orange County Bail Bonds Inc.**              represented by **Marc C Forsythe**
                                               Goe & Forsythe LLP
                                               18101 Von Karman Ave Ste 1200
                                               Irvine, CA 92612
                                               949-798-2460
                                               Fax : 949-955-9437
                                               Email: kmurphy@goeforlaw.com
                                               *LEAD ATTORNEY*

*U.S. Trustee*
-----------------------
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

| Filing Date | # | Docket Text |
|---|---|---|
| 09/18/2019 | [1](13 pgs) | Adversary case 8:19-ap-01187. Notice of Removal *of Civil Action Pursuant to 28 U.S.C. § 1452* by Orange County Bail Bonds, Inc.. Nature of Suit: (01 (Determination of removed claim or cause)) (Forsythe, Marc) (Entered: 09/18/2019) |
| 09/18/2019 | [2](2 pgs) | Notice *of Status Conference* Filed by Plaintiff Orange County Bail Bonds, Inc. (RE: related document(s)[1] Adversary case 8:19-ap-01187. Notice of Removal *of Civil Action Pursuant to 28 U.S.C. § 1452* by Orange County Bail Bonds, Inc.. Nature of Suit: (01 (Determination of removed claim or cause)) filed by Plaintiff Orange County Bail Bonds, Inc.). (Forsythe, Marc) (Entered: 09/18/2019) |
| 09/18/2019 | [3](2 pgs) | Proof of service *Notice of Federal Court of Removal of Civil Action From State Court Pursuant to 28 U.S.C. § 1452* Filed by Plaintiff Orange County Bail Bonds, Inc. (RE: related document(s)[1] Notice of Removal). (Forsythe, Marc) (Entered: 09/18/2019) |

EXHIBIT 11, PAGE 156

| 09/19/2019 | 4 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Riddles, Ryan. (Riddles, Ryan) (Entered: 09/19/2019) |
| 09/19/2019 | 5 (38 pgs) | Motion *and Notice of Motion for Entry of Order Enjoining Removed Litigation as to Non-Debtor Co-Defendants Pursuant to 11 U.S.C. § 105(a); Memorandum of Points and Authorities; and Declaration of Robert L. Miller in Support Thereof* Filed by Debtor In Possession Orange County Bail Bonds Inc., Defendant Orange County Bail Bonds Inc. (Forsythe, Marc) (Entered: 09/19/2019) |
| 09/19/2019 | 6 (2 pgs) | Order For Status Conference with Certificate of Mailing. Status Conference Set For: 11/7/2019 at 9:30 a.m., Courtroom 5A, 411 W. Fourth Street, Santa Ana, CA 92701 (BNC-PDF) Signed on 9/19/2019 (RE: related document(s)1 Notice of Removal). (Steinberg, Elizabeth) (Entered: 09/19/2019) |
| 09/19/2019 | 7 | Hearing Set (RE: related document(s)1 Notice of Removal) Status hearing to be held on 11/7/2019 at 09:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Steinberg, Elizabeth) (Entered: 09/19/2019) |
| 09/19/2019 | 8 | Hearing Set (RE: related document(s)5 Motion for entry of order enjoining removed litigation as to Non-Debtor Co-Defendants Pursuant to 11 U.S.C. Section 105(a) filed by Defendant Orange County Bail Bonds Inc.) The Hearing date is set for 10/10/2019 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Steinberg, Elizabeth) (Entered: 09/19/2019) |
| 09/20/2019 | 9 (4 pgs) | Proof of service *of Order for Status Conference* Filed by Defendant Orange County Bail Bonds Inc. (RE: related document(s)6 Order (Generic) (BNC-PDF), 7 Hearing (Adv Other) Set). (Forsythe, Marc) (Entered: 09/20/2019) |
| 09/21/2019 | 10 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)6 Order (Generic) (BNC-PDF)) No. of Notices: 0. Notice Date 09/21/2019. (Admin.) (Entered: 09/21/2019) |
| 09/23/2019 | 11 (15 pgs) | Motion for Remand *FOR ORDER REMANDING ADVERSARY PROCEEDING BACK TO STATE* |

EXHIBIT 11, PAGE 157

| | | |
|---|---|---|
| | | *COURT AND REQUIRING PAYMENT OF $3,325.00 BY DEBTOR ORANGE COUNTY BAIL BONDS INC., LESLIE MILLER, ROBERT MILLER, AND MARC C. FORSYTHE, JOINTLY AND SEVERALLY, AS AND FOR JUST COSTS AND ACTUAL EXPENSES, INCLUDING ATTORNEY FEES, INCURRED AS A RESULT OF REMOVAL* Filed by Plaintiff Legal Service Bureau Inc (Aires, Timothy) (Entered: 09/23/2019) |
| 09/23/2019 | 12 | Hearing Set (RE: related document(s)11 Motion for Order Remanding Adversary Proceeding Back to State Court and Requiring Payment of $3,325.00 by Debtor Orange County Bail Bonds Inc., Leslie Miller, Robert Miller, and Marc C. Forsythe, Jointly and Severally, as and for Just Costs and Actual Expenses, Including Attorney Fees, Incurred as a Result of Removal filed by Plaintiff Legal Service Bureau Inc). The Hearing date is set for 10/17/2019 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 09/23/2019) |
| 09/26/2019 | 13 (205 pgs) | Opposition to (related document(s): 5 Motion *and Notice of Motion for Entry of Order Enjoining Removed Litigation as to Non-Debtor Co-Defendants Pursuant to 11 U.S.C. § 105(a); Memorandum of Points and Authorities; and Declaration of Robert L. Miller in Support Thereof* filed by Defendant Orange County Bail Bonds Inc.) *Opposition to Motion for Entry of an Order Enjoining Removed Action as to Non-Debtors Co-Defendants Pursuant to 11 U.S.C. Section 105(a); Declarations of D. Edward Hays and Dan Escamilla; with Proof of Service* Filed by Plaintiff Legal Service Bureau Inc (Hays, D) (Entered: 09/26/2019) |
| 10/03/2019 | 14 (14 pgs) | Reply to (related document(s): 13 Opposition filed by Plaintiff Legal Service Bureau Inc) *Reply to Opposition to Motion for Enry of an Order Enjoining REmoved Action as to Non-Debtor Co-Defendants Pursuant to 11 U.S.C. § 105(a); Request for Judicial Notice Thereof and Proof of Service* Filed by Defendant Orange County Bail Bonds Inc. (Forsythe, Marc) (Entered: 10/03/2019) |
| 10/03/2019 | 15 (8 pgs) | Opposition to (related document(s): 11 Motion for Remand *FOR ORDER REMANDING ADVERSARY* |

EXHIBIT 11, PAGE 158

| | | |
|---|---|---|
| | | *PROCEEDING BACK TO STATE COURT AND REQUIRING PAYMENT OF $3,325.00 BY DEBTOR ORANGE COUNTY BAIL BONDS INC., LESLIE MILLER, ROBERT MILLER, AND MARC C. FORSYTHE, JOINTLY AND SEVERALLY, AS AND FOR JUST filed by Plaintiff Legal Service Bureau Inc)* Opposition to Motion for Order Remanding Adversary Proceeding Back to State Court with Proof of Service Filed by Defendant Orange County Bail Bonds Inc. (Forsythe, Marc) (Entered: 10/03/2019) |
| 10/03/2019 | 16 (7 pgs) | Reply to (related document(s): 11 Motion for Remand *FOR ORDER REMANDING ADVERSARY PROCEEDING BACK TO STATE COURT AND REQUIRING PAYMENT OF $3,325.00 BY DEBTOR ORANGE COUNTY BAIL BONDS INC., LESLIE MILLER, ROBERT MILLER, AND MARC C. FORSYTHE, JOINTLY AND SEVERALLY, AS AND FOR JUST filed by Plaintiff Legal Service Bureau Inc, 15* Opposition filed by Defendant Orange County Bail Bonds Inc.) Filed by Plaintiff Legal Service Bureau Inc (Aires, Timothy) (Entered: 10/03/2019) |
| 10/10/2019 | 17 | Hearing Continued (RE: related document(s)5 Motion for Entry of Order Enjoining Removed Litigation as to Non-Debtor Co-Defendants Pursuant to 11 U.S.C. Section 105(a), filed by Defendant Orange County Bail Bonds Inc.). The Hearing is CONTINUED TO 10/17/2019 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701, Per Hearing Held 10/3/2019. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 10/11/2019) |
| 10/15/2019 | 18 (141 pgs) | Notice *of Documents filed in State Court Action* Filed by Defendant Orange County Bail Bonds Inc. (RE: related document(s)1 Adversary case 8:19-ap-01187. Notice of Removal *of Civil Action Pursuant to 28 U.S.C. § 1452* by Orange County Bail Bonds, Inc.. Nature of Suit: (01 (Determination of removed claim or cause))). (Forsythe, Marc) (Entered: 10/15/2019) |
| 10/17/2019 | 19 | Hearing Held (RE: related document(s)11 Plaintiff's Motion for Order Remanding Adversary Proceeding Back to State Court and Requiring Payment of $3,325.00 by Orange County Bail Bonds Inc., Leslie Miller, Robert Miller, and Marc C. Forsythe, Jointly and Severally, as and for Just Costs and Actual Expenses, Including Attorney Fees, Incurred as a |

EXHIBIT 11, PAGE 159

| | | |
|---|---|---|
| | | Result of Removal, filed by Plaintiff Legal Service Bureau Inc) - MOTION GRANTED TO REMAND THE ENTIRE MATTER UNDER 28 USC 1452(b) (Duarte, Tina) (Entered: 10/21/2019) |
| 10/17/2019 | 20 | Hearing Held (RE: related document(s)5 Motion for Entry of Order Enjoining Removed Litigation as to Non-Debtor Co-Defendants Pursuant to 11 U.S.C. Section 105(a), filed by Defendant Orange County Bail Bonds Inc.) - MOTION DENIED (Duarte, Tina) (Entered: 10/21/2019) |
| 10/23/2019 | 21 (11 pgs) | Notice of lodgment Filed by Plaintiff Legal Service Bureau Inc (RE: related document(s)5 Motion *and Notice of Motion for Entry of Order Enjoining Removed Litigation as to Non-Debtor Co-Defendants Pursuant to 11 U.S.C. § 105(a); Memorandum of Points and Authorities; and Declaration of Robert L. Miller in Support Thereof*). (Hays, D) (Entered: 10/23/2019) |
| 11/04/2019 | 22 (6 pgs) | Order Denying Motion for Entry of an Order Enjoining Removed Action as to Non-Debtor Co-Defendants Pursuant to 11 U.S.C. Section 105(a) (BNC-PDF) (Related Doc # 5 ) Signed on 11/4/2019 (Duarte, Tina) (Entered: 11/04/2019) |
| 11/06/2019 | 23 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)22 Order on Generic Motion (BNC-PDF)) No. of Notices: 0. Notice Date 11/06/2019. (Admin.) (Entered: 11/06/2019) |
| 11/07/2019 | 24 | Status Conference Hearing Held (RE: related document(s)1 Notice of Removal) - OFF CALENDAR; Motion to Remand Granted Per Hearing Held on 10/17/2019. (Duarte, Tina) (Entered: 11/14/2019) |
| 11/18/2019 | 25 (7 pgs; 2 docs) | Notice of lodgment *of Order Granting Motion for Order Remanding Adversary Proceeding Back to State Court* Filed by Plaintiff Legal Service Bureau Inc (RE: related document(s)11 Motion for Remand *FOR ORDER REMANDING ADVERSARY PROCEEDING BACK TO STATE COURT AND REQUIRING PAYMENT OF $3,325.00 BY DEBTOR ORANGE COUNTY BAIL BONDS INC., LESLIE MILLER, ROBERT MILLER, AND MARC C. FORSYTHE, JOINTLY AND SEVERALLY, AS AND* |

EXHIBIT 11, PAGE 160

| | | |
|---|---|---|
| | | *FOR JUST COSTS AND ACTUAL EXPENSES, INCLUDING ATTORNEY FEES, INCURRED AS A RESULT OF REMOVAL* Filed by Plaintiff Legal Service Bureau Inc filed by Plaintiff Legal Service Bureau Inc). (Attachments: # 1 Proposed Order) (Aires, Timothy) (Entered: 11/18/2019) |
| 11/27/2019 | 26 (2 pgs) | Order Granting Motion For Order Remanding Adversary Proceeding Back to State Court. This Adversary Proceeding is Remanded Back to the Orange County Superior Court (Case No. 30-2019-01065744-CU-EN-CJC). [See Order for Further Ruling] (BNC-PDF) (Related Doc # 11 ) Signed on 11/27/2019 (Duarte, Tina) (Entered: 11/27/2019) |
| 11/27/2019 | 27 (3 pgs) | Certificate of Service (RE: related document(s)26 Order on Motion For Remand (BNC-PDF)). (Duarte, Tina) (Entered: 11/27/2019) |
| 11/29/2019 | 28 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)26 Order on Motion For Remand (BNC-PDF)) No. of Notices: 0. Notice Date 11/29/2019. (Admin.) (Entered: 11/29/2019) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/16/2020 15:08:41 | | |
| **PACER Login:** | mh4052870:3453976:0 | **Client Code:** 9999-001 |
| **Description:** Docket Report | | **Search Criteria:** 8:19-ap-01187-ES Fil or Ent: filed From: 1/17/2011 To: 4/16/2020 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** 4 | | **Cost:** 0.40 |

EXHIBIT 11, PAGE 161

**EXHIBIT 12**

**NoFeeRequired, Subchapter_V, SmBus**

# U.S. Bankruptcy Court
## Central District of California (Santa Ana)
## Bankruptcy Petition #: 8:19-bk-12411-ES

*Date filed:*  06/21/2019
*341 meeting:*  03/26/2020

*Assigned to:* Erithe A. Smith
Chapter 11
Voluntary
Asset

**Debtor**
**Orange County Bail Bonds, Inc.**
P.O. Box 4423
Santa Ana, CA 92702
ORANGE-CA
Tax ID / EIN: 33-0789333

represented by **Marc C Forsythe**
18101 Von Karman Avenue Ste 1200
Irvine, CA 92612
949-798-2460
Fax : 949-955-9437
Email: kmurphy@goeforlaw.com

**Ryan S Riddles**
Goe & Forsythe, LLP
18101 Von Karman Ave Ste 1200
Irvine, CA 92612
949-798-2460
Fax : 949-955-9437
Email: rriddles@goeforlaw.com

**Trustee**
**Mark M Sharf (TR)**
6080 Center Drive #600
Los Angeles, CA 90045
818-961-7170

*U.S. Trustee*
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

represented by **Frank Cadigan**
411 W 4th St Ste 7160
Santa Ana, CA 92701
714-338-3405
Fax : 714-338-3421
Email: frank.cadigan@usdoj.gov

**Queenie K Ng**
411 West Fourth St.
Suite 7160
Santa Ana, CA 92701

EXHIBIT 12, PAGE 162

714-338-3403
Fax : 714-338-3421
Email: queenie.k.ng@usdoj.gov

| Filing Date | # | Docket Text |
|---|---|---|
| 06/21/2019 | 1<br>(12 pgs; 3 docs) | Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1717 Filed by Orange County Bail Bonds, Inc. List of Equity Security Holders due 07/5/2019. Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 07/5/2019. Schedule A/B: Property (Form 106A/B or 206A/B) due 07/5/2019. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 07/5/2019. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 07/5/2019. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 07/5/2019. Schedule H: Your Codebtors (Form 106H or 206H) due 07/5/2019. Declaration About an Individual Debtors Schedules (Form 106Dec) due 07/5/2019. Statement of Financial Affairs (Form 107 or 207) due 07/5/2019. Statement of Related Cases (LBR Form F1015-2) due 07/5/2019. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 07/5/2019. Incomplete Filings due by 07/5/2019. (Forsythe, Marc) WARNING: See docket entry 3 for correction. Case is also deficient for: Corporate Resolution Authorizing Filing of Petition due 7/5/2019. Modified on 6/21/2019 (Law, Tamika). DEADLINE TERMINATED: DECLARATION RE SCHEDULES 106, DEFICIENT FOR DECL. NON-INDIV FORM 202 Modified on 7/2/2019 (Beezer, Cynthia). (Entered: 06/21/2019) |
| 06/21/2019 | | Receipt of Voluntary Petition (Chapter 11)(8:19-bk-12411) [misc,volp11] (1717.00) Filing Fee. Receipt number 49266598. Fee amount 1717.00. (re: Doc# 1) (U.S. Treasury) (Entered: 06/21/2019) |
| 06/21/2019 | | Set Case Commencement Deficiency Deadlines (ccdn) (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Orange County Bail Bonds, Inc.) Corporate Resolution Authorizing Filing of Petition due 7/5/2019. (Law, Tamika) (Entered: 06/21/2019) |
| 06/21/2019 | 2 | |

EXHIBIT 12, PAGE 163

| | | |
|---|---|---|
| | | Notice to Filer of Correction Made/No Action Required: **Incorrect schedules /statements recorded as deficient. THE PROPER DEFICIENCY HAS BEEN ISSUED.** (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Orange County Bail Bonds, Inc.) (Law, Tamika) (Entered: 06/21/2019) |
| 06/23/2019 | 3 (2 pgs) | BNC Certificate of Notice (RE: related document(s) 1 Voluntary Petition (Chapter 11) filed by Debtor Orange County Bail Bonds, Inc.) No. of Notices: 1. Notice Date 06/23/2019. (Admin.) (Entered: 06/23/2019) |
| 06/23/2019 | 4 (2 pgs) | BNC Certificate of Notice (RE: related document(s) 1 Voluntary Petition (Chapter 11) filed by Debtor Orange County Bail Bonds, Inc.) No. of Notices: 1. Notice Date 06/23/2019. (Admin.) (Entered: 06/23/2019) |
| 06/25/2019 | 5 (4 pgs) | ORDER: (1) SETTING HEARING ON STATUS OF CHAPTER 11 CASE; AND (2) REQUIRING REPORT ON STATUS OF CHAPTER 11 CASE [Status conference; August 22, 2019 at 10:30am in Courtroom 5A] (BNC-PDF) (Related Doc # 1 ) Signed on 6/25/2019 (Reid, Rick) (Entered: 06/25/2019) |
| 06/25/2019 | 6 | Hearing Set (related document # 1). Status Conference hearing on Status of Chapter 11 Case; and (2) Requiring Report on Status of Chapter 11 Case to be held on 8/22/2019 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 06/25/2019) |
| 06/25/2019 | | Receipt of Certification Fee - $11.00 by 01. Receipt Number 80073587. (admin) (Entered: 06/25/2019) |
| 06/25/2019 | | Receipt of Photocopies Fee - $5.00 by 01. Receipt Number 80073587. (admin) (Entered: 06/25/2019) |
| 06/26/2019 | 7 (2 pgs) | Meeting of Creditors 341(a) meeting to be held on 7/23/2019 at 01:00 PM at RM 1-159, 411 W Fourth St., Santa Ana, CA 92701. (Corona, Heidi) (Entered: 06/26/2019) |
| 06/27/2019 | | |

EXHIBIT 12, PAGE 164

| | | |
|---|---|---|
| | [8](#)<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[5](#) Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 06/27/2019. (Admin.) (Entered: 06/27/2019) |
| 06/28/2019 | [9](#)<br>(3 pgs) | BNC Certificate of Notice (RE: related document(s) [7](#) Meeting of Creditors Chapter 11) No. of Notices: 11. Notice Date 06/28/2019. (Admin.) (Entered: 06/28/2019) |
| 07/01/2019 | [10](#)<br>(18 pgs; 2 docs) | Notice of Motion and Motion in Individual Ch 11 Case for Order Employing Professional (LBR 2014-1): Goe & Forsythe, LLP as Attorney for Debtor Filed by Debtor Orange County Bail Bonds, Inc. (Attachments: # [1](#) Notice of Opportunity to Request a Hearing) (Forsythe, Marc) (Entered: 07/01/2019) |
| 07/01/2019 | [11](#) | Debtor's Request to Activate Electronic Noticing (DeBN) Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 07/01/2019) |
| 07/01/2019 | [12](#)<br>(7 pgs) | Application to Employ Fogg Bookkeeping Service as Bookkeeper Filed by Debtor Orange County Bail Bonds, Inc. (Forsythe, Marc) (Entered: 07/01/2019) |
| 07/01/2019 | [13](#)<br>(6 pgs) | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) *Application to Employ Fogg Bookkeeping Service as Bookkeeper for Debtor* Filed by Debtor Orange County Bail Bonds, Inc. (RE: related document(s)[12](#) Application to Employ Fogg Bookkeeping Service as Bookkeeper Filed by Debtor Orange County Bail Bonds, Inc.). (Forsythe, Marc) (Entered: 07/01/2019) |
| 07/01/2019 | [14](#)<br>(4 pgs) | Notice *of Setting Insider Compensation for Robert Miller* Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 07/01/2019) |
| 07/01/2019 | [15](#)<br>(4 pgs) | Notice *of Setting Insider Compensation for Leslie Anne Miller* Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 07/01/2019) |
| 07/02/2019 | [16](#)<br>(40 pgs) | Declaration Under Penalty of Perjury for Non-Individual Debtors (Official Form 202) , List of Equity Security Holders , Statement of Related Cases (LBR Form 1015-2.1) , Summary of Assets and Liabilities for Non-Individual (Official Form |

EXHIBIT 12, PAGE 165

| | | |
|---|---|---|
| | | 106Sum or 206Sum) , Schedule A/B Non-Individual: Property (Official Form 106A/B or 206A/B) , Schedule D Non-Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D) , Schedule E/F Non-Individual: Creditors Who Have Unsecured Claims (Official Form 106F or 206F) , Schedule G Non-Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Non-Individual: Your Codebtors (Official Form 106H or 206H) , Statement of Financial Affairs for Non-Individual Filing for Bankruptcy (Official Form 107 or 207) , Disclosure of Compensation of Attorney for Debtor (Official Form 2030) , Verification of Master Mailing List of Creditors (LBR Form F1007-1) , List of Creditors (Master Mailing List of Creditors) , Statement of Corporate Ownership filed. Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 07/02/2019) |
| 07/02/2019 | [17](#) (1 pg) | Corporate resolution authorizing filing of petitions Filed by Debtor Orange County Bail Bonds, Inc. (RE: related document(s) Set Case Commencement Deficiency Deadlines (ccdn)). (Forsythe, Marc) (Entered: 07/02/2019) |
| 07/03/2019 | [18](#) (4 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual:: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Form 104 or 204) *AMENDED* Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 07/03/2019) |
| 07/03/2019 | [19](#) (1 pg) | Notice of Change of Address *Debtor - Orange County Bail Bonds, Inc.* Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 07/03/2019) |
| 07/03/2019 | [20](#) (1 pg) | Notice of Change of Address *Robert Miller* Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 07/03/2019) |
| 07/03/2019 | [21](#) (1 pg) | Notice of Change of Address *Civic Center Law Building* Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 07/03/2019) |
| 07/03/2019 | [22](#) (5 pgs) | Proof of service *of Notice of Chapter 11 Bankruptcy Case (Official Form 309F)* Filed by Debtor Orange |

EXHIBIT 12, PAGE 166

| | | |
|---|---|---|
| | | County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 07/03/2019) |
| 07/11/2019 | 23 (7 pgs) | Proof of service *Order: (1) Setting Hearing on Status of Chapter 11 Case; and (2) Requiring Report of Status of Chapter 11 Case* Filed by Debtor Orange County Bail Bonds, Inc. (RE: related document(s)5 Order (Generic) (BNC-PDF)). (Forsythe, Marc) (Entered: 07/11/2019) |
| 07/12/2019 | 24 (9 pgs) | Motion *AND NOTICE OF MOTION FOR ORDER SETTING BAR DATE FOR FILING PROOFS OF CLAIMS [FRBP 3003(c)(3); LBR 3003-1]* Filed by Debtor Orange County Bail Bonds, Inc. (Forsythe, Marc) (Entered: 07/12/2019) |
| 07/15/2019 | 25 (2 pgs) | Order Setting Bar Date for Filing Proofs of Claim (September 20, 2019) [See Order for Further Ruling]. (BNC-PDF) (Related Doc # 24 ) Signed on 7/15/2019 (Duarte, Tina) (Entered: 07/15/2019) |
| 07/15/2019 | 26 (5 pgs) | Notice of Bar Date for Filing Proofs of Claim in a Chapter 11 *with Proof of Service* Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 07/15/2019) |
| 07/17/2019 | 27 (22 pgs) | Monthly Operating Report. Operating Report Number: 1. For the Month Ending June 30, 2019 Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 07/17/2019) |
| 07/17/2019 | 28 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)25 Order on Generic Motion (BNC-PDF)) No. of Notices: 0. Notice Date 07/17/2019. (Admin.) (Entered: 07/17/2019) |
| 07/19/2019 | 29 (16 pgs) | Schedule H Non-Individual: Your Codebtors (Official Form 106H or 206H) *AMENDED*, Statement of Financial Affairs for Non-Individual Filing for Bankruptcy (Official Form 107 or 207) *AMENDED and Summary of Amended Schedules and/or Statements [F 107-1.1.AMENDED SUMMARY* Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 07/19/2019) |
| 07/30/2019 | 30 (16 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Orange County Bail Bonds, Inc. (RE: related document(s)12 |

EXHIBIT 12, PAGE 167

| | | |
|---|---|---|
| | | Application to Employ Fogg Bookkeeping Service as Bookkeeper ). (Forsythe, Marc) (Entered: 07/30/2019) |
| 07/30/2019 | 31 (21 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Orange County Bail Bonds, Inc. (RE: related document(s)10 Notice of Motion and Motion in Individual Ch 11 Case for Order Employing Professional (LBR 2014-1): Goe & Forsythe, LLP as Attorney for Debtor ). (Forsythe, Marc) (Entered: 07/30/2019) |
| 07/31/2019 | 32 (13 pgs) | Notice of Motion and Motion in Individual Ch 11 Case for Order Employing Professional (LBR 2014-1): GRIFFITHS, DIEHL & COMPANY, INC. as Certified Public Accountant Filed by Debtor Orange County Bail Bonds, Inc. (Forsythe, Marc) (Entered: 07/31/2019) |
| 07/31/2019 | 33 (7 pgs) | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Debtor Orange County Bail Bonds, Inc. (RE: related document(s)32 Notice of Motion and Motion in Individual Ch 11 Case for Order Employing Professional (LBR 2014-1): GRIFFITHS, DIEHL & COMPANY, INC. as Certified Public Accountant Filed by Debtor Orange County Bail Bonds, Inc.). (Forsythe, Marc) (Entered: 07/31/2019) |
| 07/31/2019 | 34 (2 pgs) | Order Granting Debtor's Application to Employ Fogg Bookkeeping Services as its Bookkeeper (BNC-PDF) (Related Doc # 12) Signed on 7/31/2019. (Duarte, Tina) (Entered: 07/31/2019) |
| 07/31/2019 | 35 (2 pgs) | Order Granting Application for Authority to Employ Goe & Forsythe, LLP as General Counsel (LBR 2014-1) (BNC-PDF) Goe & Forsythe, LLP Effective as of the Date this Bankruptcy Case was Filed (June 21, 2019) (Related Doc # 10) Signed on 7/31/2019. (Duarte, Tina) (Entered: 07/31/2019) |
| 08/01/2019 | 36 (7 pgs) | Proof of service *SUPPLEMENTAL PROOF OF SERVICE ORDER: (1) SETTING HEARING ON STATUS OF CHAPTER 11 CASE; AND (2) REQUIRING REPORT ON STATUS OF CHAPTER 11 CASE* Filed by Debtor Orange County Bail Bonds, Inc. (RE: related document(s)5 Order |

EXHIBIT 12, PAGE 168

| | | |
|---|---|---|
| | | (Generic) (BNC-PDF)). (Forsythe, Marc) (Entered: 08/01/2019) |
| 08/01/2019 | 37 (6 pgs) | Notice *of Setting Insider Compensation for James William Miller* Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 08/01/2019) |
| 08/02/2019 | 38 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)34 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 08/02/2019. (Admin.) (Entered: 08/02/2019) |
| 08/02/2019 | 39 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)35 Order on Motion For Order Employing Professional (Ch 11)-(LBR 2014-1) (BNC-PDF)) No. of Notices: 1. Notice Date 08/02/2019. (Admin.) (Entered: 08/02/2019) |
| 08/08/2019 | 40 (12 pgs; 3 docs) | Status report *Chapter 11* Filed by Debtor Orange County Bail Bonds, Inc. (RE: related document(s)5 Order (Generic) (BNC-PDF)). (Attachments: # 1 Declaration of Robert L. Miller Re. Projected Income and Expenses for the First Six Months of the Case # 2 Proof of Service) (Forsythe, Marc) (Entered: 08/08/2019) |
| 08/15/2019 | 41 (42 pgs) | Monthly Operating Report. Operating Report Number: 2. For the Month Ending July 31, 2019 Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 08/15/2019) |
| 08/21/2019 | 42 (28 pgs) | Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: ACTION IN NONBANKRUPTCY FORUM . Fee Amount $181, Filed by Creditor Legal Service Bureau Inc. dba Global Fugitive Recovery (Aires, Timothy) (Entered: 08/21/2019) |
| 08/21/2019 | | Receipt of Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM(8:19-bk-12411-ES) [motion,nman] ( 181.00) Filing Fee. Receipt number 49608554. Fee amount 181.00. (re: Doc# 42) (U.S. Treasury) (Entered: 08/21/2019) |
| 08/21/2019 | 43 | Hearing Set (RE: related document(s)42 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor Legal |

EXHIBIT 12, PAGE 169

| | | |
|---|---|---|
| | | Service Bureau Inc. dba Global Fugitive Recovery). The Hearing date is set for 10/3/2019 at 10:00 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 08/21/2019) |
| 08/21/2019 | 44 (24 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Orange County Bail Bonds, Inc. (RE: related document(s)32 Notice of Motion and Motion in Individual Ch 11 Case for Order Employing Professional (LBR 2014-1): GRIFFITHS, DIEHL & COMPANY, INC. as Certified Public Accountant ). (Forsythe, Marc) (Entered: 08/21/2019) |
| 08/22/2019 | 45 (2 pgs) | Order Granting Debtor's Application to Employ Griffiths, Diehl & Company, Inc., as its Certified Public Accountants (LBR 2014-1) (BNC-PDF) Griffiths, Diehl & Company, Inc. (Related Doc # 32) Signed on 8/22/2019. (Duarte, Tina) (Entered: 08/22/2019) |
| 08/22/2019 | 46 (2 pgs) | Chapter 11 Status Conference Order. The Status Conference is CONTINUED TO October 10, 2019 at 10:30 a.m. (BNC-PDF) (Related Doc # 1 ) Signed on 8/22/2019 (Duarte, Tina) (Entered: 08/22/2019) |
| 08/22/2019 | 47 (2 pgs) | Amended Chapter 11 Status Conference Order. The Status Confrence is CONTINUED TO October 17, 2019 at 10:30 a.m. An Updated Status Report Shall be Filed by October 3, 2019 Unless a Motion to Extend Exclusivity is Timely Filed and Also Set for October 17, 2019 (BNC-PDF) (Related Doc # 1 ) Signed on 8/22/2019 (Duarte, Tina) (Entered: 08/22/2019) |
| 08/22/2019 | 48 | Hearing Continued (related document # 1). Status Conference hearing on Status of Chapter 11 Case; and (2) Requiring Report on Status of Chapter 11 Case CONTINUED TO 10/17/2019 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701 -- COUNSEL FOR DEBTOR MAY SET A HEARING ON A MOTION FOR EXTENSION OF EXCLUSIVITY FOR THE SAME DATE/TIME. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 08/23/2019) |
| 08/24/2019 | | |

EXHIBIT 12, PAGE 170

| | | |
|---|---|---|
| | 49<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)45 Order on Motion For Order Employing Professional (Ch 11)-(LBR 2014-1) (BNC-PDF)) No. of Notices: 1. Notice Date 08/24/2019. (Admin.) (Entered: 08/24/2019) |
| 08/24/2019 | 50<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)46 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 08/24/2019. (Admin.) (Entered: 08/24/2019) |
| 08/24/2019 | 51<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)47 Amended Order (BNC-PDF)) No. of Notices: 1. Notice Date 08/24/2019. (Admin.) (Entered: 08/24/2019) |
| 08/26/2019 | 52<br>(3 pgs) | Notice of Hearing *Notice of Continued Chapter 11 Status Conference with proof of service* Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 08/26/2019) |
| 08/26/2019 | 53<br>(3 pgs) | Notice of Hearing *Amended Notice Of Continued Chapter 11 Status Conference (to correct service list) with proof of service* Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 08/26/2019) |
| 09/13/2019 | 54<br>(15 pgs) | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *and Notice of Motion for Order Extending Debtor's Exclusivity Periods for Filing a Plan of Reorganization and Obtaining Acceptance of a Plan of Reorganization Pursuant to 11 U.S.C. Section 1121; Memorandum of Points and Authorities; and Declaration of Robert L. Miller in Support Thereof* Filed by Debtor Orange County Bail Bonds, Inc. (Forsythe, Marc) (Entered: 09/13/2019) |
| 09/13/2019 | 55<br>(23 pgs) | Monthly Operating Report. Operating Report Number: 3. For the Month Ending August 31, 2019 Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 09/13/2019) |
| 09/18/2019 | 56<br>(13 pgs) | Adversary case 8:19-ap-01187. Notice of Removal *of Civil Action Pursuant to 28 U.S.C. § 1452* by Orange County Bail Bonds, Inc.. Nature of Suit: (01 (Determination of removed claim or cause)) (Forsythe, Marc) (Entered: 09/18/2019) |

EXHIBIT 12, PAGE 171

| | | |
|---|---|---|
| 09/18/2019 | 57<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Masud, Laila. (Masud, Laila) (Entered: 09/18/2019) |
| 09/18/2019 | 58<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Hays, D. (Hays, D) (Entered: 09/18/2019) |
| 09/18/2019 | 59<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Riddles, Ryan. (Riddles, Ryan) (Entered: 09/18/2019) |
| 09/19/2019 | 60<br>(4 pgs) | Opposition to (related document(s): 42 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: ACTION IN NONBANKRUPTCY FORUM . Fee Amount $181, filed by Creditor Legal Service Bureau Inc. dba Global Fugitive Recovery) Filed by Debtor Orange County Bail Bonds, Inc. (Forsythe, Marc) (Entered: 09/19/2019) |
| 09/19/2019 | 61<br>(3 pgs) | Proof of service *AMENDED* Filed by Debtor Orange County Bail Bonds, Inc. (RE: related document(s)60 Opposition). (Forsythe, Marc) (Entered: 09/19/2019) |
| 09/20/2019 | 62<br>(12 pgs) | Reply to (related document(s): 42 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: ACTION IN NONBANKRUPTCY FORUM . Fee Amount $181, filed by Creditor Legal Service Bureau Inc. dba Global Fugitive Recovery, 60 Opposition filed by Debtor Orange County Bail Bonds, Inc.) *Reply in Support of Motion for Relief from Automatic Stay (Action in Nonbankruptcy Forum); Request for Order Remanding Proceeding Back to State Court; Declaration of Timothy Carl Aires* Filed by Creditor Legal Service Bureau Inc. dba Global Fugitive Recovery (Aires, Timothy) (Entered: 09/20/2019) |
| 09/27/2019 | 63<br>(19 pgs) | Opposition to (related document(s): 54 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *and Notice of Motion for Order Extending Debtor's Exclusivity Periods for Filing a Plan of Reorganization and Obtaining Acceptance of a Plan of Reorganizat filed by Debtor Orange County Bail Bonds, Inc.) Notice of* |

EXHIBIT 12, PAGE 172

| | | |
|---|---|---|
| | | *Opposition and Request for Hearing; Declaration of D. Edward Hays in Support; with Proof of Service Filed by Creditor Legal Service Bureau Inc. dba Global Fugitive Recovery (Hays, D) (Entered: 09/27/2019)* |
| 10/02/2019 | 64<br>(4 pgs) | Notice of Hearing *on Legal Services Bureau Inc., dba Global Fugitive Recoverys Objection to Debtor's Motion for Order Extending Debtor's Exclusivity Periods for Filing a Plan of Reorganization and Obtaining Acceptance of a Plan of Reorganization Pursuant to 11 U.S.C. § 1121* Filed by Debtor Orange County Bail Bonds, Inc. (RE: related document(s)54 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *and Notice of Motion for Order Extending Debtor's Exclusivity Periods for Filing a Plan of Reorganization and Obtaining Acceptance of a Plan of Reorganization Pursuant to 11 U.S.C. Section 1121; Memorandum of Points and Authorities; and Declaration of Robert L. Miller in Support Thereof* Filed by Debtor Orange County Bail Bonds, Inc.). (Forsythe, Marc) (Entered: 10/02/2019) |
| 10/02/2019 | 65 | Hearing Set (RE: related document(s)54 Motion for Order Extending Debtor's Exclusivity Periods for Filing a Plan of Reorganization and Obtaining Acceptance of a Plan of Reorganization Pursuant to 11 U.S.C. Section 1121 filed by Debtor Orange County Bail Bonds, Inc.). The Hearing date is set for 11/7/2019 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 10/02/2019) |
| 10/03/2019 | 67 | Hearing Continued (RE: related document(s)42 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor Legal Service Bureau Inc. dba Global Fugitive Recovery). The Hearing is CONTINUED TO 10/17/2019 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701, SAME DATE/TIME AS HEARING ON MOTION TO REMAND. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 10/07/2019) |
| 10/04/2019 | 66<br>(6 pgs) | Status report Filed by Debtor Orange County Bail Bonds, Inc. (RE: related document(s)1 Voluntary |

EXHIBIT 12, PAGE 173

| | | |
|---|---|---|
| | | Petition (Chapter 11), 48 Hearing (Bk Other) Continued). (Forsythe, Marc) (Entered: 10/04/2019) |
| 10/17/2019 | 68 (2 pgs) | Chapter 11 Status Conference Order. The Status Conference is CONTINUED TO November 7, 2019 at 10:30 a.m. An Updated Status Report is Not Required (BNC-PDF) (Related Doc # 1 ) Signed on 10/17/2019 (Duarte, Tina) (Entered: 10/17/2019) |
| 10/17/2019 | 71 | Hearing Continued (related document # 1). Status Conference hearing on Status of Chapter 11 Case; and (2) Requiring Report on Status of Chapter 11 Case is CONTINUED TO 11/7/2019 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701, same date/time as hearing on Debtor's motion to extend exclusivity. Updated status report not required. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 10/21/2019) |
| 10/17/2019 | 72 | Hearing Held (RE: related document(s)42 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor Legal Service Bureau Inc. dba Global Fugitive Recovery) - MOTION GRANTED WITHOUT 4001(a)(3) WAIVER. (Duarte, Tina) (Entered: 10/21/2019) |
| 10/19/2019 | 69 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)68 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 10/19/2019. (Admin.) (Entered: 10/19/2019) |
| 10/21/2019 | 70 (40 pgs) | Monthly Operating Report. Operating Report Number: 4. For the Month Ending 9/30/2019 Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 10/21/2019) |
| 10/31/2019 | 73 (13 pgs) | Reply to (related document(s): 63 Opposition filed by Creditor Legal Service Bureau Inc. dba Global Fugitive Recovery) *Reply to Opposition to Motion Extending Debtor's Exclusivity Periods for Filing a Plan of Reorganization and Obtaining Acceptance of a Plan of Reorganization Pursuant to 11 U.S.C. § 1121; Memorandum of Points and Authorities and Declaration of Marc C. Forsythe in support Thereof.* Filed by Debtor Orange County Bail Bonds, Inc. (Forsythe, Marc) (Entered: 10/31/2019) |
| 11/07/2019 | | |

EXHIBIT 12, PAGE 174

| | | |
|---|---|---|
| | 74<br>(2 pgs) | Chapter 11 Status Conference Order. The Status Conference is CONTINUED to January 30, 2020 at 10:30 a.m. (BNC-PDF) (Related Doc # 1 ) Signed on 11/7/2019 (Mccall, Audrey) (Entered: 11/07/2019) |
| 11/07/2019 | 78 | Hearing Held (RE: related document(s)54 Motion for Order Extending Debtor's Exclusivity Periods for Filing a Plan of Reorganization and Obtaining Acceptance of a Plan of Reorganization Pursuant to 11 U.S.C. Section 1121, filed by Debtor Orange County Bail Bonds, Inc.) - Granted the Motion as modified, i.e., extend the plan filing exclusivity period for sixty (60) days from October 21, 2019 to December 20, 2020; and the acceptance exclusivity period for one hundred and twenty (120) days from December 20, 2019 to February 18, 2020. (Duarte, Tina) (Entered: 11/14/2019) |
| 11/07/2019 | 79 | Hearing Continued (related document # 1). Status Conference hearing on Status of Chapter 11 Case; and (2) Requiring Report on Status of Chapter 11 Case CONTINUED TO 1/30/2020 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. Deadline to file plan/disclosure statement: 12/20/2019. Updated status report due (only if plan and Disclosure Statement not timely filed by 12/20/2019. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 11/14/2019) |
| 11/08/2019 | 75<br>(2 pgs) | Order Granting motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF) (Related Doc # 42 ) Signed on 11/8/2019 (Duarte, Tina) (Entered: 11/08/2019) |
| 11/09/2019 | 76<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)74 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 11/09/2019. (Admin.) (Entered: 11/09/2019) |
| 11/10/2019 | 77<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)75 Motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF)) No. of Notices: 1. Notice Date 11/10/2019. (Admin.) (Entered: 11/10/2019) |
| 11/20/2019 | 80<br>(39 pgs) | Monthly Operating Report. Operating Report Number: 5. For the Month Ending 10/31/2019 Filed |

EXHIBIT 12, PAGE 175

| | | |
|---|---|---|
| | | by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 11/20/2019) |
| 12/12/2019 | 81 (23 pgs) | Monthly Operating Report. Operating Report Number: 6. For the Month Ending 11-30-2019 Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 12/12/2019) |
| 12/20/2019 | 82 (174 pgs) | Disclosure Statement *Disclosure Statement Describing Debtor's Chapter 11 Plan of Reorganization Dated December 20, 2019; Declaration of Robert L. Miller in Support Thereof with Proof of Service* Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 12/20/2019) |
| 12/20/2019 | 83 (18 pgs) | Chapter 11 Plan of Reorganization *Debtor's Chapter 11 Plan of Reorganization Dated December 20, 2019; Declaration of Robert L. Miller in Support Thereof with Proof of Service* Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 12/20/2019) |
| 12/20/2019 | 84 | Hearing Set (related document # 82 Disclosure Statement Describing Debtor's Chapter 11 Plan of Reorganization Dated December 20, 2019). The Hearing date is set for 2/20/2020 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 12/23/2019) |
| 12/30/2019 | 85 (4 pgs) | Notice of Hearing *Notice of Hearing on Disclosure Statement Describing Debtor's Chapter 11 Plan of Reorganization Dated December 20, 2019 with Proof of Service* Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 12/30/2019) |
| 01/14/2020 | 86 (36 pgs) | Monthly Operating Report. Operating Report Number: 7. For the Month Ending 12-31-2019 Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 01/14/2020) |
| 01/16/2020 | 87 (5 pgs) | Objection (related document(s): 82 Disclosure Statement filed by Debtor Orange County Bail Bonds, Inc.) *To Disclosure Statement Describing Debtors Chapter 11 Plan Of Reorganization Dated December 20, 2019* Filed by U.S. Trustee United |

EXHIBIT 12, PAGE 176

| | | |
|---|---|---|
| | | States Trustee (SA) (Cadigan, Frank) (Entered: 01/16/2020) |
| 01/30/2020 | 88 (2 pgs) | Chapter 11 Status Conference Order [Status Conference continued to 2/20/20 at 10:30am] (BNC-PDF) (Related Doc # 1 ) Signed on 1/30/2020 (Reid, Rick) (Entered: 01/30/2020) |
| 01/30/2020 | 90 | Hearing Continued (related document # 1). Status Conference hearing on Status of Chapter 11 Case; and (2) Requiring Report on Status of Chapter 11 Case CONTINUED TO 2/20/2020 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701, same date/time as hearing on approval of disclosure statement; updated status report not required. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 02/03/2020) |
| 02/01/2020 | 89 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)88 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 02/01/2020. (Admin.) (Entered: 02/01/2020) |
| 02/06/2020 | 91 (73 pgs) | Objection (related document(s): 82 Disclosure Statement filed by Debtor Orange County Bail Bonds, Inc.) *Objection to Debtor's Disclosure Statement Describing Debtor's Chapter 11 Plan of Reorganization Dated December 20, 2019; Declarations of D. Edward Hays and Dan Escamilla in Support; with Proof of Service* Filed by Creditor Legal Service Bureau Inc. dba Global Fugitive Recovery (Hays, D) (Entered: 02/06/2020) |
| 02/13/2020 | 92 (32 pgs) | Reply to (related document(s): 82 Disclosure Statement filed by Debtor Orange County Bail Bonds, Inc.) *Omnibus Reply In Support Of Debtors Disclosure Statement Describing Debtors Chapter 11 Plan Of Reorganization Dated December 20, 2019; Request For Judicial Notice In Support Thereof with proof of service* Filed by Debtor Orange County Bail Bonds, Inc. (Forsythe, Marc) (Entered: 02/13/2020) |
| 02/14/2020 | 93 (34 pgs) | Monthly Operating Report. Operating Report Number: Eight (8). For the Month Ending January 31, 2020 Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 02/14/2020) |
| | | |

EXHIBIT 12, PAGE 177

| | | |
|---|---|---|
| 02/19/2020 | 94<br>(3 pgs) | Statement *Debtor's Reservation of Rights to Object to the Declaration of Dan Escamilla Filed in Support of Legal Services Bureau, Inc. dba Global Fugitive Recovery's Objection in Relation to Debtor's Disclosure Statement Hearing with Proof of Service* Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 02/19/2020) |
| 02/20/2020 | 97 | Hearing Continued (related document # 82 Disclosure Statement Describing Debtor's Chapter 11 Plan of Reorganization Dated December 20, 2019). The Hearing is CONTINUED TO 4/9/2020 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701; amended disclosure statement and plan must be filed no later than March 12, 2020; responses to the amended plan must be filed by March 19, 2020 and any reply by March 26, 2020. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 02/24/2020) |
| 02/20/2020 | 98 | Hearing Continued (related document # 1). Status Conference hearing on Status of Chapter 11 Case; and (2) Requiring Report on Status of Chapter 11 Case CONTINUED TO 4/9/2020 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701; updated status report not required. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 02/24/2020) |
| 02/21/2020 | 95<br>(2 pgs) | Chapter 11 Status Conference Order. The Status Conference is CONTINUED TO April 9, 2020 at 10:30 a.m. (BNC-PDF) (Related Doc # 1 ) Signed on 2/21/2020 (Duarte, Tina) (Entered: 02/21/2020) |
| 02/23/2020 | 96<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)95 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 02/23/2020. (Admin.) (Entered: 02/23/2020) |
| 03/03/2020 | 99<br>(14 pgs) | Addendum to voluntary petition *PETITION AMENDED TO SUB CHAPTER V UNDER CHAPTER 11; PROFIT & LOSS STATEMENT; AND BALANCE SHEET WITH PROOF OF SERVICE* Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 03/03/2020) |
| 03/04/2020 | 100 | Tax Documents for the Year for 2018 *[REDACTED]* Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 03/04/2020) |

EXHIBIT 12, PAGE 178

| 03/05/2020 | 101 | Debtor's Election of Small Business Designation Chapter 11 Subchapter V. (Corona, Heidi) Modified on 3/5/2020 (Corona, Heidi). (Entered: 03/05/2020) |
|---|---|---|
| 03/05/2020 | 102 (2 pgs) | Notice of Appointment of Trustee *Notice of Appointment and Acceptance of Subchapter V Trustee*. Mark M Sharf (TR) added to the case. Filed by U.S. Trustee United States Trustee (SA). (united states trustee (kmh)) (Entered: 03/05/2020) |
| 03/06/2020 | 103 (2 pgs) | Meeting of Creditors 341(a) meeting to be held on 3/26/2020 at 01:30 PM at RM 1-159, 411 W Fourth St., Santa Ana, CA 92701. (Corona, Heidi) (Entered: 03/06/2020) |
| 03/08/2020 | 104 (4 pgs) | BNC Certificate of Notice (RE: related document(s)103 Meeting of Creditors Chapter 11 (Corporations or Partnerships under Subchapter V) (309F2)) No. of Notices: 20. Notice Date 03/08/2020. (Admin.) (Entered: 03/08/2020) |
| 03/11/2020 | 105 (4 pgs) | Order: (1) Setting Hearing On Status Of Subchapter V Case; (2) Requiring Report On Status Of Subchapter V Case; (3) Requiring Subchapter V Trustee To Appear At The Status Conference; And (4) Setting Scheduling For Subchapter V Plan Confirmation. Hearing Date: April 30, 2020 at 10:00 a.m., Courtroom 5A (BNC-PDF) (Related Doc # 101 ) Signed on 3/11/2020 (Steinberg, Elizabeth) (Entered: 03/11/2020) |
| 03/11/2020 | 106 | Hearing Set RE: Order: (1) Setting hearing on status Subchapter V case; (2) Requiring report on status of Subchapter V case; (3) Requiring Subchapter V Trustee to appear at the status conference; and (4) Setting scheduling for Subchapter V plan confirmation. Status hearing to be held on 4/30/2020 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Steinberg, Elizabeth) (Entered: 03/11/2020) |
| 03/12/2020 | 107 (2 pgs) | Notice *By Debtor Of Not Filing Amended Disclosure Statement And Hearing On Disclosure Statement Taken Off Calendar As Result Of Conversion To Subchapter V with proof of service* Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 03/12/2020) |
| 03/13/2020 | 108 (9 pgs) | Notice of Hearing *on Status of SubChapter V Case; Scheduling and Management Conference* Filed by Debtor Orange County Bail Bonds, Inc.. (Forsythe, Marc) (Entered: 03/13/2020) |

EXHIBIT 12, PAGE 179

| | | |
|---|---|---|
| 03/13/2020 | 109<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)105 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 03/13/2020. (Admin.) (Entered: 03/13/2020) |
| 03/26/2020 | 110<br>(16 pgs) | Application to Employ Magarian & Dimercurio, a Professional Law Corporation as State Court and Appeal Litigation Counsel Filed by Debtor Orange County Bail Bonds, Inc. (Forsythe, Marc) (Entered: 03/26/2020) |
| 03/26/2020 | 111<br>(7 pgs) | Notice *of Continued 341(a) meeting of Creditors; along with Proof of Service* Filed by U.S. Trustee United States Trustee (SA). (Ng, Queenie) (Entered: 03/26/2020) |
| 04/09/2020 | 112<br>(14 pgs) | Opposition to (related document(s): 110 Application to Employ Magarian & Dimercurio, a Professional Law Corporation as State Court and Appeal Litigation Counsel filed by Debtor Orange County Bail Bonds, Inc.) Filed by Creditor Legal Service Bureau Inc. dba Global Fugitive Recovery (Hays, D) (Entered: 04/09/2020) |
| 04/10/2020 | 113<br>(2 pgs) | Withdrawal of Claim(s): 3 Filed by Creditor American Express National Bank. (Butler, Larry) (Entered: 04/10/2020) |
| 04/10/2020 | 114<br>(8 pgs) | Request for judicial notice Filed by Creditor Legal Service Bureau Inc. dba Global Fugitive Recovery (RE: related document(s)112 Opposition). (Hays, D) (Entered: 04/10/2020) |
| 04/13/2020 | 115<br>(4 pgs) | Notice of Hearing *on Objection to Debtor's Motion to Employ Magarian & Dimercurio a Professional Law Corporation as State Court and Appeal Litigation Counsel* Filed by Debtor Orange County Bail Bonds, Inc. (RE: related document(s)110 Application to Employ Magarian & Dimercurio, a Professional Law Corporation as State Court and Appeal Litigation Counsel Filed by Debtor Orange County Bail Bonds, Inc.). (Forsythe, Marc) (Entered: 04/13/2020) |
| 04/13/2020 | 116 | Hearing Set (RE: related document(s)110 Debtor's Application to Employ Magaraian & Dimercurio, A Professional Law Corporation as State Court and Appeal Litigation Counsel filed by Debtor Orange County Bail Bonds, Inc.). The Hearing date is set for 5/21/2020 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 04/13/2020) |

EXHIBIT 12, PAGE 180

| 04/16/2020 | 117<br>(5 pgs) | Status report *with proof of service* Filed by Debtor Orange County Bail Bonds, Inc. (RE: related document(s)108 Notice of Hearing). (Forsythe, Marc) (Entered: 04/16/2020) |
| --- | --- | --- |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| **Transaction Receipt** | | | |
| 04/16/2020 15:17:48 | | | |
| **PACER Login:** | mh4052870:3453976:0 | **Client Code:** | 9999-001 |
| **Description:** | Docket Report | **Search Criteria:** | 8:19-bk-12411-ES Fil or Ent: filed From: 1/17/2000 To: 4/16/2020 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 11 | **Cost:** | 1.10 |

EXHIBIT 12, PAGE 181

# EXHIBIT 13

Cancel    Print



## SB 10: Pretrial Release and Detention

### Overview

Senate Bill 10 (Hertzberg, Stats. 2018, ch. 244) authorizes a change to California's pretrial release system from a money-based system to a risk-based release and detention system.

SB 10 assumes that a person will be released on his or her own recognizance or supervised own recognizance with the least restrictive nonmonetary condition or combination of conditions that will reasonably assure public safety and the defendant's return to court.

### What Does SB 10 Do?

Creates series of categories of persons and offenses:

- Different levels of review
  - Misdemeanors - Most are cited and released within 12 hours
  - Greater scrutiny as seriousness of the offense increases
- Detention is based on risk, not lack of money
- Eliminates cash bail or bail bonds
- When there is very strong evidence that no conditions of release can reasonably assure public safety, a defendant can be detained pretrial, regardless of financial resources

### Important Information on SB 10

- SB 10 Overview  Updated November 8, 2018
- Summary of Release and Detention Process Under SB 10

### Overview of the Pretrial Process Under SB 10



Flowchart – Prearraignment
Process under SB 10 – Detailed

Infographic - Prearraignment
Process under SB 10 - Overview

Infographic - Pretrial Process
under SB 10 - Arraignment to
Trial

EXHIBIT 13, PAGE 182

# Frequently Asked Questions

<u>expand all</u>     <u>collapse all</u>

Does SB 10, the pretrial reform legislation, mean a judge has less discretion to decide who to detain or release before trial?

Under SB 10, judges will have the same discretion to release or detain individuals pretrial as they do now under the current money bail system.  SB 10 establishes Pretrial Assessment Services that will gather information and provide reports to aid judges in the decision about whether a defendant is a risk to the public or likely to return to court if released before trial. In addition, Pretrial Assessment Services will recommend conditions of release. Judges will not be bound by the Pretrial Assessment Services reports and recommendations, but those will serve to inform judges' decisions. Judges remain the final authority in making pretrial release or detention decisions.

Under SB 10, will an algorithm decide who is eligible for release before trial?

No. The risk assessment tools that Pretrial Assessment Services uses contain algorithms that weigh various factors to measure the level of a person's risk to reoffend or fail to appear if released pretrial. Although Pretrial Assessment Services will have authority to release low and some medium-risk individual before arraignment, judicial officers remain the final authority in making pretrial release or detention decisions. The risk-level information obtained from the risk assessment tool, combined with the recommendation provided by Pretrial Services, will inform the judge's decision. But in every case the judicial officer can override the recommendation.

What are the benefits of a Pretrial Assessment System?

The goal of a risk assessment-based pretrial system is to release people from custody as early as possible in the process, and with the least restrictive conditions that will help to ensure their return to court and protect public safety, and to preventively detain only those for whom no set of conditions will assure public safety or return to court. While national data is limited, jurisdictions that have implemented robust risk assessment-based pretrial systems report low rates of re-arrest for those released as well as low rates of failure to appear. For example, in Kentucky, the Pretrial Services agency recommends release on own recognizance in 89% of cases involving low-risk defendants, in 60% of moderate-risk cases, and in 50% of high-risk cases. For those high-risk defendants who are released, 71% do not have a failure to appear and 86% are not rearrested during the pretrial period. Many low and moderate-risk cases require only minimal monitoring, such as court date reminders and monthly check-ins, while higher risk cases benefit from increased supervision which can include more frequent check-ins, drug testing, and electronic monitoring.

What California counties have used pretrial assessment systems?

A 2015 survey of counties indicated that 46 of the 58 California counties have some type of pretrial program, and 70% established their programs in the past five years. However, Santa Clara, San Francisco, Humboldt, Riverside, Imperial, and Santa Cruz counties have had pretrial programs for many years. At least 49 counties use a type of pretrial risk assessment tool that provides judges with information about the risk of releasing a defendant before trial.

What percentage of the people held in California jails are unsentenced?

EXHIBIT 13, PAGE 183

SB 10: Pretrial Release and Detention - criminal_justice SB10                    Page 3 of 3

Currently, approximately two-thirds of California's jail population—or nearly 48,000 people—are unsentenced, according to the Board of State and Community Corrections' annual Jail Profile Survey. This includes both people who are eligible for release but have not (or cannot) post money bail and those who are not eligible for release.

What is the size of California's bail industry?

In 2016, there were approximately 3,200 licensed bail agents, 155 bail agencies, and 17 sureties conducting business in California, according to the California Department of Insurance (CDI). A CDI report from 2011-2013 found bail agents each year posted an average of 205,000 bail bonds and collected an average of $308 million in non-refundable premium fees from defendants, their friends and families.

Have other U.S. states implemented bail reform?

In recent years, New Jersey and New Mexico instituted sweeping reforms to limit or end money bail. For decades, Kentucky and Washington, D.C. have run systems that primarily rely on risk assessments with very limited use of money bail. Beyond these reforms, lawmakers in 44 states and Washington, D.C. enacted 118 new laws during 2016 addressing pretrial release and detention.

**Contact Info**

**Criminal Justice Services**
415-865-8994
crimjusticeoffice@jud.ca.gov



California's Pre...

EXHIBIT 13, PAGE 184

**EXHIBIT 14**

# Central District of California
# Claims Register

## 8:19-bk-12411-ES Orange County Bail Bonds, Inc.

| | |
|---|---|
| **Judge:** Erithe A. Smith | **Chapter:** 11 |
| **Office:** Santa Ana | **Last Date to file claims:** |
| **Trustee:** Mark M Sharf (TR) | **Last Date to file (Govt):** |

| Creditor:         (39670386)<br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | **Claim No: 1**<br>*Original Filed*<br>*Date:* 07/11/2019<br>*Original Entered*<br>*Date:* 07/11/2019<br>*Last Amendment*<br>*Filed:* 04/08/2020<br>*Last Amendment*<br>*Entered:* 04/08/2020 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Timothy C Schakow<br>*Modified:* |
|---|---|---|

| Amount | claimed: | $100.00 | | |
|---|---|---|---|---|
| Secured | claimed: | $0.00 | | |
| Priority | claimed: | $100.00 | | |

| *History:* | | | |
|---|---|---|---|
| Details | 1-1 | 07/11/2019 | Claim #1 filed by Internal Revenue Service, Amount claimed: $475.47 (Schakow, Timothy) |
| Details | 1-2 | 01/30/2020 | Amended Claim #1 filed by Internal Revenue Service, Amount claimed: $175.47 (Schakow, Timothy) |
| Details | 1-3 | 04/08/2020 | Amended Claim #1 filed by Internal Revenue Service, Amount claimed: $100.00 (Schakow, Timothy) |
| *Description:* | | | |
| *Remarks:* | | | |

| Creditor:         (39690172)<br>Wells Fargo Bank, N.A.<br>Small Business Lending Division<br>P.O. Box 29482<br>Phoenix, AZ 85038-8650 | **Claim No: 2**<br>*Original Filed*<br>*Date:* 07/19/2019<br>*Original Entered*<br>*Date:* 07/19/2019 | *Status:*<br>*Filed by:* CR<br>*Entered by:* ePOC-User AutoDocket<br>*Modified:* |
|---|---|---|

| Amount | claimed: | $6231.56 | | |
|---|---|---|---|---|

| *History:* | | | |
|---|---|---|---|
| Details | 2-1 | 07/19/2019 | Claim #2 filed by Wells Fargo Bank, N.A., Amount claimed: $6231.56 (AutoDocket, ePOC-User) |
| *Description:* | | | |
| *Remarks:* (2-1) Account Number (last 4 digits):3048 | | | |

EXHIBIT 14, PAGE 185

| Creditor:         (39697141)<br>American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 | **Claim No: 3**<br>*Original Filed*<br>*Date:* 07/24/2019<br>*Original Entered*<br>*Date:* 07/24/2019 | *Status:* Withdraw 113<br>*Filed by:* CR<br>*Entered by:* Sabari Mukherjee<br>*Modified:* |
|---|---|---|

| Amount claimed: $6838.23 | |
|---|---|

| *History:* | | | |
|---|---|---|---|
| Details | 3-1 | 07/24/2019 | Claim #3 filed by American Express National Bank, Amount claimed: $6838.23 (Mukherjee, Sabari) |
| | 113 | 04/10/2020 | Withdrawal of Claim(s): 3 Filed by Creditor American Express National Bank. (Butler, Larry) Status: Withdraw |

| *Description:* |
|---|
| *Remarks:* |

| Creditor:         (39706847)<br>County of Orange<br>P.O. Box 4515<br>Santa Ana, CA 92702-4515<br>Attn: Bankruptcy Unit | **Claim No: 4**<br>*Original Filed*<br>*Date:* 07/29/2019<br>*Original Entered*<br>*Date:* 07/29/2019 | *Status:*<br>*Filed by:* CR<br>*Entered by:* David Scallon<br>*Modified:* |
|---|---|---|

| Amount | claimed: | $85.08 |
|---|---|---|
| Secured | claimed: | $0.00 |
| Priority | claimed: | $85.08 |

| *History:* | | | |
|---|---|---|---|
| Details | 4-1 | 07/29/2019 | Claim #4 filed by County of Orange, Amount claimed: $85.08 (Scallon, David) |

| *Description:* (4-1) Pre-Petition for 2019 tax year |
|---|
| *Remarks:* (4-1) Bk#1900099 |

| Creditor:         (39722330)<br>Capital One Bank (USA), N.A.<br>by American InfoSource as agent<br>PO Box 71083<br>Charlotte, NC 28272-1083 | **Claim No: 5**<br>*Original Filed*<br>*Date:* 08/05/2019<br>*Original Entered*<br>*Date:* 08/05/2019 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ashley Boswell<br>*Modified:* |
|---|---|---|

| Amount claimed: $13465.44 | |
|---|---|

| *History:* | | | |
|---|---|---|---|
| Details | 5-1 | 08/05/2019 | Claim #5 filed by Capital One Bank (USA), N.A., Amount claimed: $13465.44 (Boswell, Ashley) |

| *Description:* |
|---|
| *Remarks:* |

EXHIBIT 14, PAGE 186

| Creditor: (39812848) Legal Service Bureau Inc. dba Global Fugitive Reco | Claim No: 6 *Original Filed Date:* 09/19/2019 *Original Entered Date:* 09/19/2019 *Last Amendment Filed:* 09/27/2019 *Last Amendment Entered:* 09/27/2019 | Status: *Filed by:* CR *Entered by:* Timothy C Aires *Modified:* |
|---|---|---|

| Amount claimed: $545879.23 |||

**History:**

| Details | 6-1 | 09/19/2019 | Claim #6 filed by Legal Service Bureau Inc. dba Global Fugitive Reco, Amount claimed: $617383.87 (Aires, Timothy) |
|---|---|---|---|
| Details | 6-2 | 09/27/2019 | Amended Claim #6 filed by Legal Service Bureau Inc. dba Global Fugitive Reco, Amount claimed: $545879.23 (Aires, Timothy) |

Description:

Remarks:

| Creditor: (39632047) American Contractors Indemnity Comp 157 Main Street Greenville, PA 16125 | Claim No: 7 *Original Filed Date:* 10/01/2019 *Original Entered Date:* 10/01/2019 | Status: *Filed by:* CR *Entered by:* Marc C Forsythe *Modified:* |
|---|---|---|

| Amount claimed: $7831800.00 |||

**History:**

| Details | 7-1 | 10/01/2019 | Claim #7 filed by American Contractors Indemnity Comp, Amount claimed: $7831800.00 (Forsythe, Marc) |
|---|---|---|---|

Description:

Remarks:

| Creditor: (39988787) FRANCHISE TAX BOARD BANKRUPTCY SECTION MS A340 PO BOX 2952 SACRAMENTO CA 95812-2952 | Claim No: 8 *Original Filed Date:* 11/15/2019 *Original Entered Date:* 11/15/2019 | Status: *Filed by:* CR *Entered by:* Anthony Franklin *Modified:* |
|---|---|---|

| Amount claimed: $11.99 |||
| Priority claimed: $11.25 |||

**History:**

| Details | 8-1 | 11/15/2019 | Claim #8 filed by FRANCHISE TAX BOARD, Amount claimed: $11.99 (Franklin, Anthony) |
|---|---|---|---|

Description: (8-1) Claim Filed

Remarks:

EXHIBIT 14, PAGE 187

## Claims Register Summary

**Case Name:** Orange County Bail Bonds, Inc.
**Case Number:** 8:19-bk-12411-ES
**Chapter:** 11
**Date Filed:** 06/21/2019
**Total Number Of Claims:** 8

| | |
|---|---|
| **Total Amount Claimed\*** | $8404411.53 |
| **Total Amount Allowed\*** | |

*\*Includes general unsecured claims*

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

| | Claimed | Allowed |
|---|---|---|
| **Secured** | $0.00 | |
| **Priority** | $196.33 | |
| **Administrative** | | |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/16/2020 15:17:05 | | |
| **PACER Login:** mh4052870:3453976:0 | **Client Code:** | 9999-001 |
| **Description:** Claims Register | **Search Criteria:** | 8:19-bk-12411-ES Filed or Entered From: 1/1/1900 Filed or Entered To: 4/16/2020 |
| **Billable Pages:** 1 | **Cost:** | 0.10 |

EXHIBIT 14, PAGE 188

# EXHIBIT 15

<u>**Appendix I**</u>

<u>**Emergency rule 1. Unlawful detainers**</u>

<u>**(a)**</u>    <u>**Application**</u>

Notwithstanding any other law, including Code of Civil Procedure sections 1166, 1167, 1169, and 1170.5, this rule applies to all actions for unlawful detainer.

<u>**(b)**</u>    <u>**Issuance of summons**</u>

A court may not issue a summons on a complaint for unlawful detainer unless the court finds, in its discretion and on the record, that the action is necessary to protect public health and safety.

<u>**(c)**</u>    <u>**Entry of default**</u>

A court may not enter a default or a default judgment for restitution in an unlawful detainer action for failure of defendant to appear unless the court finds both of the following:

<u>(1)</u>    The action is necessary to protect public health and safety; and

<u>(2)</u>    The defendant has not appeared in the action within the time provided by law, including by any applicable executive order.

<u>**(d)**</u>    <u>**Time for trial**</u>

If a defendant has appeared in the action, the court may not set a trial date earlier than 60 days after a request for trial is made unless the court finds that an earlier trial date is necessary to protect public health and safety. Any trial set in an unlawful detainer proceeding as of April 6, 2020 must be continued at least 60 days from the initial date of trial.

<u>**(e)**</u>    <u>**Sunset of rule**</u>

This rule will remain in effect until 90 days after the Governor declares that the state of emergency related to the COVID-19 pandemic is lifted, or until amended or repealed by the Judicial Council.

**Emergency rule 2.  Judicial foreclosures—suspension of actions**

Notwithstanding any other law, this rule applies to any action for foreclosure on a mortgage or deed of trust brought under chapter 1, title 10, of part 2 of the Code of Civil Procedure, beginning at section 725a, including any action for a deficiency judgment, and provides that, until 90 days after the Governor declares that the state of emergency related to the COVID-19 pandemic is lifted, or until this rule is amended or repealed by the Judicial Council:

(1) All such actions are stayed, and the court may take no action and issue no decisions or judgments unless the court finds that action is required to further the public health and safety.

(2) Any statute of limitations for filing such an action is tolled.

(3) The period for electing or exercising any rights under that chapter, including exercising any right of redemption from a foreclosure sale or petitioning the court in relation to such a right, is extended.


**Emergency rule 3.  Use of technology for remote appearances**

**(a)    Remote appearances**

Notwithstanding any other law, in order to protect the health and safety of the public, including court users, both in custody and out of custody defendants, witnesses, court personnel, judicial officers, and others, courts must conduct judicial proceedings and court operations as follows:

(1) Courts may require that judicial proceedings and court operations be conducted remotely.

(2) In criminal proceedings, courts must receive the consent of the defendant to conduct the proceeding remotely and otherwise comply with emergency rule 5. Notwithstanding Penal Code sections 865 and 977 or any other law, the court may conduct any criminal proceeding remotely. As used in this rule, "consent of the defendant" means that the consent of the defendant is required only for the waiver of the defendant's appearance as provided in emergency rule 5. For good cause shown, the court may require any witness to personally appear in a particular proceeding.

(3) Conducting proceedings remotely includes, but is not limited to, the use of video, audio, and telephonic means for remote appearances; the electronic

exchange and authentication of documentary evidence; e-filing and e-service; the use of remote interpreting; and the use of remote reporting and electronic recording to make the official record of an action or proceeding.

**(b)** **Sunset of rule**

This rule will remain in effect until 90 days after the Governor declares that the state of emergency related to the COVID-19 pandemic is lifted, or until amended or repealed by the Judicial Council.

**Emergency rule 4.  Emergency Bail Schedule**

**(a)** **Purpose**

Notwithstanding any other law, this rule establishes a statewide Emergency Bail Schedule, which is intended to promulgate uniformity in the handling of certain offenses during the state of emergency related to the COVID-19 pandemic.

**(b)** **Mandatory application**

No later than 5 p.m. on April 13, 2020, each superior court must apply the statewide Emergency Bail Schedule:

    (1)    To every accused person arrested and in pretrial custody.

    (2)    To every accused person held in pretrial custody.

**(c)** **Setting of bail and exceptions**

Under the statewide Emergency Bail Schedule, bail for all misdemeanor and felony offenses must be set at $0, with the exception of only the offenses listed below:

    (1)    A serious felony, as defined in Penal Code section 1192.7(c), or a violent felony, as defined in Penal Code section 667.5(c);

    (2)    A felony violation of Penal Code section 69;

    (3)    A violation of Penal Code section 166(c)(1);

    (4)    A violation of Penal Code section 136.1 when punishment is imposed under section 136.1(c);

(5) A violation of Penal Code section 262;

(6) A violation of Penal Code sections 243(e)(1) or 273.5;

(7) A violation of Penal Code section 273.6 if the detained person made threats to kill or harm, has engaged in violence against, or has gone to the residence or workplace of, the protected party;

(8) A violation of Penal Code section 422 where the offense is punished as a felony;

(9) A violation of Penal Code section 646.9;

(10) A violation of an offense listed in Penal Code section 290(c);

(11) A violation of Vehicle Code sections 23152 or 23153;

(12) A felony violation of Penal Code section 463; and

(13) A violation of Penal Code section 29800.

**(d)  Ability to deny bail**

Nothing in the Emergency Bail Schedule restricts the ability of the court to deny bail as authorized by article I, section 12, or 28(f)(3) of the California Constitution.

**(e)  Application of countywide bail schedule**

(1) The current countywide bail schedule of each superior court must remain in effect for all offenses listed in exceptions (1) through (13) of the Emergency Bail Schedule, including any count-specific conduct enhancements and any status enhancements.

(2) Each superior court retains the authority to reduce the amount of bail listed in the court's current countywide bail schedule for offenses in exceptions (1) through (13), or for any offenses not in conflict with the Emergency Bail Schedule.

**(f)  Bail for violations of post-conviction supervision**

(1) Under the statewide Emergency Bail Schedule, bail for all violations of misdemeanor probation, whether the arrest is with or without a bench warrant, must be set at $0.

(2) Bail for all violations of felony probation, parole, post-release community supervision, or mandatory supervision, must be set in accord with the statewide Emergency Bail Schedule, or for the bail amount in the court's countywide schedule of bail for charges of conviction listed in exceptions (1) through (13), including any enhancements.

**(g)** **Sunset of rule**

This rule will remain in effect until 90 days after the Governor declares that the state of emergency related to the COVID-19 pandemic is lifted, or until amended or repealed by the Judicial Council.

**Emergency rule 5.  Personal appearance waivers of defendants during health emergency**

**(a)** **Application**

Notwithstanding any other law, including Penal Code sections 865 and 977, this rule applies to all criminal proceedings except cases alleging murder with special circumstances and cases in which the defendant is currently incarcerated in state prison, as governed by Penal Code section 977.2.

**(b)** **Types of personal appearance waivers**

(1) With the consent of the defendant, the court must allow a defendant to waive his or her personal appearance and to appear remotely, either through video or telephonic appearance, when the technology is available.

(2) With the consent of the defendant, the court must allow a defendant to waive his or her appearance and permit counsel to appear on his or her behalf. The court must accept a defendant's waiver of appearance or personal appearance when:

(A) Counsel for the defendant makes an on the record oral representation that counsel has fully discussed the waiver and its implications with the defendant and the defendant has authorized counsel to proceed as counsel represents to the court;

(B) Electronic communication from the defendant as confirmed by defendant's counsel; or

(C)   Any other means that ensures the validity of the defendant's waiver.

(c)   **Consent by the defendant**

   (1)   For purposes of arraignment and entry of a not guilty plea, consent means a knowing, intelligent, and voluntary waiver of the right to appear personally in court. Counsel for the defendant must state on the record at each applicable hearing that counsel is proceeding with the defendant's consent.

   (2)   For purposes of waiving time for a preliminary hearing, consent also means a knowing, intelligent, and voluntary waiver of the right to hold a preliminary hearing within required time limits specified either in Penal Code section 859b or under emergency orders issued by the Chief Justice and Chair of the Judicial Council.

   (3)   The court must accept defense counsel's representation that the defendant understands and agrees with waiving any right to appear unless the court has specific concerns in a particular matter about the validity of the waiver.

(d)   **Appearance through counsel**

   (1)   When counsel appears on behalf of a defendant, courts must allow counsel to do any of the following:

      (A)   Waive reading and advisement of rights for arraignment.

      (B)   Enter a plea of not guilty.

      (C)   Waive time for the preliminary hearing.

   (2)   For appearances by counsel, including where the defendant is either appearing remotely or has waived his or her appearance and or counsel is appearing by remote access, counsel must confirm to the court at each hearing that the appearance by counsel is made with the consent of the defendant.

(e)   **Conduct of remote hearings**

   (1)   With the defendant's consent, a defendant may appear remotely for any pretrial criminal proceeding.

   (2)   Where a defendant appears remotely, counsel may not be required to be personally present with the defendant for any portion of the criminal

proceeding provided that the audio and/or video conferencing system or other technology allows for private communication between the defendant and his or her counsel. Any private communication is confidential and privileged under Evidence Code section 952.

**(f)**    **Sunset of rule**

This rule will remain in effect until 90 days after the Governor declares that the state of emergency related to the COVID-19 pandemic is lifted, or until amended or repealed by the Judicial Council.

**Emergency rule 6. Emergency orders: juvenile dependency proceedings**

**(a)**    **Application**

This rule applies to all juvenile dependency proceedings filed or pending until the state of emergency related to the COVID-19 pandemic is lifted.

**(b)**    **Essential hearings and orders**

The following matters should be prioritized in accordance with existing statutory time requirements.

**(1)**    Protective custody warrants filed under Welfare and Institutions Code section 340.

**(2)**    Detention hearings under Welfare and Institutions Code section 319. The court is required to determine if it is contrary to the child's welfare to remain with the parent, whether reasonable efforts were made to prevent removal, and whether to vest the placing agency with temporary placement and care.

**(3)**    Psychotropic medication applications.

**(4)**    Emergency medical requests.

**(5)**    A petition for reentry of a nonminor dependent.

**(6)**    Welfare and Institutions Code section 388 petitions that require an immediate response based on the health and safety of the child, which should be reviewed for a prima facie showing of change of circumstances sufficient to grant the petition or to set a hearing. The court may extend the final ruling on the petition beyond 30 days.

(c)  **Foster care hearings and continuances during the state of emergency**

    (1)  A court may hold any proceeding under this rule via remote technology consistent with rule 5.531 and emergency rule 3.

    (2)  At the beginning of any hearing at which one or more participants appears remotely, the court must admonish all the participants that the proceeding is confidential and of the possible sanctions for violating confidentiality.

    (3)  The child welfare agency is responsible for notice of remote hearings unless other arrangements have been made with counsel for parents and children. Notice is required for all parties and may include notice by telephone or other electronic means. The notice must also include instructions on how to participate in the court hearing remotely.

    (4)  Court reports

        (A)  Attorneys for parents and children must accept service of the court report electronically.

        (B)  The child welfare agency must ensure that the parent and the child receive a copy of the court report on time.

        (C)  If a parent or child cannot receive the report electronically, the child welfare agency must deliver a hard copy of the report to the parent and the child on time.

    (5)  Nothing in this subdivision prohibits the court from making statutorily required findings and orders, by minute order only and without a court reporter, by accepting written stipulations from counsel when appearances are waived if the stipulations are confirmed on the applicable Judicial Council forms or equivalent local court forms.

    (6)  If a court hearing cannot occur either in the courthouse or remotely, the hearing may be continued up to 60 days, except as otherwise specified.

        (A)  A dispositional hearing under Welfare and Institutions Code section 360 should not be continued more than 6 months after the detention hearing without review of the child's circumstances. In determining exceptional circumstances that justify holding the dispositional hearing more than 6 months after the child was taken into protective custody,

the impact of the state of emergency related to the COVID-19 pandemic must be considered.

    i.    If the dispositional hearing is continued more than 6 months after the start date of protective custody, a review of the child must be held at the 6-month date. At the review, the court must determine the continued necessity for and appropriateness of the placement; the extent of compliance with the case plan or available services that have been offered; the extent of progress which has been made toward alleviating or mitigating the causes necessitating placement; and the projected likely date by which the child may return home or placed permanently.

    ii.    The court may continue the matter for a full hearing on all dispositional findings and orders.

(B)    A judicial determination of reasonable efforts must be made within 12 months of the date a child enters foster care to maintain a child's federal title IV-E availability. If a permanency hearing is continued beyond the 12-month date, the court must review the case to determine if the agency has made reasonable efforts to return the child home or arrange for the child to be placed permanently. This finding can be made without prejudice and may be reconsidered at a full hearing.

(7)    During the state of emergency related to the COVID-19 pandemic, previously authorized visitation must continue, but the child welfare agency is to determine the manner of visitation to ensure that the needs of the family are met. If the child welfare agency changes the manner of visitation for a child and a parent or legal guardian in reunification, or for the child and a sibling(s), or a hearing is pending under Welfare and Institutions Code section 366.26, the child welfare agency must notify the attorneys for the children and parents within 5 court days of the change. All changes in manner of visitation during this time period must be made on a case by case basis, balance the public health directives and best interest of the child, and take into consideration whether in-person visitation may continue to be held safely. Family time is important for child and parent well-being, as well as for efforts toward reunification. Family time is especially important during times of crisis. Visitation may only be suspended if a detriment finding is made in a particular case based on the facts unique to that case. A detriment finding must not be based solely on the existence of the impact of the state of emergency related to the COVID-19 pandemic or related public health directives.

(A)    The attorney for the child or parent may ask the juvenile court to review the change in manner of visitation. The child or parent has the burden of showing that the change is not in the best interest of the child or is not based on current public health directives.

(B)    A request for the court to review the change in visitation during this time period must be made within 14 court days of the change. In reviewing the change in visitation, the court should take into consideration the factors in (c)(7).

**(d)    Sunset of rule**

This rule will remain in effect until 90 days after the Governor declares that the state of emergency related to the COVID-19 pandemic is lifted, or until amended or repealed by the Judicial Council.

**Advisory Committee Comment**

When courts are unable to hold regular proceedings because of an emergency that has resulted in an order as authorized under Government Code section 68115, federal timelines do not stop. Circumstances may arise where reunification services to the parent, including visitation, may not occur or be provided. The court must consider the circumstances of the emergency when deciding whether to extend or terminate reunification services and whether services were reasonable given the state of the emergency. (Citations: 42 U.S.C. § 672(a)(1)–(2), (5); 45 CFR § 1355.20; 45 CFR § 1356.21 (b) – (d); 45 C.F.R. § 1356.71(d)(1)(iii); Child Welfare Policy Manual, 8.3A.9 Title IV-E, Foster Care Maintenance Payments Program, Reasonable efforts, Question 2 (www.acf.hhs.gov/cwpm/public_html/programs/cb/laws_policies/laws/cwpm/policy_dsp.jsp?citI D=92)]); Letter dated March 27, 2020, from Jerry Milner, Associate Commissioner, Children's Bureau, Administration for Children and Families, U.S. Department of Health and Human Services.)

**Emergency rule 7. Emergency orders: juvenile delinquency proceedings**

**(a)    Application**

This rule applies to all proceedings in which a petition has been filed under Welfare and Institutions Code section 602 in which a hearing would be statutorily required during the state of emergency related to the COVID-19 pandemic.

**(b)    Juvenile delinquency hearings and orders during the state of emergency**

(1)   A hearing on a petition for a child who is in custody under Welfare and Institutions Code section 632 or 636 must be held within the statutory timeframes as modified by an order of the court authorized by Government Code section 68115. The court must determine if it is contrary to the welfare of the child to remain in the home, whether reasonable services to prevent removal occurred, and whether to place temporary placement with the probation agency if the court will be keeping the child detained and out of the home.

(2)   If a child is detained in custody and an in-person appearance is not feasible due to the state of emergency, courts must make reasonable efforts to hold any statutorily required hearing for that case via remote appearance within the required statutory time frame and as modified by an order of the court authorized under Government Code section 68115 for that proceeding. If a remote proceeding is not a feasible option for such a case during the state of emergency, the court may continue the case as provided in (d) for the minimum period of time necessary to hold the proceedings.

(3)   Without regard to the custodial status of the child, the following hearings should be prioritized during the state of emergency related to the COVID-19 pandemic:

   (A)   Psychotropic medication applications.

   (B)   All emergency medical requests.

   (C)   A petition for reentry of a nonminor dependent.

   (D)   A hearing on any request for a warrant for a child.

   (E)   A probable cause determination for a child who has been detained but has not had a detention hearing within the statutory time limits.

(4)   Notwithstanding any other law, and except as described in (5), during the state of emergency related to the COVID-19 pandemic, the court may continue for good cause any hearing for a child not detained in custody who is subject to its juvenile delinquency jurisdiction until a date after the state of emergency has been lifted considering the priority for continued hearings in (d).

(5)   For children placed in foster care under probation supervision, a judicial determination of reasonable efforts must be made within 12 months of the date the child enters foster care to maintain a child's federal title IV-E

availability. If a permanency hearing is continued beyond the 12-month date, the court must nevertheless hold a review to determine if the agency has made reasonable efforts to return the child home or place the child permanently. This finding can be made without prejudice and may be reconsidered at a full hearing.

**(c)** **Proceedings with remote appearances during the state of emergency.**

    (1)  A court may hold any proceeding under this rule via remote technology consistent with rule 5.531 and emergency rule 3.

    (2)  At the beginning of any hearing conducted with one or more participants appearing remotely, the court must admonish all the participants that the proceeding is confidential and of the possible sanctions for violating confidentiality.

    (3)  The court is responsible for giving notice of remote hearings, except for notice to a victim, which is the responsibility of the prosecuting attorney or the probation department. Notice is required for all parties and may include notice by telephone or other electronic means. The notice must also include instructions on how to participate in the hearing remotely.

    (4)  During the state of emergency, the court has broad discretion to take evidence in the manner most compatible with the remote hearing process, including but not limited to taking testimony by written declaration. If counsel for a child or the prosecuting attorney objects to the court's evidentiary procedures, that is a basis for issuing a continuance under (d).

**(d)** **Continuances of hearings during the state of emergency.**

Notwithstanding any other law, the court may for good cause continue any hearing other than a detention hearing for a child who is detained in custody. In making this determination, the court must consider the custody status of the child, whether there are evidentiary issues that are contested, and, if so, the ability for those issues to be fairly contested via a remote proceeding.

**(e)** **Extension of time limits under Welfare and Institutions Code section 709**

In any case in which a child has been found incompetent under Welfare and Institutions Code section 709 and that child is eligible for remediation services or has been found to require secure detention, any time limits imposed by section 709 for provision of services or for secure detention are tolled for the period of the state

1    of emergency if the court finds that remediation services could not be provided
2    because of the state of emergency.
3
4    **(f)**    **Sunset of rule**
5
6    This rule will remain in effect until 90 days after the Governor declares that the
7    state of emergency related to the COVID-19 pandemic is lifted, or until amended or
8    repealed by the Judicial Council.
9
10    **Advisory Committee Comment**
11
12    This emergency rule is being adopted in part to ensure that detention hearings for
13    juveniles in delinquency court must be held in a timely manner to ensure that no child is
14    detained who does not need to be detained to protect the child or the community. The
15    statutory scheme for juveniles who come under the jurisdiction of the delinquency court
16    is focused on the rehabilitation of the child and thus makes detention of a child the
17    exceptional practice, rather than the rule. Juvenile courts are able to use their broad
18    discretion under current law to release detained juveniles to protect the health of those
19    juveniles and the health and safety of the others in detention during the current state of
20    emergency related to the COVID-19 pandemic.
21
22
23    **Emergency rule 8.  Emergency orders: temporary restraining or protective orders**
24
25    **(a)**    **Application**
26
27    Notwithstanding any other law, this rule applies to any emergency protective order,
28    temporary restraining order, or criminal protective order that was requested, issued,
29    or set to expire during the state of emergency related to the COVID-19 pandemic.
30    This includes requests and orders issued under Family Code sections 6250 or 6300,
31    Code of Civil Procedure sections 527.6 , 527.8, or 527.85, Penal Code sections
32    136.2, 18125 or 18150, or Welfare and Institutions Code sections 213.5, 304,
33    362.4, or 15657.03, and including any of the foregoing orders issued in connection
34    with an order for modification of a custody or visitation order issued pursuant to a
35    dissolution, legal separation, nullity, or parentage proceeding under Family Code
36    section 6221.
37
38    **(b)**    **Duration of orders**
39
40    **(1)**    Any emergency protective order made under Family Code section 6250 that
41    is issued or set to expire during the state of emergency, must remain in effect
42    for up to 30 days from the date of issuance.
43

EXHIBIT 15, PAGE 201

    (2)   Any temporary restraining order or gun violence emergency protective order, issued or set to expire during the state of emergency related to the COVID-19 pandemic, must be continued for a period of time that the court determines is sufficient to allow for a hearing on the long-term order to occur, for up to 90 days.

    (3)   Any criminal protective order, subject to this rule, set to expire during the state of emergency, must be automatically extended for a period of 90 days, or until the matter can be heard, whichever occurs first.

    (4)   Any restraining order or protective order after hearing that is set to expire during the state of emergency related to the COVID-19 pandemic must be automatically extended for up to 90 days from the date of expiration to enable a protected party to seek a renewal of the restraining order.

**(c)**   **Ex parte requests**

    (1)   Courts must provide a means for the filing of ex parte requests for temporary restraining orders. Courts may do so by providing a physical location, drop box, or, if feasible, through electronic means.

    (2)   Any ex parte request may be filed using an electronic signature by a party or a party's attorney.

**(d)**   **Service of Orders**

   If a respondent appears at a hearing by video, audio, or telephonically, and the court grants an order, in whole or in part, no further service is required upon the respondent for enforcement of the order, provided that the court follows the requirements of Family Code section 6384.

**(e)**   **Entry of orders into California Law Enforcement Telecommunications System**

   Any orders issued by a court modifying the duration or expiration date of orders subject to this rule, must be transmitted to the Department of Justice through the California Law Enforcement Telecommunications System (CLETS), as provided in Family Code section 6380, without regard to whether they are issued on Judicial Council forms, or in another format during the state of emergency.

**Emergency rule 9.  Toll the statutes of limitations for civil causes of action**

1  Notwithstanding any other law, the statutes of limitation for civil causes of action are
2  tolled from April 6, 2020, until 90 days after the Governor declares that the state of
3  emergency related to the COVID-19 pandemic is lifted.

**Emergency rule 10.  Extensions of time in which to bring a civil action to trial**

**(a)    Extension of five years in which to bring a civil action to trial**

Notwithstanding any other law, including Code of Civil Procedure section 583.310, for all civil actions filed on or before April 6, 2020, the time in which to bring the action to trial is extended by six months for a total time of five years and six months.

**(b)    Extension of three years in which to bring a new trial**

Notwithstanding any other law, including Code of Civil Procedure section 583.320, for all civil actions filed on or before April 6, 2020, if a new trial is granted in the action, the three years provided in section 583.320 in which the action must again be brought to trial is extended by six months for a total time of three years and six months. Nothing in this subdivision requires that an action must again be brought to trial before expiration of the time prescribed in (a).

**Emergency rule 11.  Depositions through remote electronic means**

**(a)    Deponents appearing remotely**

Notwithstanding any other law, including Code of Civil Procedure section 2025.310(a) and (b), and rule 3.1010(c) and (d), a party or nonparty deponent, at their election or the election of the deposing party, is not required to be present with the deposition officer at the time of the deposition.

**(b)    Sunset of rule**

This rule will remain in effect until 90 days after the Governor declares that the state of emergency related to the COVID-19 pandemic is lifted, or until amended or repealed by the Judicial Council.

*Appendix I adopted effective April 6, 2020.*

**EXHIBIT 16**

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
CENTRAL DISTRICT OF CALIFORNIA

| In Re: | CHAPTER 11 (BUSINESS) |
|---|---|
| Orange County Bail Bonds, Inc. | Case Number: 19-12411 _ |
| | Operating Report Number: 8 |
| Debtor(s). | For the Month Ending: January 31, 2020 |

## I. CASH RECEIPTS AND DISBURSEMENTS
### A. (GENERAL ACCOUNT*)

1. TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS        263,709.45

2. LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL
ACCOUNT REPORTS                                               235,925.37

3. BEGINNING BALANCE:                                         27,784.08

4. RECEIPTS DURING CURRENT PERIOD:
   Accounts Receivable - Post-filing
   Accounts Receivable - Pre-filing
   General Sales                            39,881.59
   Other (Specify)
   **Other (Specify)

   TOTAL RECEIPTS THIS PERIOD:                                39,881.59

5. BALANCE:                                                   67,665.67

6. LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
   Transfers to Other DIP Accounts (from page 2)       9,651.50
   Disbursements (from page 2)                         16,316.34

   TOTAL DISBURSEMENTS THIS PERIOD:***                        25,967.84

7. ENDING BALANCE:                                            41,697.83

8. General Account Number(s):              6335214190

   Depository Name & Location:        Wells Fargo Bank

---

\* All receipts must be deposited into the general account.

\*\* Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold,
   to whom, terms, and date of Court Order or Report of Sale.

\*\*\*This amount should be the same as the total from page 2.

EXHIBIT 16, PAGE 204

Case 8:19-bk-12411-ES    Doc 93    Filed 02/14/20    Entered 02/14/20 15:15:15    Desc
Main Document    Page 2 of 16

## TOTAL DISBURSEMENTS FROM GENERAL ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payees or DIP account | Purpose | *Amount Transferred | **Amount Disbursed | Amount |
|---|---|---|---|---|---|---|
| 01/02/20 | 20831 | Civic Center Law Building | Rent | | 5,000.00 | 5,000.00 |
| 01/02/20 | 20832 | Blue Shield | Employee Health Insurance | | 3,556.21 | 3,556.21 |
| 01/02/20 | | Premium Checking | Client Court Fees | 1,000.00 | | 1,000.00 |
| 02/02/20 | | Payroll Account | Payroll | 3,000.00 | | 3,000.00 |
| 01/02/20 | EFT | Global Pay | Credit Card Processing Fees | | 85.40 | 85.40 |
| 01/02/20 | EFT | Global Pay | Credit Card Processing Fees | | 633.72 | 633.72 |
| 01/07/20 | 20933 | Chase Card | Office Expenses | | 1,385.83 | 1,385.83 |
| 01/07/20 | 20834 | Blue Shield | Employee Health Insurance | | 288.90 | 288.90 |
| 01/07/20 | 20835 | AT&T Internet | Internet Expenses | | 636.18 | 636.18 |
| 01/07/20 | 20836 | FedEx | Delivery Charges | | 128.43 | 128.43 |
| 01/07/20 | 20837 | AT&T | Telephone Charges | | 430.33 | 430.33 |
| 01/07/20 | 20838 | ACS Group | Advertising | | 600.00 | 600.00 |
| 01/07/20 | 20839 | Wireless AT&T | Office Cell Phone | | 411.40 | 411.40 |
| 01/07/20 | 20840 | State Fund | Workers' Compensation Insurance | | 513.50 | 513.50 |
| 01/07/20 | 20841 | Bank of America | Insurance | | 289.06 | 289.06 |
| 01/07/20 | 20842 | Mercury Insurance | Office Water | | 411.44 | 411.44 |
| 01/07/20 | 20843 | Reed's Fresh | Office Water | | 28.13 | 28.13 |
| 01/07/20 | 20844 | Trans Union | Data Processing | | 130.00 | 130.00 |
| 01/16/20 | 20845 | United States Trustee | Bankruptcy Fees | | 325.00 | 325.00 |
| 01/16/20 | 20846 | Leash Salazar | Office Supplies | | 53.65 | 53.65 |
| 01/16/20 | 20847 | Assured Lender Services | Client Cost - Forfeiture | | 79.00 | 79.00 |
| 01/16/20 | | Payroll Account | Payroll | 3,800.00 | | 3,800.00 |
| 01/18/20 | 20848 | Coreblogic Solutions | Data Processing | | 150.00 | 150.00 |
| 01/18/20 | 20849 | Thomson West | Dues and Subscriptions | | 124.55 | 124.55 |
| 01/18/20 | 20850 | Legacy Billing Services | Telephone Charges | | 2.10 | 2.10 |
| 01/18/20 | 20851 | AT&T | Telephone Charges | | 453.59 | 453.59 |
| 01/25/20 | 20852 | John Rorabaugh | Client Cost - Forfeiture | | 60.00 | 60.00 |
| 01/25/20 | 20853 | Blue Shield | Employee Health Insurance | | 288.90 | 288.90 |
| 01/25/20 | 20854 | Directv | Internet Expenses | | 271.02 | 271.02 |
| 01/27/20 | | Premium Checking | Client Court Fees | 1,851.50 | | 1,851.50 |
| | | | **TOTAL DISBURSEMENTS THIS PERIOD** | 9,651.50 | 16,316.34 | $25,967.84 |

* Fill in amounts in this column if they are TRANSFERS to another DIP account (e.g. Payroll or Tax); the "amount" column will be filled in for you.

** Fill in amounts in this column if they are DISBURSEMENTS to outside payees; the "amount" column will be filled in for you.

Case 8:19-bk-12411-ES   Doc 93   Filed 02/14/20   Entered 02/14/20 15:15:15   Desc
Main Document     Page 3 of 34

GENERAL ACCOUNT
BANK RECONCILIATION

Bank statement Date: 1/31/2020    Balance on Statement: $42,778.85

Plus deposits in transit (a):

| Deposit Date | Deposit Amount |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

TOTAL DEPOSITS IN TRANSIT      0.00

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| 20837 | 8/27/2019 | 119.10 |
| 20880 | 10/24/2019 | 17.00 |
| 20945 | 1/16/2020 | 325.00 |
| 20953 | 1/25/2020 | 288.90 |
| 20954 | 1/25/2020 | 271.02 |
| 20952 | 1/25/2020 | 60.00 |

TOTAL OUTSTANDING CHECKS:      1,081.02

Bank statement Adjustments:
Explanation of Adjustments-

ADJUSTED BANK BALANCE:      $41,697.83

Page 3 of 16

* It is acceptable to replace this form with a similar form
** Please attach a detailed explanation of any bank statement adjustment

EXHIBIT 16, PAGE 206

Case 8:19-bk-12411-ES    Doc 93    Filed 02/14/20    Entered 02/14/20 15:15:15    Desc
Main Document      Page 4 of 34

I. CASH RECEIPTS AND DISBURSEMENTS
B. (PAYROLL ACCOUNT)

1. TOTAL RECEIPTS PER ALL PRIOR PAYROLL ACCOUNT REPORTS          81,960.30

2. LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR PAYROLL             81,893.06
ACCOUNT REPORTS

3. BEGINNING BALANCE:                                               67.24

4. RECEIPTS DURING CURRENT PERIOD:                              6,800.00
(Transferred from General Account)

5. BALANCE:                                                     6,867.24

6. LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
TOTAL DISBURSEMENTS THIS PERIOD:***                            6,668.02

7. ENDING BALANCE:                                                199.22

8. PAYROLL Account Number(s):                    6335178551

   Depository Name & Location:          Wells Fargo Bank

EXHIBIT 16, PAGE 207

Case 8:19-bk-12411-ES   Doc 93   Filed 02/14/20   Entered 02/14/20 15:15:15   Desc
Main Document     Page 5 of 34

TOTAL DISBURSEMENTS FROM PAYROLL ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| 01/06/20 | DD | Scott Miner | Payroll | 350.00 |
| 01/06/20 | DD | Ray Reyes | Payroll | 800.00 |
| 01/06/20 | DD | Leah Salazar | Payroll | 1,365.00 |
| 01/06/20 | DD | Payroll Taxes | Payroll | 250.25 |
| 01/06/20 | DD | Payroll Processing Fee | Payroll | 202.63 |
| 01/21/20 | DD | Ray Reyes | Payroll | 650.00 |
| 01/21/20 | DD | Leah Salazar | Payroll | 800.00 |
| 01/21/20 | DD | Michael Yoakum | Payroll | 1,850.00 |
| 01/21/20 | DD | Payroll Taxes | Payroll | 328.36 |
| 01/21/20 | DD | Payroll Processing Fee | Payroll | 71.78 |

Page 5 of 16

TOTAL DISBURSEMENTS THIS PERIOD:    6,668.02

EXHIBIT 16, PAGE 208

PAYROLL ACCOUNT

## BANK RECONCILIATION

| Bank statement Date: | 1/31/2020 | Balance on Statement: | $759.65 |
|---|---|---|---|

Plus deposits in transit (a):

| Deposit Date | Deposit Amount |
|---|---|
| | |
| | |
| | |
| | |
| | |

| TOTAL DEPOSITS IN TRANSIT | 0.00 |
|---|---|

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| 99 | 9/5/2019 | 259.88 |
| 100 | 11/5/2019 | 300.55 |
| | | |

| TOTAL OUTSTANDING CHECKS: | 560.43 |
|---|---|

Bank statement Adjustments:

Explanation of Adjustments-

| | |
|---|---|

| ADJUSTED BANK BALANCE: | $199.22 |
|---|---|

* It is acceptable to replace this form with a similar form
** Please attach a detailed explanation of any bank statement adjustment

EXHIBIT 16, PAGE 209

Case 8:19-bk-12411-ES   Doc 93   Filed 02/14/20   Entered 02/14/20 15:15:15   Desc
Main Document      Page 7 of 34

1. CASH RECEIPTS AND DISBURSEMENTS
C. (TAX ACCOUNT)

1.  TOTAL RECEIPTS PER ALL PRIOR TAX ACCOUNT REPORTS                     500.00

2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR TAX
ACCOUNT REPORTS                                         _____

3.  BEGINNING BALANCE:                                        500.00

4.  RECEIPTS DURING CURRENT PERIOD:                      _____
    (Transferred from General Account)

5.  BALANCE:                                                  500.00

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
    TOTAL DISBURSEMENTS THIS PERIOD:***                         0.00

7.  ENDING BALANCE:                                          500.00

8.  TAX Account Number(s):                      6335178494

    Depository Name & Location:        Wells Fargo Bank

EXHIBIT 16, PAGE 210

Case 8:19-bk-12411-ES    Doc 93    Filed 02/14/20    Entered 02/14/20 15:15:15    Desc
Main Document      Page 8 of 34

TOTAL DISBURSEMENTS FROM TAX ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | Page 8 of 16 | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 0.00 |

TAX ACCOUNT

## BANK RECONCILIATION

Bank statement Date: _____1/31/2020_____ Balance on Statement: _____$500.00_____

Plus deposits in transit (a):

| Deposit Date | Deposit Amount |
|---|---|
| | |
| | |
| | |
| | |
| | |

TOTAL DEPOSITS IN TRANSIT                               0.00

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

TOTAL OUTSTANDING CHECKS:                               0.00

Bank statement Adjustments:                               _____

Explanation of Adjustments-

ADJUSTED BANK BALANCE:                               $500.00

Page 9 of 16

* It is acceptable to replace this form with a similar form
** Please attach a detailed explanation of any bank statement adjustment

EXHIBIT 16, PAGE 212

I. CASH RECEIPTS AND DISBURSEMENTS
D. (PREMIUM ACCOUNT)

1. TOTAL RECEIPTS PER ALL PRIOR PREMINUM ACCOUNT REPORTS      32,325.00

2. LESS: TOTAL DISBURSEMENTS PER ALL PRIOR PREMIUM        32,261.09
ACCOUNT REPORTS

3. BEGINNING BALANCE:        63.91

4. RECEIPTS DURING CURRENT PERIOD:        2,851.50
(Transferred from General Account)

5. BALANCE:        2,915.41

6. LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
TOTAL DISBURSEMENTS THIS PERIOD:***        943.00

7. ENDING BALANCE:        1,972.41

8. PREMIUM Account Number(s):        6335214208

Depository Name & Location:        Wells Fargo Bank

TOTAL DISBURSEMENTS FROM PREMIUM ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| 01/03/20 | 14 | ACIC | Bond Cost | 943.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 943.00 |

PREMIUM ACCOUNT
BANK RECONCILIATION

Bank statement Date:            1/31/2020    Balance on Statement:            $1,972.41

Plus deposits in transit (a):

| Deposit Date | Deposit Amount |
| --- | --- |
| | |
| | |
| | |
| | |
| | |

TOTAL DEPOSITS IN TRANSIT                                    0.00

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
| --- | --- | --- |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

TOTAL OUTSTANDING CHECKS:                                    0.00

Bank statement Adjustments:
Explanation of Adjustments-

ADJUSTED BANK BALANCE:                                    $1,972.41

* It is acceptable to replace this form with a similar form
** Please attach a detailed explanation of any bank statement adjustment

EXHIBIT 16, PAGE 215

I. CASH RECEIPTS AND DISBURSEMENTS
E. (COLLATERAL ACCOUNT)

1. TOTAL RECEIPTS PER ALL PRIOR COLLATERAL ACCOUNT REPORTS       27,581.50

2. LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR COLLATERAL
ACCOUNT REPORTS       2,000.00

3. BEGINNING BALANCE:       25,581.50

4. RECEIPTS DURING CURRENT PERIOD:
(Transferred from General Account)       5,000.00

5. BALANCE:       30,581.50

6. LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
TOTAL DISBURSEMENTS THIS PERIOD:***       0.00

7. ENDING BALANCE:       30,581.50

8. COLLATERAL Account Number(s):       6335178486

Depository Name & Location:       Wells Fargo Bank

Case 8:19-bk-12411-ES    Doc 93    Filed 02/14/20    Entered 02/14/20 15:15:15    Desc
Main Document      Page 14 of 34

TOTAL DISBURSEMENTS FROM COLLATERAL ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 0.00 |

COLLATERAL ACCOUNT
BANK RECONCILIATION

Bank statement Date: _____1/31/2020_____    Balance on Statement:    $30,581.50

Plus deposits in transit (a):

| Deposit Date | Deposit Amount |
|---|---|
| | |
| | |
| | |
| | |
| | |

TOTAL DEPOSITS IN TRANSIT                                    0.00

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

TOTAL OUTSTANDING CHECKS:                                    0.00

Bank statement Adjustments:                          _____
Explanation of Adjustments-

ADJUSTED BANK BALANCE:                              $30,581.50

* It is acceptable to replace this form with a similar form
** Please attach a detailed explanation of any bank statement adjustment

EXHIBIT 16, PAGE 218

I. D SUMMARY SCHEDULE OF CASH

ENDING BALANCES FOR THE PERIOD:

(Provide a copy of monthly account statements for each of the below)

|  |  |  |
|---|---|---|
| | General Account: | 41,697.83 |
| | Payroll Account: | 199.22 |
| | Tax Account: | 500.00 |
| *Other Accounts: | Collateral Account: | 30,581.50 |
| | Premium Tust: | 1,972.41 |
| *Other Monies: | | |
| | **Petty Cash (from below): | 0.00 |

TOTAL CASH AVAILABLE:                                      74,950.96

Petty Cash Transactions:

| Date | Purpose | Amount |
|------|---------|--------|
|      |         |        |

TOTAL PETTY CASH TRANSACTIONS:                            0.00

* Specify the Type of holding (e.g. CD, Savings Account, Investment Security), and the depository name, location & account#

** Attach Exhibit Itemizing all petty cash transactions

EXHIBIT 16, PAGE 219

## II. STATUS OF PAYMENTS TO SECURED CREDITORS, LESSORS AND OTHER PARTIES TO EXECUTORY CONTRACTS

| Creditor, Lessor, Etc. | Frequency of Payments (Mo/Qtr) | Amount of Payment | Post-Petition payments not made (Number) | Total Due |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DUE: | 0.00 |

## III. TAX LIABILITIES

FOR THE REPORTING PERIOD:

Gross Sales Subject to Sales Tax: _____

Total Wages Paid:    6,705.00

| | Total Post-Petition Amounts Owing | Amount Delinquent | Date Delinquent Amount Due |
|---|---|---|---|
| Federal Withholding | | | |
| State Withholding | | | |
| FICA- Employer's Share | | | |
| FICA- Employee's Share | | | |
| Federal Unemployment | | | |
| Sales and Use | | | |
| Real Property | | | |
| Other: _____ | Page 11 of 16 | | |
| TOTAL: | 0.00 | 0.00 | |

EXHIBIT 16, PAGE 220

## IV. AGING OF ACCOUNTS PAYABLE AND RECEIVABLE

|  | *Accounts Payable Post-Petition | Accounts Receivable | |
|---|---|---|---|
|  |  | Pre-Petition | Post-Petition |
| 30 days or less |  |  | 11,000.00 |
| 31 - 60 days |  |  | 2,200.00 |
| 61 - 90 days |  |  | 7,400.00 |
| 91 - 120 days |  |  | 400.00 |
| Over 120 days |  |  | 3,090.00 |
| TOTAL: | 0.00 | 159,000.00 | 24,090.00 |

## V. INSURANCE COVERAGE

|  | Name of Carrier | Amount of Coverage | Policy Expiration Date | Premium Paid Through (Date) |
|---|---|---|---|---|
| General Liability |  |  |  |  |
| Worker's Compensation |  |  |  |  |
| Casualty |  |  |  |  |
| Vehicle |  |  |  |  |
| Others: |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

## VI. UNITED STATES TRUSTEE QUARTERLY FEES
### (TOTAL PAYMENTS)

| Quarterly Period Ending (Date) | Total Disbursements | Quarterly Fees | Date Paid | Amount Paid | Quarterly Fees Still Owing |
|---|---|---|---|---|---|
| 06/30/19 | 325.00 | 325.00 | 07/16/19 | 325.00 | 0.00 |
| 07/31/19 | 650.00 | 650.00 | 08/27/19 | 650.00 | 0.00 |
| 09/30/19 | 325.00 | 325.00 | 10/02/19 | 325.00 | 0.00 |
| 10/31/19 | 325.00 | 325.00 | 11/25/19 | 325.00 | 0.00 |
| 12/31/20 | 325.00 | 325.00 | 01/16/20 | 325.00 | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  | 1,950.00 |  |  | 1,950.00 | 0.00 |

* Post-Petition Accounts Payable SHOULD NOT include professionals' fees and expenses which have been incurred but not yet awarded by the court.  Post-Petition
Accounts Payable SHOULD include professionals' fees and expenses authorized by Court Order but which remain unpaid as of the close of the period report

EXHIBIT 16, PAGE 221

Case 8:19-bk-12411-ES    Doc 93    Filed 02/14/20    Entered 02/14/20 15:15:15    Desc
Main Document    Page 19 of 34

## VII. SCHEDULE OF COMPENSATION PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | *Authorized Gross Compensation | Gross Compensation Paid During the Month |
|---|---|---|---|
| Robert L. Miller | 7/17/2019 | $ 5,000.00 | $ - |
| Leslie Ann Miller | 7/17/2019 | $ 805.67 | $ - |
| James William Miller | 8/17/2019 | $ 500.00 | $ - |
| Robert L. Miller | 10/18/2019 | $ 5,000.00 | $ - |
| James William Miller | 11/20/2019 | $ 350.00 | $ - |
| Robert L. Miller | 11/20/2019 | $ 7,500.00 | $ - |
| Robert L. Miller | 12/18/2019 | $ 5,000.00 | $ - |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## VIII.  SCHEDULE OF OTHER AMOUNTS PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | Description | Amount Paid During the Month |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

* Please indicate how compensation was identified in the order (e.g. $1,000/week, $2,500/month)

EXHIBIT 16, PAGE 222

FX PROFIT AND LOSS STATEMENT
(ACCRUAL BASIS)

| | Current Month | Cumulative Post-Petition |
|---|---|---|
| **Sales/Revenue:** | | |
| Gross Sales/Revenue | 39,881.59 | 298,591.04 |
| Less: Returns/Discounts | 0.00 | 3,500.00 |
| Net Sales/Revenue | 39,881.59 | 295,091.04 |
| | | |
| **Cost of Goods Sold:** | | |
| Beginning Inventory at cost | | |
| Purchases | | |
| Less: Ending Inventory at cost | | |
| Cost of Goods Sold (COGS) | 0.00 | 0.00 |
| | | |
| **Gross Profit** | 39,881.59 | 295,091.04 |
| | | |
| Other Operating Income (Itemize) | | |
| | | |
| **Operating Expenses:** | | |
| Payroll - Insiders | | 27,500.00 |
| Payroll - Other Employees | 5,815.00 | 52,607.02 |
| Payroll Taxes | 578.61 | 6,962.01 |
| Other Taxes (Itemize) | | |
| Depreciation and Amortization | | |
| Rent Expense - Real Property | 5,000.00 | 50,000.00 |
| Lease Expense - Personal Property | | |
| Insurance | 5,058.95 | 29,746.64 |
| Real Property Taxes | | |
| Telephone and Utilities | 2,593.05 | 15,754.38 |
| Repairs and Maintenance | | |
| Travel and Entertainment (Itemize) | | |
| Fuel | 163.23 | 399.27 |
| Miscellaneous Operating Expenses (Itemize) | | |
| Advertising | 1,352.16 | 11,111.13 |
| Charitable Contributions | | 500.00 |
| Continuing Education | | 2,911.43 |
| Court Costs | 1,082.00 | 40,411.92 |
| Bank Charges | | 13.80 |
| Credit Card Processing Fees | 719.12 | 6,683.52 |
| Data Processing Fees | 507.40 | 4,762.05 |
| License & Permits | | 381.00 |
| Office Supplies | 251.33 | 3,410.04 |
| Payroll Processing Fees | 274.41 | 1,492.05 |
| Postage & Delivery | 128.43 | 630.20 |
| | | |
| | | |
| | | |
| **Total Operating Expenses** | 23,523.69 | 255,276.46 |
| **Net Gain/(Loss) from Operations** | 16,357.90 | 39,814.58 |
| | | |
| **Non-Operating Income:** | | |
| Interest Income | | |
| Net Gain on Sale of Assets (Itemize) | | |
| Other (Itemize) | | |
| Total Non-Operating income | 0.00 | 0.00 |
| | | |
| **Non-Operating Expenses:** | | |
| Interest Expense | 78.67 | 771.59 |
| Penalties | | 12.43 |
| Legal and Professional (Itemize) | | |
| Other (Itemize) | | |
| Trustee Fees | 325.00 | 1,950.00 |
| Total Non-Operating Expenses | 403.67 | 2,734.02 |
| | | |
| **NET INCOME/(LOSS)** | 15,954.23 | 37,080.56 |

(Attach exhibit listing all itemizations required above)

EXHIBIT 16, PAGE 223

BALANCE SHEET
(ACCRUAL BASIS ONLY)

| | Current Month End | |
|---|---|---|
| **ASSETS** | | |
| Current Assets: | | |
| Unrestricted Cash | 45,793.72 | |
| Restricted Cash | 30,826.79 | |
| Accounts Receivable | | |
| Inventory | | |
| Notes Receivable | | |
| Prepaid Expenses | | |
| Other (Itemize) | | |
| Total Current Assets | | 76,620.51 |
| | | |
| Property, Plant, and Equipment | | |
| Accumulated Depreciation/Depletion | | |
| Net Property, Plant, and Equipment | | 0.00 |
| | | |
| Other Assets (Net of Amortization): | | |
| Due from Insiders | | |
| Other (Itemize) | | |
| Deposits | 2,250.00 | |
| Total Other Assets | | 2,250.00 |
| | | |
| **TOTAL ASSETS** | | 78,870.51 |
| | | |
| **LIABILITIES** | | |
| Post-petition Liabilities: | | |
| Accounts Payable | | |
| Taxes Payable | | |
| Notes Payable | 7,581.50 | |
| Professional fees | | |
| Secured Debt | | |
| Other (Itemize)  Collateral Payable | 30,245.29 | |
| Total Post-petition Liabilities | | 37,826.79 |
| | | |
| Pre-petition Liabilities: | | |
| Secured Liabilities | | |
| Priority Liabilities | 49,493.00 | |
| Unsecured Liabilities | 346,076.90 | |
| Other (Itemize) | | |
| Total Pre-petition Liabilities | | 395,569.90 |
| | | |
| **TOTAL LIABILITIES** | | 433,396.69 |
| | | |
| **EQUITY:** | | |
| Pre-petition Owners' Equity | (391,606.74) | |
| Post-petition Profit/(Loss) | 37,080.56 | |
| Direct Charges to Equity | | |
| **TOTAL EQUITY** | | (354,526.18) |
| | | |
| **TOTAL LIABILITIES & EQUITY** | | 78,870.51 |

Page 15 of 16

EXHIBIT 16, PAGE 224

02-14-20,09:33   From:Robert Miller                    17494985593             714834994:   # 2/ 2

## XI. QUESTIONNAIRE

|   |   | No | Yes |
|---|---|----|-----|
| 1. | Has the debtor-in-possession made any payments on its pre-petition unsecured debt, except as have been authorized by the court?  If "Yes", explain below: | X | |

|   |   | No | Yes |
|---|---|----|-----|
| 2. | Has the debtor-in-possession during this reporting period provided compensation or remuneration to any officers, directors, principals, or other insiders without appropriate authorization?  If "Yes", explain below: | X | |

3. State what progress was made during the reporting period toward filing a plan of reorganization
A hearing on Debtor's Disclosure Statement is currently set for 02-20-2020

4. Describe potential future developments which may have a significant impact on the case:
Foreclosure of the Saddozai residence.

5. Attach copies of all Orders granting relief from the automatic stay that were entered during the reporting period.

|   |   | No | Yes |
|---|---|----|-----|
| 6. | Did you receive any exempt income this month, which is not set forth in the operating report?  If "Yes", please set forth the amounts and sources of the income below. | X | |

I,    Robert Miller, President,
declare under penalty of perjury that I have fully read and understood the foregoing debtor-in-possession operating report and that the information contained herein is true and complete to the best of my knowledge.

2 / 14 / 2020
Date

Page 16 of 16

Principal for debtor-in-possession

EXHIBIT 16, PAGE 225

# Wells Fargo Business Choice Checking

January 31, 2020 ■ Page 1 of 5



ORANGE COUNTY BAIL BONDS INC
DEBTOR IN POSSESSION
CH11 CASE#19-12411 (CCA)
1043 W CIVIC CENTER DR STE 101
SANTA ANA CA 92703-2379

### Questions?

Available by phone 24 hours a day, 7 days a week
Telecommunications Relay Services calls accepted

**1-800-CALL-WELLS**  (1-800-225-5935)

TTY: 1-800-877-4833
En español: 1-877-337-7454

Online: wellsfargo.com/biz

Write: Wells Fargo Bank, N.A. (114)
P.O. Box 6995
Portland, OR  97228-6995

### Your Business and Wells Fargo

Visit wellsfargoworks.com to explore videos, articles, infographics, interactive tools, and other resources on the topics of business growth, credit, cash flow management, business planning, technology, marketing, and more.

### Account options

A check mark in the box indicates you have these convenient services with your account(s). Go to wellsfargo.com/biz or call the number above if you have questions or if you would like to add new services.

Business Online Banking ✓
Online Statements ✓
Business Bill Pay ☐
Business Spending Report ✓
Overdraft Protection ☐

### Activity summary

| | |
|---|---|
| Beginning balance on 1/1 | $29,828.39 |
| Deposits/Credits | 39,881.59 |
| Withdrawals/Debits | - 26,931.13 |
| **Ending balance on 1/31** | **$42,778.85** |
| Average ledger balance this period | $25,748.96 |

Account number: ████4190

ORANGE COUNTY BAIL BONDS INC
DEBTOR IN POSSESSION
CH11 CASE#19-12411 (CCA)

California account terms and conditions apply

For Direct Deposit use
Routing Number (RTN): 121042882

For Wire Transfers use
Routing Number (RTN): 121000248

**Overdraft Protection**

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo store.

EXHIBIT 16, PAGE 226

January 31, 2020 ▪ Page 2 of 5

**WELLS FARGO**

## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|------|--------------|-------------|-------------------|---------------------|----------------------|
| 1/2 | | Global Payments Global Dep 201912 8788680000597 Orange County Bail Bon | 750.00 | | |
| 1/2 | | Online Transfer to Orange County Bail Bonds Inc Ref #Ib07Fb66Wl Business Checking 2019/12/31 | | 1,000.00 | |
| 1/2 | | Online Transfer to Orange County Bail Bonds Inc Business Checking xxxxxx8551 Ref #Ib07Fc356M on 01/02/20 | | 3,000.00 | |
| 1/2 | < | Business to Business ACH Debit - Global Payments Global Stl 202001 8788680000598 Orange County Bail Bon | | 85.40 | |
| 1/2 | < | Business to Business ACH Debit - Global Payments Global Stl 202001 8788680000597 Orange County Bail Bon | | 633.72 | |
| 1/2 | 20931 | Check | | 5,000.00 | 20,859.27 |
| 1/3 | | Global Payments Global Dep 202001 8788680000597 Orange County Bail Bon | 1,950.00 | | |
| 1/3 | 20923 | Check | | 278.94 | 22,530.33 |
| 1/6 | | Global Payments Global Dep 202001 8788680000597 Orange County Bail Bon | 250.00 | | |
| 1/6 | 20914 | Check | | 1,200.00 | 21,580.33 |
| 1/7 | 20927 | Check | | 266.77 | |
| 1/7 | 20924 | Check | | 121.50 | 21,192.06 |
| 1/8 | | Global Payments Global Cbk 202001 8788680000597 Orange County Bail Bon | 3,500.00 | | |
| 1/8 | 20932 | Check | | 3,556.21 | 21,135.85 |
| 1/10 | 20940 | Check | | 513.50 | |
| 1/10 | 20926 | Check | | 41.00 | |
| 1/10 | 20942 | Check | | 411.44 | |
| 1/10 | 20938 | Check | | 600.00 | 19,569.91 |
| 1/13 | | Global Payments Global Dep 202001 8788680000597 Orange County Bail Bon | 400.00 | | |
| 1/13 | | Global Payments Global Dep 202001 8788680000597 Orange County Bail Bon | 1,250.00 | | |
| 1/13 | 20941 | Check | | 269.06 | |
| 1/13 | 20944 | Check | | 130.00 | |
| 1/13 | 20933 | Check | | 1,385.83 | |
| 1/13 | 20937 | Check | | 430.33 | |
| 1/13 | 20943 | Check | | 28.13 | |
| 1/13 | 20936 | Check | | 128.43 | |
| 1/13 | 20935 | Check | | 636.18 | |
| 1/13 | 20934 | Check | | 288.90 | 17,923.05 |
| 1/14 | | Global Payments Global Dep 202001 8788680000597 Orange County Bail Bon | 2,700.00 | | |
| 1/14 | 20939 | Check | | 411.40 | 20,211.65 |
| 1/16 | | Global Payments Global Dep 202001 8788680000598 Orange County Bail Bon | 2,000.00 | | |
| 1/16 | | Deposit | 1,350.00 | | |
| 1/16 | | Online Transfer to Orange County Bail Bonds Inc Business Checking xxxxxx8551 Ref #Ib07Hht2Vk on 01/16/20 | | 3,800.00 | 19,761.65 |
| 1/17 | | Global Payments Global Dep 202001 8788680000597 Orange County Bail Bon | 531.59 | | 20,293.24 |
| 1/21 | | Global Payments Global Dep 202001 8788680000597 Orange County Bail Bon | 300.00 | | |
| 1/21 | | Global Payments Global Dep 202001 8788680000597 Orange County Bail Bon | 200.00 | | |
| 1/21 | | Global Payments Global Dep 202001 8788680000598 Orange County Bail Bon | 1,500.00 | | |
| 1/21 | | Global Payments Global Dep 202001 8788680000597 Orange County Bail Bon | 4,900.00 | | 27,193.24 |
| 1/22 | | Global Payments Global Dep 202001 8788680000597 Orange County Bail Bon | 2,000.00 | | |
| 1/22 | 20946 | Check | | 53.65 | 29,139.59 |

January 31, 2020 ■ Page 3 of 5

**WELLS FARGO**

## Transaction history (continued)

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|------|-------|-------------|---------|---------|---------|
| 1/24 | | Global Payments Global Dep 202001 8788680000597 Orange County Bail Bon | 2,400.00 | | 31,539.59 |
| 1/27 | | Global Payments Global Dep 202001 8788680000597 Orange County Bail Bon | 3,600.00 | | |
| 1/27 | | Global Payments Global Dep 202001 8788680000597 Orange County Bail Bon | 1,100.00 | | |
| 1/27 | | Online Transfer to Orange County Bail Bonds Inc Ref #Ib07Jwj53S Business Checking 2020/01/15 | | 1,851.50 | |
| 1/27 | 20948 | Check | | 150.00 | |
| 1/27 | 20951 | Check | | 453.59 | 33,784.50 |
| 1/28 | | Global Payments Global Dep 202001 8788680000597 Orange County Bail Bon | 3,500.00 | | 37,284.50 |
| 1/29 | | Deposit | 600.00 | | |
| 1/29 | | Deposit | 1,000.00 | | |
| 1/29 | | Deposit | 1,000.00 | | |
| 1/29 | | Deposit | 1,500.00 | | 41,384.50 |
| 1/30 | | Global Payments Global Dep 202001 8788680000597 Orange County Bail Bon | 400.00 | | |
| 1/30 | 20947 | Check | | 79.00 | |
| 1/30 | 20949 | Check | | 124.55 | 41,580.95 |
| 1/31 | | Global Payments Global Dep 202001 8788680000597 Orange County Bail Bon | 1,200.00 | | |
| 1/31 | 20950 | Check | | 2.10 | 42,778.85 |
| Ending balance on 1/31 | | | | | 42,778.85 |
| Totals | | | $39,881.59 | $26,931.13 | |

The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted.  If you had insufficient available funds when a transaction posted, fees may have been assessed.

<sup>C</sup>  *Business to Business ACH:If this is a business account, this transaction has a return time frame of one business day from post date. This time frame does not apply to consumer accounts.*

## Summary of checks written   *(checks listed are also displayed in the preceding Transaction history)*

| Number | Date | Amount | Number | Date | Amount | Number | Date | Amount |
|--------|------|--------|--------|------|--------|--------|------|--------|
| 20914 | 1/6 | 1,200.00 | 20935 | 1/13 | 636.18 | 20943 | 1/13 | 28.13 |
| 20923 * | 1/3 | 278.94 | 20936 | 1/13 | 128.43 | 20944 | 1/13 | 130.00 |
| 20924 | 1/7 | 121.50 | 20937 | 1/13 | 430.33 | 20946 * | 1/22 | 53.65 |
| 20926 * | 1/10 | 41.00 | 20938 | 1/10 | 600.00 | 20947 | 1/30 | 79.00 |
| 20927 | 1/7 | 266.77 | 20939 | 1/14 | 411.40 | 20948 | 1/27 | 150.00 |
| 20931 * | 1/2 | 5,000.00 | 20940 | 1/10 | 513.50 | 20949 | 1/30 | 124.55 |
| 20932 | 1/8 | 3,556.21 | 20941 | 1/13 | 269.06 | 20950 | 1/31 | 2.10 |
| 20933 | 1/13 | 1,385.83 | 20942 | 1/10 | 411.44 | 20951 | 1/27 | 453.59 |
| 20934 | 1/13 | 288.90 | | | | | | |

* *Gap in check sequence*

## Monthly service fee summary

For a complete list of fees and detailed account information, see the Wells Fargo Account Fee and Information Schedule and Account Agreement applicable to your account (EasyPay Card Terms and Conditions for prepaid cards) or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| Fee period 01/01/2020 - 01/31/2020 | Standard monthly service fee $14.00 | You paid $0.00 |
|---|---|---|

EXHIBIT 16, PAGE 228

January 31, 2020 ▪ Page 4 of 5

**WELLS FARGO**

---

*Monthly service fee summary (continued)*

| | Minimum required | This fee period |
|---|---|---|
| How to avoid the monthly service fee | | |
| Have any **ONE** of the following account requirements | | |
| Average ledger balance | $7,500.00 | $25,749.00 ☑ |
| A qualifying transaction from a linked Wells Fargo Merchant Services account | 1 | 0 ☐ |
| Total number of posted debit card purchases or posted debit card payments of bills in any combination | 10 | 0 ☐ |
| – Enrollment in a linked Direct Pay service through Wells Fargo Business Online | 1 | 0 ☐ |
| Combined balances in linked accounts, which may include | $10,000.00 | ☑ |
| – Average ledger balances in business checking, savings, and time accounts | | |
| – Most recent statement balance in eligible Wells Fargo business credit cards and lines of credit, and combined average daily balances from the previous month in eligible Wells Fargo business and commercial loans and lines of credit | | |
| – For complete details on how you can avoid the monthly service fee based on your combined balances please refer to page 10 of the Business Account Fee and Information Schedule at www.wellsfargo.com/biz/fee-information | | |

wx/wx

---

**Account transaction fees summary**

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|---|---|---|---|---|---|
| Cash Deposited ($) | 5,400 | 7,500 | 0 | 0.0030 | 0.00 |
| Transactions | 52 | 200 | 0 | 0.50 | 0.00 |
| **Total service charges** | | | | | **$0.00** |

EXHIBIT 16, PAGE 229

# Wells Fargo Simple Business Checking

January 31, 2020 ■ Page 1 of 3



ORANGE COUNTY BAIL BONDS INC
DEBTOR IN POSSESSION
CH11 CASE#19-12411 (CCA)
1043 W CIVIC CENTER DR STE 101
SANTA ANA CA 92703-2379

## Questions?

*Available by phone 24 hours a day, 7 days a week:*
Telecommunications Relay Services accepted

**1-800-CALL-WELLS**  (1-800-225-5935)

*TTY:* 1-800-877-4833
*En español:* 1-877-337-7454

*Online:* wellsfargo.com/biz

*Write:* Wells Fargo Bank, N.A. (114)
P.O. Box 6995
Portland, OR 97228-6995

## Your Business and Wells Fargo

Visit wellsfargoworks.com to explore videos, articles, infographics, interactive tools, and other resources on the topics of business growth, credit, cash flow management, business planning, technology, marketing, and more.

## Account options

*A check mark in the box indicates you have these convenient services with your account(s). Go to wellsfargo.com/biz or call the number above if you have questions or if you would like to add new services.*

| | |
|---|---|
| Business Online Banking | ✓ |
| Online Statements | ✓ |
| Business Bill Pay | ☐ |
| Business Spending Report | ✓ |
| Overdraft Protection | ☐ |

## Activity summary

| | |
|---|---|
| Beginning balance on 1/1 | $627.67 |
| Deposits/Credits | 6,800.00 |
| Withdrawals/Debits | – 6,668.02 |
| **Ending balance on 1/31** | **$759.65** |
| Average ledger balance this period | $925.39 |

Account number:  ████8551

**ORANGE COUNTY BAIL BONDS INC**
**DEBTOR IN POSSESSION**
**CH11 CASE#19-12411 (CCA)**

*California account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN): 121042882

For Wire Transfers use
Routing Number (RTN): 121000248

**Overdraft Protection**

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo store.

EXHIBIT 16, PAGE 230

January 31, 2020 ▪ Page 2 of 3

**WELLS FARGO**

## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| 1/2 | | Online Transfer From Orange County Bail Bonds Inc Business Checking xxxxxx4190 Ref #Ib07Fc356M on 01/02/20 | 3,000.00 | | 3,627.67 |
| 1/3 | < | Business to Business ACH Debit - Orange County Ba Net=Pay 191231 Orange County Bail Bon | | 2,967.88 | 659.79 |
| 1/16 | | Online Transfer From Orange County Bail Bonds Inc Business Checking xxxxxx4190 Ref #Ib07Hht2Vk on 01/16/20 | 3,800.00 | | 4,459.79 |
| 1/17 | < | Business to Business ACH Debit - Orange County Ba Net=Pay 200115 Orange County Bail Bon | | 3,700.14 | 759.65 |
| Ending balance on 1/31 | | | | | 759.65 |
| Totals | | | $6,800.00 | $6,668.02 | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

< *Business to Business ACH:If this is a business account, this transaction has a return time frame of one business day from post date. This time frame does not apply to consumer accounts.*

## Monthly service fee summary

For a complete list of fees and detailed account information, see the Wells Fargo Account Fee and Information Schedule and Account Agreement applicable to your account (EasyPay Card Terms and Conditions for prepaid cards) or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| Fee period 01/01/2020 - 01/31/2020 | Standard monthly service fee $10.00 | You paid $0.00 |
|---|---|---|
| **How to avoid the monthly service fee** | Minimum required | This fee period |
| Have any **ONE** of the following account requirements | | |
| Average ledger balance | $500.00 | $925.00 ☑ |

C1/C1

## Account transaction fees summary

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|---|---|---|---|---|---|
| Cash Deposited ($) | 0 | 3,000 | 0 | 0.0030 | 0.00 |
| Transactions | 2 | 50 | 0 | 0.50 | 0.00 |
| **Total service charges** | | | | | **$0.00** |

# Wells Fargo Simple Business Checking

January 31, 2020 ■ Page 1 of 3



ORANGE COUNTY BAIL BONDS INC
DEBTOR IN POSSESSION
CH11 CASE#19-12411 (CCA)
1043 W CIVIC CENTER DR STE 101
SANTA ANA CA 92703-2379

## Questions?

Available by phone 24 hours a day, 7 days a week:
Telecommunications Relay Services calls accepted

**1-800-CALL-WELLS**  (1-800-225-5935)

TTY: 1-800-877-4833
En español: 1-877-337-7454

Online: wellsfargo.com/biz

Write: Wells Fargo Bank, N.A. (114)
P.O. Box 6995
Portland, OR 97228-6995

## Your Business and Wells Fargo

Visit wellsfargoworks.com to explore videos, articles, infographics, interactive tools, and other resources on the topics of business growth, credit, cash flow management, business planning, technology, marketing, and more.

## Account options

A check mark in the box indicates you have these convenient services with your account(s). Go to wellsfargo.com/biz or call the number above if you have questions or if you would like to add new services.

| | |
|---|---|
| Business Online Banking | ✓ |
| Online Statements | ✓ |
| Business Bill Pay | |
| Business Spending Report | ✓ |
| Overdraft Protection | |

## Activity summary

| | |
|---|---|
| Beginning balance on 1/1 | $63.91 |
| Deposits/Credits | 2,851.50 |
| Withdrawals/Debits | - 943.00 |
| **Ending balance on 1/31** | **$1,972.41** |
| Average ledger balance this period | $630.63 |

Account number:  ████4208

ORANGE COUNTY BAIL BONDS INC
DEBTOR IN POSSESSION
CH11 CASE#19-12411 (CCA)

California account terms and conditions apply

For Direct Deposit use
Routing Number (RTN): 121042882

For Wire Transfers use
Routing Number (RTN): 121000248

**Overdraft Protection**

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo store.

(114)
Sheet Seq = 0227821
Sheet 00001 of 00002

EXHIBIT 16, PAGE 232

January 31, 2020 ■ Page 2 of 3

**WELLS FARGO**

## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|------|------|------|------|------|------|
| 1/2 | | Online Transfer From Orange County Bail Bonds Inc Ref #Ib07Fb66Wl Business Checking 2019/12/31 | 1,000.00 | | 1,063.91 |
| 1/9 | 14 | Check | | 943.00 | 120.91 |
| 1/27 | | Online Transfer From Orange County Bail Bonds Inc Ref #Ib07Jwj53S Business Checking 2020/01/15 | 1,851.50 | | 1,972.41 |
| Ending balance on 1/31 | | | | | 1,972.41 |
| Totals | | | $2,851.50 | $943.00 | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

## Summary of checks written   *(checks listed are also displayed in the preceding Transaction history)*

| Number | Date | Amount |
|------|------|------|
| 14 | 1/9 | 943.00 |

## Monthly service fee summary

For a complete list of fees and detailed account information, see the Wells Fargo Account Fee and Information Schedule and Account Agreement applicable to your account (EasyPay Card Terms and Conditions for prepaid cards) or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| Fee period 01/01/2020 - 01/31/2020 | Standard monthly service fee $10.00 | You paid $0.00 |
|------|------|------|
| **How to avoid the monthly service fee** | Minimum required | This fee period |
| Have any **ONE** of the following account requirements | | |
|     Average ledger balance | $500.00 | $631.00 ☑ |
| C1C1 | | |

## Account transaction fees summary

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|------|------|------|------|------|------|
| Cash Deposited ($) | 0 | 3,000 | 0 | 0.0030 | 0.00 |
| Transactions | 1 | 50 | 0 | 0.50 | 0.00 |
| **Total service charges** | | | | | **$0.00** |

EXHIBIT 16, PAGE 233

# Wells Fargo Simple Business Checking

January 31, 2020 ■ Page 1 of 3



ORANGE COUNTY BAIL BONDS INC
DEBTOR IN POSSESSION
CH11 CASE#19-12411 (CCA)
1043 W CIVIC CENTER DR STE 101
SANTA ANA CA 92703-2379

## Questions?

*Available by phone 24 hours a day, 7 days a week:*
Telecommunications Relay Services calls accepted

**1-800-CALL-WELLS** (1-800-225-5935)

*TTY:* 1-800-877-4833
*En español:* 1-877-337-7454

*Online:* wellsfargo.com/biz

*Write:* Wells Fargo Bank, N.A. (114)
P.O. Box 6995
Portland, OR 97228-6995

## Your Business and Wells Fargo

Visit wellsfargoworks.com to explore videos, articles, infographics, interactive
tools, and other resources on the topics of business growth, credit, cash flow
management, business planning, technology, marketing, and more.

## Account options

*A check mark in the box indicates you have these convenient
services with your account(s). Go to wellsfargo.com/biz or
call the number above if you have questions or if you would
like to add new services.*

| | |
|---|---|
| Business Online Banking | ✓ |
| Online Statements | ✓ |
| Business Bill Pay | ☐ |
| Business Spending Report | ✓ |
| Overdraft Protection | ☐ |

## Activity summary

| | |
|---|---|
| Beginning balance on 1/1 | $25,581.50 |
| Deposits/Credits | 5,000.00 |
| Withdrawals/Debits | – 0.00 |
| **Ending balance on 1/31** | **$30,581.50** |
| Average ledger balance this period | $28,162.14 |

Account number: 8486

ORANGE COUNTY BAIL BONDS INC
DEBTOR IN POSSESSION
CH11 CASE#19-12411 (CCA)

*California account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN): 121042882

For Wire Transfers use
Routing Number (RTN): 121000248

**Overdraft Protection**

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements
please call the number listed on your statement or visit your Wells Fargo store.

(114)
Sheet Seq = 0227745
Sheet 00001 of 00002

EXHIBIT 16, PAGE 234

Case 8:19-bk-12411-ES    Doc 93    Filed 02/14/20    Entered 02/14/20 15:15:15    Desc
Main Document      Page 32 of 34

January 31, 2020 ▪ Page 2 of 3

**WELLS FARGO**

## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|------|------|------|------|------|------|
| 1/16 | | Deposit Made In A Branch/Store | 5,000.00 | | 30,581.50 |
| Ending balance on 1/31 | | | | | 30,581.50 |
| Totals | | | $5,000.00 | $0.00 | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

### Monthly service fee summary

For a complete list of fees and detailed account information, see the Wells Fargo Account Fee and Information Schedule and Account Agreement applicable to your account (EasyPay Card Terms and Conditions for prepaid cards) or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| Fee period 01/01/2020 - 01/31/2020 | Standard monthly service fee $10.00 | You paid $0.00 |
|------|------|------|
| **How to avoid the monthly service fee** | Minimum required | This fee period |
| Have any ONE of the following account requirements | | |
| Average ledger balance | $500.00 | $28,162.00 ☑ |
| C1/C1 | | |

## Account transaction fees summary

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|------|------|------|------|------|------|
| Cash Deposited ($) | 0 | 3,000 | 0 | 0.0030 | 0.00 |
| Transactions | 2 | 50 | 0 | 0.50 | 0.00 |
| **Total service charges** | | | | | **$0.00** |

EXHIBIT 16, PAGE 235

# Wells Fargo Simple Business Checking

January 31, 2020 ■ Page 1 of 3



ORANGE COUNTY BAIL BONDS INC
DEBTOR IN POSSESSION
CH11 CASE#19-12411 (CCA)
1043 W CIVIC CENTER DR STE 101
SANTA ANA CA 92703-2379

## Questions?

*Available by phone 24 hours a day, 7 days a week:*
Telecommunications Relay Services calls accepted

**1-800-CALL-WELLS**  (1-800-225-5935)

*TTY:* 1-800-877-4833
*En español:* 1-877-337-7454

*Online:* wellsfargo.com/biz

*Write:* Wells Fargo Bank, N.A. (114)
P.O. Box 6995
Portland, OR  97228-6995

## Your Business and Wells Fargo

Visit wellsfargoworks.com to explore videos, articles, infographics, interactive tools, and other resources on the topics of business growth, credit, cash flow management, business planning, technology, marketing, and more.

## Account options

*A check mark in the box indicates you have these convenient services with your account(s). Go to wellsfargo.com/biz or call the number above if you have questions or if you would like to add new services.*

| | |
|---|---|
| Business Online Banking | ✓ |
| Online Statements | ✓ |
| Business Bill Pay | ☐ |
| Business Spending Report | ✓ |
| Overdraft Protection | ☐ |

## Activity summary

| | |
|---|---|
| Beginning balance on 1/1 | $500.00 |
| Deposits/Credits | 0.00 |
| Withdrawals/Debits | - 0.00 |
| **Ending balance on 1/31** | **$500.00** |
| Average ledger balance this period | $500.00 |

Account number:  ▮▮▮▮3494

ORANGE COUNTY BAIL BONDS INC
DEBTOR IN POSSESSION
CH11 CASE#19-12411 (CCA)

*California account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN): 121042882

For Wire Transfers use
Routing Number (RTN): 121000248

**Overdraft Protection**

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo store.

**Monthly service fee summary**

For a complete list of fees and detailed account information, see the Wells Fargo Account Fee and Information Schedule and Account Agreement applicable to your account (EasyPay Card Terms and Conditions for prepaid cards) or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

(114)
Sheet Seq = 0227747
Sheet 00001 of 00002

EXHIBIT 16, PAGE 236

January 31, 2020 ■ Page 2 of 3

**WELLS FARGO**

---

*Monthly service fee summary (continued)*

| Fee period 01/01/2020 - 01/31/2020 | Standard monthly service fee $10.00 | You paid $0.00 |
|---|---|---|
| **How to avoid the monthly service fee** | Minimum required | This fee period |
| Have any **ONE** of the following account requirements | | |
| Average ledger balance | $500.00 | $500.00 ☑ |
| C1·C1 | | |

---

**Account transaction fees summary**

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|---|---|---|---|---|---|
| Cash Deposited ($) | 0 | 3,000 | 0 | 0.0030 | 0.00 |
| Transactions | 0 | 50 | 0 | 0.50 | 0.00 |
| **Total service charges** | | | | | **$0.00** |

EXHIBIT 16, PAGE 237

**EXHIBIT 17**



**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: March 05, 2020.**

_____
**H. CHRISTOPHER MOTT**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| DOUBLE H TRANSPORTATION LLC | § | CASE NO. 19-31830-hcm |
|      Debtor. | § | (Chapter 11) |

**ORDER STRIKING AMENDED PETITION
AND ELECTION OF SUBCHAPTER V STATUS**

On February 28, 2020, Double H Transportation LLC ("Debtor") filed an Amended

Petition ("Amended Petition") (dkt# 56) in this case. Through the Amended Petition, the

Debtor states that it is a "small business debtor" and elects to proceed under "Subchapter

V" of Chapter 11.  For the reasons stated herein, the Court finds that the Amended Petition

should be stricken.

On November 4, 2019, the Debtor filed a voluntary petition under Chapter 11

("Original Petition") (dkt# 1) in this case and an order for relief was entered. The Debtor

did not designate itself as a "small business debtor" in its Original Petition. Some 116

days after the Debtor filed its Original Petition, the Debtor filed its Amended Petition

electing Subchapter V treatment as a small business debtor.

**EXHIBIT 17, PAGE 238**

Subchapter V was added to the Bankruptcy Code by the Small Business Reorganization Act of 2019 ("SBRA"). Pub. L. No. 116-54, 133 Stat. 1079 (2019).   In general, the SBRA added a new "Subchapter V" to Chapter 11 of the Bankruptcy Code, codified in 11 U.S.C. §§ 1181-1195.

The SBRA became effective on February 19, 2020, 107 days after the Debtor filed this bankruptcy case. Nothing in the SBRA enabling statute indicates that the SBRA was intended to have retroactive effect—i.e., that the SBRA should apply to pending bankruptcy cases. *See* Pub. L. No. 116-54, § 5, 133 Stat. 1079 (2019).

More importantly, to permit the Debtor to now elect "Subchapter V" status at this stage of the bankruptcy case would create a procedural quagmire and likely create "cause" to dismiss or convert the Debtor's case. For example, the debtor in a Subchapter V case must file a plan of reorganization within 90 days after the order for relief. 11 U.S.C. § 1189(b).   Here, an order for relief under Chapter 11 was entered in the Debtor's case on November 4, 2019, when the Debtor filed its Original Petition. 11 U.S.C. § 301(b). The 90-day period for the Debtor to file a plan (if the Debtor's case were permitted to proceed under Subchapter V) expired on February 3, 2020. The Debtor did not file a plan by February 3, 2020.  As a result, the Debtor's bankruptcy case would be subject to dismissal or conversion to Chapter 7 for "cause" if the Debtor were now permitted to proceed as a Subchapter V case. *See* 11 U.S.C. § 1112(b)(4)(J) (defining "cause" as including failure to file a plan within the time fixed by the Bankruptcy Code).

As another example, the Court must hold a mandatory status conference in a Subchapter V case within 60 days after an order for relief, and a debtor must file a status report no later than 14 days prior to the status conference. 11 U.S.C. § 1188(a), (c). The

60-day period for holding a mandatory status conference (if the Debtor's case were permitted to proceed under Subchapter V) expired on January 3, 2020. The Court did not hold a status conference by January 3, 2020, and the Debtor (understandably) did not file a status report within 14 days before January 3, 2020. It is too late now to hold the mandatory status conference if the Debtor's case proceeds under Subchapter V.

Finally, a debtor is required to file the documents required by section 1116(1) (most recent balance sheet and other financial information) when electing Subchapter V treatment as a small business debtor. 11 U.S.C. § 1187(a). Here, the Amended Petition filed by the Debtor electing Subchapter V treatment does not include the required financial information.

For these reasons, the Court finds that the Amended Petition should be stricken and the following Order should be entered.

**IT IS THEREFORE ORDERED ADJUDGED AND DECREED AS FOLLOWS:**

1.      The Amended Petition (dkt# 56) filed by the Debtor on February 28, 2020, is hereby STRICKEN.

2.      The Subchapter V trustee appointed in this case (Brad W. Odell) is discharged from any duties and responsibilities in this case.

###

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **MOTION TO (1) DISMISS DEBTOR'S CHAPTER 11 BANKRUPTCY OR, IN THE ALTERNATIVE, TO CONVERT CASE TO CHAPTER 7; AND (2) OBJECTION TO AMENDED PETITION ELECTING SUBCHAPTER FIVE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF DAN ESCAMILLA AND D. EDWARD HAYS IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 16, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **April 16, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| **DEBTOR** | **PRESIDING JUDGE'S COPY** | **U.S. TRUSTEE** |
|---|---|---|
| ORANGE COUNTY BAIL BONDS, INC. | [Courtesy Copy via Mail per General | UNITED STATES TRUSTEE (SA) |
| ATTENTION ROBERT MILLER | Order 20-02] | 411 W FOURTH ST., SUITE 7160 |
| P.O. BOX 4423 | BANKRUPTCY JUDGE | SANTA ANA, CA 92701-4500 |
| SANTA ANA, CA 92702-4423 | HONORABLE ERITHE A. SMITH. | |
| | U. S. BANKRUPTCY COURT – | |
| | CENTRAL DISTRICT | |
| | 411 W. FOURTH STREET, SUITE | |
| | 5040 / COURTROOM 5A | |
| | SANTA ANA, CA 92701 | |

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 16, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 16, 2020 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) (continued)**:
   - **ATTORNEY FOR CREDITOR LEGAL SERVICE BUREAU INC. DBA GLOBAL FUGITIVE RECOVERY:** Timothy C Aires    tca@arlawyers.com, gperez@arlawyers.com
   - **ATTORNEY FOR CREDITOR AMERICAN EXPRESS NATIONAL BANK:** Larry Butler notices@becket-lee.com
   - **ATTORNEY FOR UNITED STATES TRUSTEE (SA):** Frank Cadigan frank.cadigan@usdoj.gov
   - **ATTORNEY FOR DEBTOR ORANGE COUNTY BAIL BONDS, INC.:** Marc C Forsythe kmurphy@goeforlaw.com, mforsythe@goeforlaw.com; goeforecf@gmail.com
   - **ATTORNEY FOR CREDITOR LEGAL SERVICE BUREAU INC. DBA GLOBAL FUGITIVE RECOVERY:** D Edward Hays ehays@marshackhays.com, 8649808420@filings.docketbird.com
   - **INTERESTED PARTY COURTESY NEF:** Laila Masud lmasud@marshackhays.com, 8649808420@filings.docketbird.com
   - **ATTORNEY FOR UNITED STATES TRUSTEE (SA):** Queenie K Ng queenie.k.ng@usdoj.gov
   - **DEBTOR ORANGE COUNTY BAIL BONDS, INC.:** Ryan S Riddles rriddles@goeforlaw.com, kmurphy@goeforlaw.com
   - **TRUSTEE MARK M SHARF (TR):** Mark M Sharf (TR) mark@sharflaw.com, C188@ecfcbis.com; sharf1000@gmail.com
   - **UNITED STATES TRUSTEE (SA):** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

4841-4571-5386, v. 1